UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| EAST BAY SANCTUARY COVENANT, et al.,<br><br>Plaintiffs,<br><br>v.<br><br>WILLIAM BARR, et al.,<br><br>Defendants. | Case No. 19-cv-04073-JST<br><br>**ORDER DENYING STAY PENDING APPEAL**<br><br>Re: ECF No. 47 |

On July 24, 2019, the Court preliminary enjoined the implementation of a joint interim final rule promulgated by the Department of Justice and Department of Homeland Security, entitled "Asylum Eligibility and Procedural Modifications." 84 Fed. Reg. 33,829 (July 16, 2019) (codified at 8 C.F.R. pts. 208, 1003, 1208) (the "Rule"). ECF No. 42. The details of the Rule and Plaintiff Organizations' challenge are set forth fully in that Order.

The government now seeks a stay of the injunction while it pursues an appeal. ECF No. 47. Because the government has not met its burden to demonstrate that a stay is warranted, the Court will deny the motion.

## I. LEGAL STANDARD

The issuance of a stay is a matter of judicial discretion, not a matter of right, and the "party requesting a stay bears the burden of showing that the circumstances justify an exercise of that discretion." *Nken v. Holder*, 556 U.S. 418, 433-34 (2009). In exercising its discretion, the Court must consider four factors: "(1) whether the stay applicant has made a strong showing that he is likely to succeed on the merits; (2) whether the applicant will be irreparably injured absent a stay; (3) whether issuance of the stay will substantially injure the other parties interested in the proceeding; and (4) where the public interest lies." *Id.* at 434 (citation omitted). Under Ninth

Circuit precedent, the movant "must show that irreparable harm is probable and either: (a) a strong likelihood of success on the merits and that the public interest does not weigh heavily against a stay; or (b) a substantial case on the merits and that the balance of hardships tips sharply in the [movant's] favor." *Leiva-Perez v. Holder*, 640 F.3d 962, 970 (9th Cir. 2011) (per curiam).

## II. DISCUSSION

### A. Likelihood of Success on the Merits

For the reasons articulated in the Court's order granting a preliminary injunction, the government is not likely to prevail on the merits on appeal. The government's stay arguments are largely the same as those the Court already rejected. Only two arguments merit additional discussion.

First, the government now contends that the Rule cannot be inconsistent with the firm resettlement bar because the definition of "firm resettlement" is set forth by regulation rather than in the Immigration and Nationality Act ("INA") itself. ECF No. 47 at 6; *see also* 8 C.F.R. §§ 208.15, 1208.15. This argument does not alleviate the fundamental conflict that the Court identified.

The Court found that the Rule was substantively invalid because it conflicted with the core principle that asylum, as provided for in the INA, is designed to "protect [refugees] with nowhere else to turn." *Matter of B-R-*, 26 I. & N. Dec. 119, 122 (BIA 2013) (alteration in original) (citation omitted); *see also Rosenberg v. Yee Chien Woo*, 402 U.S. 49, 55 (1971) ("Both the terms 'firmly resettled' and 'fled' are closely related to the central theme of all 23 years of refugee legislation – the creation of a haven for the world's homeless people."). More specifically, the Court concluded that the Rule was inconsistent with the INA's statutory provisions that "limit an alien's ability to claim asylum in the United States when other safe options are available," *Matter of B-R-*, 26 I. & N. Dec. at 122, because the Rule contained no reasonable assurances that the third countries implicated presented safe options, yet would deny claims on that basis. ECF No. 42 at 22-24.

As detailed in the Court's order, when Congress enacted the firm resettlement bar, the link between firm resettlement and a lack of persecution was well recognized. *Id.* at 15-18, 22; *see*

*also Rosenberg*, 402 U.S. at 55 (holding that, even absent an express statutory command, "the established concept of 'firm resettlement'" was "one of the factors which the Immigration and Naturalization Service must take into account to determine whether a refugee seeks asylum in this country as a consequence of his flight to avoid persecution"); *Yang v. I.N.S.*, 79 F.3d 932, 939 (9th Cir. 1996) (upholding regulatory predecessor to firm resettlement bar as consistent with Refugee Act of 1980 "[b]ecause firmly resettled aliens are by definition no longer subject to persecution"). That Congress left it to the Attorney General to define the precise contours of firm resettlement does not imply that the statutory term itself lacks meaning. *See Air Wisconsin Airlines Corp. v. Hoeper*, 571 U.S. 237, 248 (2014) ("[I]t is a cardinal rule of statutory construction that, when Congress employs a term of art, it presumably knows and adopts the cluster of ideas that were attached to each borrowed word in the body of learning from which it is taken." (alteration in original) (quoting *F.A.A. v. Cooper*, 566 U.S. 284, 292 (2012)).

