**FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

AUG 16 2019

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| EAST BAY SANCTUARY COVENANT; AL OTRO LADO; INNOVATION LAW LAB; CENTRAL AMERICAN RESOURCE CENTER,<br><br>        Plaintiffs-Appellees,<br><br>v.<br><br>WILLIAM P. BARR, Attorney General; UNITED STATES DEPARTMENT OF JUSTICE; JAMES MCHENRY, Director of the Executive Office for Immigration Review, in his official capacity; EXECUTIVE OFFICE FOR IMMIGRATION REVIEW; KEVIN K. MCALEENAN, Acting Secretary of Homeland Security, in his official capacity; U.S. DEPARTMENT OF HOMELAND SECURITY; KENNETH T. CUCCINELLI, Acting Director of the U.S. Citizenship and Immigration Services, in his official capacity; JOHN P. SANDERS, Acting Commissioner of U.S. Customs and Border Protection, in his official capacity; UNITED STATES CITIZENSHIP AND IMMIGRATION SERVICES; U.S. CUSTOMS AND BORDER PROTECTION; MATTHEW ALBENCE, Acting Director of Immigration and Customs Enforcement, in his official capacity; IMMIGRATION AND CUSTOMS ENFORCEMENT, | No.   19-16487<br><br>D.C. No. 3:19-cv-04073-JST<br>Northern District of California,<br>San Francisco<br><br>ORDER |

Defendants-Appellants.

Before: TASHIMA, M. SMITH, and BENNETT, Circuit Judges.

Appellants seek a stay pending appeal of the district court's July 24, 2019 order preliminarily enjoining the Department of Justice and Department of Homeland Security's joint interim final rule, "Asylum Eligibility and Procedural Modifications" (the "Rule"), 84 Fed. Reg. 33,829 (July 16, 2019).[1]

The district court found that the Rule likely did not comply with the Administrative Procedure Act's (APA) notice-and-comment and 30-day grace period requirements because Appellants did not adequately support invocation of the "good cause" and "foreign affairs" exemptions under the APA. *See* 5 U.S.C. § 553(a)(1), (b)(1)(B), (d)(3); *Buschmann v. Schweiker*, 676 F.2d 352, 357 (9th Cir. 1982) (good cause exemption "should be interpreted narrowly so that the exception will not swallow the rule" (internal citations omitted)); *Yassini v. Crosland*, 618 F.2d 1356, 1360 n.4 (9th Cir. 1980) (foreign affairs exemption "would become distended" if applied to immigration rules generally and requires showing that ordinary public noticing would "provoke definitely undesirable

---

[1] The State of Arizona's amicus brief in support of Appellants' motion has been filed. The Professors of Immigration Law's motion for leave to file an amicus brief in opposition to Appellants' motion (Docket Entry No. 28) is granted, and the brief is filed.

international consequences"). We conclude that Appellants have not made the required "strong showing" that they are likely to succeed on the merits on this issue. *Hilton v. Braunskill*, 481 U.S. 770, 776 (1987).[2]

Consequently, we deny the motion for stay pending appeal (Docket Entry No. 3) insofar as the injunction applies within the Ninth Circuit.[3]

We grant the motion for stay pending appeal insofar as the injunction applies outside the Ninth Circuit, because the nationwide scope of the injunction is not

---

[2] Our finding that Appellants have not made a "strong showing" does not bind the merits panel in reviewing this aspect of the merits, as that is not the standard the merits panel will apply. *See Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 20 (2008).

[3] We do not assess Appellants' remaining arguments as to likelihood of success on the merits and do not reach the remaining *Hilton* factors. *See Nken v. Holder*, 556 U.S. 418, 435 (2009) (stating that the likelihood of success on the merits factor is one of the "most critical" and must be established before considering the last two stay factors); *cf. California v. Azar*, 911 F.3d 558, 575 (9th Cir. 2018) ("Likelihood of success on the merits is the most important factor; if a movant fails to meet this threshold inquiry, we need not consider the other factors." (internal quotation marks omitted) (quoting *Disney Enters., Inc. v. VidAngel, Inc.*, 869 F.3d 848, 856 (9th Cir. 2017))).

supported by the record as it stands.[4]  *Cf. City and County of San Francisco v. Trump*, 897 F.3d 1225, 1243–45 (9th Cir. 2018).[5]

