# Exhibit A

Blaine Bookey (SBN 267596)
Neela Chakravartula (SBN 254746)*
Kate Jastram (SBN 127625)
Karen Musalo (SBN 106882)
Anne Peterson (SBN 258673)*
CENTER FOR GENDER & REFUGEE STUDIES
200 McAllister Street
San Francisco, CA  94102
Telephone: (415) 565-4877
Fax: (415) 581-8824
*bookeybl@uchastings.edu*
*neela@uchastings.edu*
*musalok@uchastings.edu*
*jastramkate@uchastings.edu*
*petersonanne@uchastings.edu*

Christine Lin (SBN 239266)
CGRS-California
200 McAllister Street
San Francisco, CA  94102
Telephone: (415) 565-4877
Fax: (415) 581-8824
*linc@uchastings.edu*

*Not admitted in this Court

Attorneys for Amici Curiae

IN THE UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| East Bay Sanctuary Covenant, *et al.*,<br><br>Plaintiffs,<br><br>v.<br><br>William P. Barr, *et al.*,<br><br>Defendants. | CASE NO.: 3:19-CV-04073-JST<br><br>**BRIEF OF AMICI CURIAE NON-PROFIT ORGANIZATIONS AND LAW SCHOOL CLINICS IN SUPPORT OF PLAINTIFFS' MOTION TO CONSIDER SUPPLEMENTAL EVIDENCE AND RESTORE THE NATIONWIDE SCOPE OF THE INJUNCTION**<br><br>**IMMIGRATION ACTION** |

**INTRODUCTION AND INTEREST OF AMICI CURIAE**

This brief explains why this Court was correct to enjoin the third country asylum rule and why anything other than a nationwide injunction will cause substantial harm to the Plaintiffs and to thousands of migrants in desperate need of protection.

The current Administration has displayed a singular focus over the last two years—to dismantle the U.S. asylum system by executive fiat in circumvention of the law and constitutionally mandated separation of powers. Its previous attempts to thwart the will of Congress and slam the United States' doors on the persecuted have rightly been blocked by the courts, including this one. *See, e.g.*, *E. Bay Sanctuary Covenant v. Trump*, 349 F. Supp. 3d 838 (N.D. Cal. 2018) (enjoining rule banning asylum for individuals who cross the border outside a port of entry); *O.A. v. Trump*, No. 18-2838, 2019 WL 3536334 (D.D.C. Aug. 2, 2019) (same); *J.O.P. v. U.S. Dep't of Homeland Sec.*, No. GJH-19-1944, 2019 WL 3536786 (D. Md. Aug. 2, 2019) (enjoining policy stripping unaccompanied children from having their claims first heard in a non-adversarial setting); *Grace v. Whitaker*, 344 F. Supp. 3d 96 (D.D.C. 2018) (enjoining policy categorically foreclosing protection to certain groups of asylum seekers in expedited removal), *appeal docketed*, No. 19-5013 (D.C. Cir. Jan. 30, 2019). Its latest attempt to render ineligible for asylum individuals who transited through a third country before seeking protection at the southern border fared no better before this Court, which correctly enjoined the rule as inconsistent with existing asylum laws that only authorize sending asylum seekers to third countries in limited circumstances—where a Safe Third Country Agreement exists or the applicant is firmly resettled—to ensure "we do not deliver aliens into the hands of their persecutors." *E. Bay Sanctuary Covenant v. Barr*, 385 F. Supp. 3d 922, 958 (N.D. Cal. 2019).

If permitted to take effect, the rule will have severe consequences across the country, eliminating a critical form of protection with life or death consequences for people long recognized as meriting asylum and violating the United States' treaty obligations to administer protection without discrimination and to avoid "in any manner whatsoever" returning individuals

to danger. Convention Relating to the Status of Refugees, art. 33, ¶ 1, 198 U.N.T.S. 150, 176 (July 28, 1951) (Refugee Convention).