Second, having initially emphasized the Rule's purported "conclusion that asylum in Mexico is a feasible alternative to relief in the United States," ECF No. 28 at 31,[1] the government now claims that "the feasibility of Mexico's asylum system to absorb transiting aliens" is irrelevant to whether the agencies provided an adequate explanation for the Rule, ECF No. 47 at 8. The government's about-face lacks merit because, as the Court explained, every applicant subject to the Rule will have passed through Mexico. ECF No. 42 at 39.[2] The risk of violence and availability of fair asylum procedures in Mexico is therefore paramount. If Mexico is not a "safe option[]," *Matter of B-R-*, 26 I. & N. Dec. at 122, then the decision not to apply for asylum there does not "raise[] questions about the validity and urgency of the alien's claim" or "mean that the

---

[1] *See* ECF No. 28 at 19 n.2 ("[T]he government has determined that Mexico's law for considering asylum applications [is] consistent with international law and sufficiently robust to be a potential alternative to relief in the United States."), 31 ("Moreover, the government determined that Mexico is a signatory to and in compliance with the relevant international instruments governing consideration of refugee claims, that its domestic law and procedures regarding such relief are robust and capable of handling claims made by Central American aliens in transit to the United States, and that the statistics regarding the influx of claims in that country support the conclusion that asylum in Mexico is a feasible alternative to relief in the United States.").

[2] Further, as the Court noted, "the Rule does not consider the asylum systems of any other countries." ECF No. 42 at 39 n.25.

3

claim is less likely to be successful," 84 Fed. Reg. at 33,839.

The government's contention that the Court failed to defer to the agencies' view of the facts is likewise unfounded. ECF No. 42 at 38-39. The Court explained that "[i]f the government offered a reasoned explanation why it reached a contrary conclusion from respected third-party humanitarian organizations, the Court would give that explanation the deference that it was due." ECF No. 42 at 38 n.23. Agencies cannot reach a contrary conclusion, however, by "ignor[ing] inconvenient facts" *Organized Vill. of Kake v. U.S. Dep't of Agric.*, 795 F.3d 956, 969 (9th Cir. 2015) (citation omitted), or providing "no reasons at all," *Encino Motorcars, LLC v. Navarro*, 136 S. Ct. 2117, 2127 (2016).

Because the government has failed to raise even serious questions to two independent bases for invalidating the Rule, it has not satisfied this factor.[3]

## B.     Remaining Factors

The government's arguments regarding the remaining factors are, to the greatest extent possible, carbon copies of the ones that it made in seeking a stay of this Court's temporary restraining order in the first *East Bay* litigation. *Compare* ECF No. 47 at 3-6, *with E. Bay Sanctuary Covenant v. Trump*, No. 18-cv-6810-JST (N.D. Cal.), ECF No. 52 at 3-6. This Court finds them no more convincing the second time around, and also notes that these arguments previously failed to persuade every court to consider them. *See Trump v. E. Bay Sanctuary Covenant*, 139 S. Ct. 782 (2018) (denying stay); *E. Bay Sanctuary Covenant v. Trump*, No. 18-17274, 2018 WL 8807133 (9th Cir. Dec. 7, 2018) (denying stay); *E. Bay Sanctuary Covenant v. Trump*, 354 F. Supp. 3d 1085 (N.D. Cal. 2018) (denying stay).

The Ninth Circuit has already rejected the government's irreparable injury theory, reasoning that "'claims that [the Government] has suffered an institutional injury by erosion of the separation of powers' do not alone amount to an injury that is 'irreparable,' because the Government may 'pursue and vindicate its interests in the full course of this litigation.'" *E. Bay*

---

[3] For reasons the Court explained in denying a stay in the first *East Bay* case, further consideration of the merits of the Organizations' notice-and-comment claims is therefore unnecessary. *See E. Bay Sanctuary Covenant v. Trump*, 354 F. Supp. 3d 1085, 1091 (N.D. Cal. 2018).

*Sanctuary Covenant*, 2018 WL 8807133, at *23 (quoting *Washington v. Trump*, 847 F.3d 1151, 1168 (9th Cir. 2017)); *see also E. Bay Sanctuary Covenant*, 354 F. Supp. 3d at 1092 n.3 (explaining why "a requirement to implement the existing statutory scheme per the status quo – under which the government retains the discretion to deny asylum in every case" does not "come close to the affirmative intrusions required by the injunctions stayed in [the] other cases" again cited by the government). Nor does the Court's injunction foreclose other "enforcement measures that the President and the Attorney General can take to ameliorate the" Rule's stated concerns about the quantity and quality of asylum claims. *E. Bay Sanctuary Covenant*, 2018 WL 8807133, at *20; *see also* AR 231-32, 635-37 (describing other immigration initiatives the government implemented or was pursuing shortly prior to promulgating the Rule).

Because the government has not carried its burden on the first two factors, the Court "need not dwell on the final two." *E. Bay Sanctuary Covenant*, 2018 WL 8807133, at *24. The Court simply notes that, on the third factor, the government again disregards controlling law regarding monetary harms in Administrative Procedure Act suits, where damages are precluded by sovereign immunity, *see California v. Azar*, 911 F.3d 558, 581 (9th Cir. 2018), and ignores the substantial injuries to other persons or entities regulated by the Rule, *see Latta v. Otter*, 771 F.3d 496, 500 (9th Cir. 2014); *Lair v. Bullock*, 697 F.3d 1200, 1215 (9th Cir. 2012). Finally, nothing in the government's motion alters the Court's findings as to where the public interest lies in this case. ECF No. 42 at 40-44.

## CONCLUSION

For the foregoing reasons, the Court denies the motion for a stay pending appeal.

**IT IS SO ORDERED.**

Dated: August 1, 2019

_____
JON S. TIGAR
United States District Judge