An injunction must be "narrowly tailored to remedy the specific harm shown."  *Id.* at 1244 (quoting *Bresgal v. Brock*, 843 F.2d 1163, 1170 (9th Cir. 1987)).  We have upheld nationwide injunctions where such breadth was necessary to remedy a plaintiff's harm.  *See, e.g., id.*; *California v. Azar*, 911 F.3d 558, 582 (9th Cir. 2018) ("Although there is no bar against nationwide relief in federal district court . . . such broad relief must be *necessary* to give prevailing parties the

---

[4]   The dissent, without citing any authority, argues that "it is [not] within a motions panel's province to parse the record for error at this stage" and accuses us of "[going] beyond the recognized authority of a motions panel" by granting the motion for a stay pending appeal insofar as the injunction applies outside the Ninth Circuit.  We have two responses.

First, we did not have to "parse" the record for error.  Appellants' stay motion specifically argues that the district court erred in imposing a nationwide injunction.  Moreover, the three sentences that the district court provided to support the imposition of a nationwide injunction—none of which explains why it believed a nationwide injunction was necessary in this case—make clear that it failed to undertake the analysis necessary before granting such broad relief.

Second, other motions panels of our court have reviewed the scope of injunctive relief granted by district courts.  *See, e.g., E. Bay Sanctuary Covenant v. Trump*, No. 18-17274, 2018 WL 8807133, at *24 (9th Cir. Dec. 7, 2018); *Hawaii v. Trump*, No. 17-17168, 2017 WL 5343014, at *1 (9th Cir. Nov. 13, 2017).  We think these decisions illustrate that it is indeed within our province—our duty, even—to review whether the district court abused its discretion in granting a nationwide injunction.

[5]   The dissent criticizes our reliance on *Trump*, 897 F.3d 1225, because the procedural posture in this case is different.  We recognize this difference as we cite *Trump* as an analogous case supporting our decision because, notwithstanding the different procedural posture, the issue in that case—whether the scope of the injunction was appropriate—is the same issue before us.  *See id.* at 1244–45.

relief to which they are entitled." (internal quotation marks and alterations omitted) (quoting *Bresgal*, 843 F.2d at 1170–71)). These are, however, "exceptional cases." *Trump*, 897 F.3d at 1244. To permit such broad injunctions as a general rule, without an articulated connection to a plaintiff's particular harm, would unnecessarily "stymie novel legal challenges and robust debate" arising in different judicial districts. *Id.*; *see also Azar*, 911 F.3d at 583 ("The Supreme Court has repeatedly emphasized that nationwide injunctions have detrimental consequences to the development of law and deprive appellate courts of a wider range of perspectives.").

Here, the district court failed to discuss whether a nationwide injunction is necessary to remedy Plaintiffs' alleged harm. Instead, in conclusory fashion, the district court stated that nationwide relief is warranted simply because district courts have the authority to impose such relief in some cases and because such relief has been applied in the immigration context. The district court clearly erred by failing to consider whether nationwide relief is necessary to remedy Plaintiffs' alleged harms. And, based on the limited record before us, we do not believe a nationwide injunction is justified.

Our dissenting colleague believes that a nationwide injunction is appropriate simply because this case presents a rule that applies nationwide. That view, however, ignores our well-established rule that injunctive relief "must be tailored

to remedy the specific harm alleged." *Lamb-Weston, Inc. v. McCain Foods, Ltd.*, 941 F.2d 970, 974 (9th Cir. 1991) (citations omitted). Indeed, were we to adopt the dissent's view, a nationwide injunction would result any time an enjoined action has potential nationwide effects. Such an approach would turn broad injunctions into the rule rather than the exception. Under our case law, however, all injunctions—even ones involving national policies—must be "narrowly tailored to remedy the specific harm shown." *Trump*, 897 F.3d at 1244 (quoting *Bresgal*, 843 F.2d at 1170).

We agree with our dissenting colleague that "time does not permit a full exploration of the merits of the 'nationwide' issue." But whereas he believes that such a factor supports the granting of a nationwide injunction until a merits panel can address the case, we reach precisely the opposite conclusion. "National injunctions interfere with good decisionmaking by the federal judiciary." Samuel L. Bray, *Multiple Chancellors: Reforming the National Injunction*, 131 Harv. L. Rev. 417, 461 (2017). They "deprive" other parties of "the right to litigate in other forums." *Azar*, 911 F.3d at 583. Based on the briefing and limited record before us, and absent an explanation by the district court as to why a nationwide injunction is necessary to remedy Plaintiffs' alleged harm in this case, we must grant the motion for stay pending appeal insofar as the injunction applies outside the Ninth Circuit.