Amici curiae[1] are twenty-four non-profit organizations and law school clinics that represent asylum seekers across the country. Of the thousands of asylum seekers they represent, a substantial portion of them sought safe haven at the U.S.-Mexico border and would be barred from protection from having transited through a third country under the Administration's latest unlawful attempt to eviscerate the U.S. asylum system as we have known it for the last four decades. Amici thus have a strong interest in the scope of this Court's rightful injunction of this unlawful policy; and in the proper application of federal laws to ensure they are applied uniformly and afford the right to asylum protection as widely as Congress intended and the United States' international obligations require.[2]

Amici respectfully urge this Court to issue a new nationwide injunction based on the Plaintiffs' supplemented record to ensure uniform administration of our immigration statutes and to stop this cruel and unlawful policy that strikes at the core of the United States' fundamental values and longstanding laws.

## ARGUMENT

### I. The Third Country Asylum Rule Would Eliminate Asylum for the Very People U.S. Laws Have Long Protected and Result in Refoulement of Bona Fide Refugees.

Because this Court has already correctly concluded that the new rule is likely unlawful, amici provide only a brief overview of the merits.[3]

Individuals seeking asylum at the United States' southern border are fleeing gender-based violence, violence perpetrated by gangs, and politically, racially and religiously motivated

---

[1] Amici are listed and described in the accompanying Motion for Leave to File this Amicus Brief.

[2] The parties consent to this filing. Defendants' consent is contingent upon this brief being filed today, August 19, 2019, and Defendants further reserve the right to raise challenges to the brief's claims. No person or entity other than amici authored or contributed funds intended for its preparation or submission.

[3] Amici agree with Plaintiffs' clear and cogent arguments, not repeated in this brief, regarding the inconsistency between the rule and the Safe Third Country and firm resettlement statutory provisions.

persecution, among other heinous acts. *See, e.g.*, Administrative Record (AR) 293-95. There are many reasons asylum seekers fleeing this sort of violence are often unable to take a direct route to the United States, including the exigent circumstances of their flight and the lack of visas that would permit them to board a plane to the U.S. to seek asylum. The immigration agency and the courts have recognized this reality—that asylum seekers may pass through multiple countries while searching for refuge but continue on to the United States because they cannot find safety in the transited countries, or because they wish to reunify with family in the United States. *See, e.g.*, *Gulla v. Gonzales*, 498 F.3d 911, 917 (9th Cir. 2007); *Matter of Pula*, 19 I&N Dec. 467, 474 (B.I.A. 1987).

Since passage of the Refugee Act in 1980, these individuals have been eligible for asylum so long as they satisfy the stringent burden of establishing they meet the definition of a refugee. *See* 8 U.S.C. §§ 1101(a)(42), 1158. The Administration aims to uproot Congress' long held and unambiguous intent regarding the scope of the United States' asylum laws. Under the new rule, asylum seekers who fail to apply for protection from persecution or torture in at least one country before coming to the United States "shall be found ineligible for asylum," subject to only limited exceptions. 8 C.F.R. § 208.13(c)(4). This complete ban would eviscerate the U.S. asylum system, stripping this life saving protection for all non-Mexican asylum seekers entering at the southern border, who necessarily will have transited through a third country.

The practical effect of this rule would be to force asylum seekers to seek protection in Mexico or Guatemala, which will undoubtedly result in U.S. violations of the duty of non-refoulement wherever it is permitted to take effect. Refugee Convention, Article 33.1. News outlets, human rights organizations, the U.N. High Commissioner for Refugees (UNHCR), and the U.S. government have all documented the extreme dangers for migrants and shortcomings of the asylum processes in both countries. *See, e.g.*, AR 636-37 (Wall Street Journal article); 700 (Reuters article), 703 (Human Rights First Factsheet), 721-24 (Amnesty International report). Moreover, the rule violates the principle of non-discrimination found in Article 3 of the Refugee Convention and the U.S. refugee protection system by precluding from asylum protection any