Our dissenting colleague also argues that it is "perplexing" that the government's failure to demonstrate a strong showing of likelihood of success on the merits "does not . . . require that a stay of the nationwide aspect of the injunction [] be denied." That contention misses the mark, however, by conflating the merits of the government's position with district court's authority to issue a nationwide injunction. Whether Appellants have made a strong showing of likelihood of success on the merits entitling them to a stay of the preliminary injunction is a separate question from whether the scope of the injunction is appropriate. In *Azar*, for example, we affirmed the preliminary injunction because, among other things, we found that the plaintiffs were likely to succeed on their claim that the rules were invalid. 911 F.3d at 575–81. Despite our conclusion that the rules were likely invalid, however, we also determined that the injunction's nationwide scope was not supported by the record. *Id.* at 584–85. *Azar* illustrates that, beyond examining the merits of a party's arguments, a district court must separately analyze whether nationwide relief is "*necessary* to give prevailing parties the relief to which they are entitled" before issuing such an injunction. *Id.* at 582 (quoting *Bresgal*, 843 F.2d at 1170–71).

Our approach—granting a more limited injunction—allows other litigants wishing to challenge the Rule to do so. Indeed, several already have.[6] Litigation over the Rule's lawfulness will promote "the development of the law and the percolation of legal issues in the lower courts" and allow the Supreme Court, if it chooses to address the Rule, to do so "[with] the benefit of additional viewpoints from other lower federal courts and [with] a fully developed factual record." Amanda Frost, *In Defense of Nationwide Injunctions*, 93 N.Y.U. L. REV. 1065, 1107–08 (2018).[7]

In sum, our decision to partially grant the stay simply upholds the law of our circuit by ensuring that injunctive relief is properly tailored to the alleged harm.[8]

While this appeal proceeds, the district court retains jurisdiction to further develop the record in support of a preliminary injunction extending beyond the

---

[6] As Appellants point out, hours before the district court ruled here, a District of Columbia district court, presented with the same Rule, denied materially identical relief to organizations similar to the Plaintiffs here. *See CAIR v. Trump*, No. 1:19-CV-02117-TJK, 2019 WL 3436501 (D.D.C. July 24, 2019).

[7] *Accord United States v. Mendoza*, 464 U.S. 154, 160 (1984) ("[O]nly one final adjudication would deprive this Court of the benefit it receives from permitting several courts of appeals to explore a difficult question.").

[8] Contrary to the dissent's position, the fact that injunctive relief may temporarily cause the Rule to be administered inconsistently in different locations is not a sound reason for imposing relief that is broader than necessary. As we explain above, our law requires that injunctive relief be narrowly tailored to remedy the plaintiffs' alleged harm, and it may only be broadened "if such breadth is necessary to give prevailing parties the relief to which *they* are entitled." *Bresgal*, 843 F.2d at 1170–71 (emphasis added).

Ninth Circuit.  *Cf. Trump*, 897 F.3d at 1245 ("Because the record is insufficiently developed as to the question of the national scope of the injunction, we vacate the injunction to the extent that it applies outside California and remand to the district court for a more searching inquiry into whether this case justifies the breadth of the injunction imposed.").

The opening brief is due September 3, 2019; the answering brief is due October 1, 2019; and the optional reply is due within 21 days after service of the answering brief.  This case will be placed on a December 2019 argument calendar.

FILED

AUG 16 2019

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

*East Bay Sanctuary Covenant v. Barr*, No. 19-16487

TASHIMA, Circuit Judge, concurring in part and dissenting in part:

I concur in the portion of the order denying the motion for stay pending appeal [Dkt. 3] insofar as the injunction applies within the Ninth Circuit, but dissent from the balance of the order.