non-Mexican fleeing persecution who is unable to enter by air, or sea, and therefore arrives at a land port of entry. *See Bringas-Rodriguez v. Sessions,* 850 F.3d 1051, 1059-60 (9th Cir. 2017) (en banc) (examining history of the Refugee Act leading to the "nondiscriminatory definition of refugee"). In doing so, it clearly places cruel and manifestly unsafe obstacles in front of asylum seekers traveling by land from non-contiguous countries. Like its previous policies intent on eliminating the United States' asylum system by decree, the Administration's new rule is patently unlawful in flagrant violation of the United States' bedrock domestic and international obligations to protect the persecuted.

## II. A Nationwide Injunction is Necessary to Avert the Grave Consequences of Permitting Third Country Asylum Rule to Take Effect.

The third country asylum rule will cause harm to asylum seekers and their representatives across the country. To start, applying a different rule within the Ninth Circuit is not administrable given that asylum seekers, in amici's vast experience, often do not appear in the same jurisdiction throughout the life of their case. Even though an asylum seeker may seek protection at a border point within the Ninth Circuit, for example, she may be transferred to a detention center in New Jersey and then, if able to secure release, end up before an immigration judge in Florida (and even later move and change venue to California). Moreover, ensuring that asylum seekers moving across jurisdictions have accurate information as to their eligibility for protection will be extremely difficult, made exponentially more so for those without an attorney. As many courts have recognized, asylum law, including its accompanying procedures, is one of the most complex areas of U.S. law and availability of this protection should not be left to chance. Moreover, offering asylum in one jurisdiction but denying that same life-saving protection in the rest of the country violates the important principle of uniformity, as well as the United States' domestic and international obligations.

//

//

//

- 4 -

BRIEF OF AMICI CURIAE NON-PROFITS AND LAW SCHOOL CLINICS
Case No. 3:19-CV-04073-JST

//

## CONCLUSION

Amici support the issuance of a nationwide injunction, and they respectfully request that the Court grant Plaintiffs' request.

Dated: August 19, 2019                               Respectfully submitted,


<u>/s/ Blaine Bookey</u>

Blaine Bookey
Neela Chakravartula*
Anne Peterson*
Karen Musalo
Kate Jastram
Center for Gender & Refugee Studies
UC Hastings College of the Law
200 McAllister Street
San Francisco, CA  94102

Christine Lin
CGRS-California
200 McAllister Street
San Francisco, California  94102
P: (415) 565-4877
F: (415) 581-8824

*Not admitted in this Court

*Attorneys for Amici Curiae*

# LIST OF AMICI

Amnesty International
New York, New York

Asylum Seeker Assistance Project
Washington, D.C.

Catholic Charities, Immigrant and Refugee Services
New York, New York

Center for Gender & Refugee Studies
San Francisco, California

Centro Legal de La Raza
Oakland, California

Community Justice Alliance
Sacramento, California

Community Legal Services in East Palo Alto
East Palo Alto, California

Dolores Street Community Services
San Francisco, California

HIAS
Silver Spring, Maryland

Human Rights Initiative of North Texas
Dallas, Texas

Immigrant Legal Defense
Oakland, California

Immigrant Legal Resource Center
San Francisco, California

Immigration and Human Rights Clinic, University of the District of Columbia Law School
Washington, D.C.

International Refugee Assistance Project, Inc.
New York, New York

International Rescue Committee (IRC)
New York, New York

Loyola Immigrant Justice Clinic
Los Angeles, California

National Justice For Our Neighbors
Annandale, Virginia

National Survivor Network
Los Angeles, California

Pangea Legal Services
San Francisco, California

Program for Torture Victims (PTV)
Los Angeles, California

Public Counsel
Los Angeles, California

Sanctuary for Families
New York, New York

The Advocates for Human Rights
Minneapolis, Minnesota

UC Davis Immigration Law Clinic
Davis, California