Acting as a motions panel, all we have before us is the government's motion for a stay. I do not believe that it is within a motions panel's province to parse the record for error at this stage, which is what the majority does in concluding that "the nationwide scope of the injunction is not supported by the record as it stands." (Citation omitted.) But the majority then goes beyond the recognized authority of a motions panel by concluding that "[t]he district court clearly erred by failing to consider whether nationwide relief is necessary to remedy Plaintiffs' alleged harms," and, on that basis "grant[s] the motion for stay pending appeal insofar as the injunction applies outside the Ninth Circuit." It then, in the penultimate paragraph of the Order, in effect, remands the case to the district court for a partial do-over:

> While this appeal proceeds, the district court retains jurisdiction to further develop the record in support of a preliminary injunction extending beyond the Ninth Circuit.[1]

---

[1] The majority relies on *City & County of San Francisco v. Trump*, 897 F.3d 1225, 1245 (9th Cir. 2018), but the citation is completely inapposite. That

(continued...)

But vacating and remanding it to the district court for a more searching inquiry into whether this case justifies the breadth of the injunction is indubitably an action within the province of a merits panel—not a motions panel.[2]

At the same time, the order places the merits briefing (of this appeal) on an expedited schedule for placement "on a December 2019 argument calendar." What issues are the parties expected to brief, assuming that parallel proceedings in the district court are still ongoing? And if the district court completes its second-look remand proceedings within the next few weeks or months and issues a modified injunction, or issues the same nationwide injunction, but one which is supported by supplemental findings of fact, should the parties seek to file supplemental briefs on the newly-raised and newly-decided issues in this appeal to the merits panel assigned to this appeal, or should a new notice of appeal be filed, giving rise to a

---

[1](...continued)
was an opinion by a merits panel charged with deciding the appeal, not a motions panel charged with deciding a stay motion, and the merits panel did exactly what it was charged with, *i.e.*, it decided the appeal; it "AFFIRMED in part;VACATED in pari; and REMANDED." *Id.* We, as a motions panel, have no equivalent charge.

[2] Because the issue has been decided, applying the clear error standard of review, the injunction vacated and remanded to the district court, the merits panel, presumably has been deprived of deciding this issue. The majority's assertion, in footnote 2, that its action "does not bind the merits panel," is an empty promise. Deciding the case on the merits, vacating and remanding the injunction is not in accord with the dictates of *Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 20 (2008).

new appeal? These are some of the new and difficult questions raised by the majority's split-decision.

While time does not permit a full exploration of the merits of the "nationwide" issue, some problems posed by the majority's Ninth Circuit-only injunction are apparent. Perhaps, the district court did not make detailed findings in support of a nationwide injunction because the need for one in the circumstances of this case is obvious. For starters, the joint interim final rule, "Asylum Eligibility and Procedural Modifications," will affect asylum applications across the breadth of the southern border. Should asylum law be administered differently in Texas than in California? These issues and problems illustrate why tinkering with the merits on a limited stay motion record can be risky. And it is why such issues are reserved for the more deliberate examination that a merits panel can give them.

There is also a glaring inconsistency—a contradiction—in the majority's split-the-baby approach. If, as the majority and I agree, the government's failure to meet the first *Hilton v. Braunskill*, 481 U.S. 770, 776 (1987), factor —likelihood of success on the merits, because of its failure to comply with the APA—means that its stay motion with respect to the preliminary injunction's application within the Ninth Circuit fails, it is perplexing to me why that failure does not infect the balance of its stay motion and require that a stay of the nationwide aspect of the

injunction also be denied.[3]  The majority, in its rush to address the merits of the nationwide aspect of the injunction, simply elides this contradiction.

Because I would not peel off part of the preliminary injunction and remand that portion to the district court, "[b]ecause the record is insufficiently developed as to the question of the national scope of the injunction" (quoting *San Francisco v. Trump*, 897 F.3d at 1245), while retaining jurisdiction over the remainder, I dissent from the remand[4] of the nationwide scope of the preliminary injunction to the district court.

I would simply deny the stay motion.

---

[3] The majority's answer to this point is to state that "Whether Appellants have made a strong showing of likelihood of success on the merits entitling them to a stay of the preliminary injunction is a separate question from whether the scope of the injunction is appropriate." But that doesn't answer (or even try to answer) my question of why the government's failure to meet the likelihood-of-success factor doesn't doom its motion to stay the nationwide portion of the injunction, as well as the California portion.

[4] The Order does not use the word "remand," but the majority does not quarrel with the obvious inference from its statement that "the district court retains jurisdiction to further develop the record in support of a preliminary injunction extending beyond the Ninth Circuit," is, in substance, a remand.