| | |
|---|---|
| **From:** | Caudill-Mirillo, Ashley B |
| **To:** | RAIO - Asylum HQ; RAIO - Asylum Field Office Staff |
| **Cc:** | RAIO - Asylum HQ Leadership; RAIO - Asylum Field Office Managers; RAIO - Executive Leadership; RefugeeAffairsTDY |
| **Subject:** | Court Action Related to the Interim File Regulation - 9th Circuit Injunction Update |
| **Date:** | Saturday, August 17, 2019 5:52:11 AM |
| **Attachments:** | 9 East Bay Covenant (Aug 16 2019).pdf |
| **Importance:** | High |

## FOR INTERNAL USE ONLY

Asylum Division Staff,

Yesterday the Ninth Circuit issued the attached decision in *East Bay v. Barr*, No. 19-16487 (9th Cir. Aug. 16, 2019) (*East Bay II*) partially granting and partially denying the Government's motion to stay the district court's preliminary injunction of the DOJ/DHS joint interim final rule, "Asylum Eligibility and Procedural Modifications," 84 Fed. Reg. 33,829 (July 16, 2019), i.e., the third country transit asylum bar IFR.  The Ninth Circuit denied the motion for a stay pending appeal insofar as the injunction applies within the Ninth Circuit, but granted the motion for a stay pending appeal insofar as the injunction applies outside the Ninth Circuit.

Accordingly, the third country transit asylum bar IFR remains preliminarily enjoined in the Ninth Circuit and therefore USCIS personnel still cannot rely on the third country transit asylum bar IFR when conducting credible fear screening interviews for cases arising in the Ninth Circuit, or when adjudicating asylum applications within the Ninth Circuit.  USCIS personnel should continue to follow the processes in place prior to implementation of the IFR for credible fear screenings and asylum adjudications in the Ninth Circuit.  However, because the court granted a stay of the preliminary injunction outside of the Ninth Circuit, the third country transit asylum rule is effective as to:

    (1)   All credible fear screenings that are conducted or remain pending after August 16, 2019, for cases arising outside the Ninth Circuit, and

    (2)   All asylum applications filed on or after July 16, 2019, that remain pending after August 16, 2019, outside of the Ninth Circuit.

For purposes of determining whether the injunction applies to a credible fear screening, until further notice, the IFR should not apply to any CF determination in which: (1) the alien was apprehended in the jurisdiction of the Ninth Circuit (California, Arizona, Nevada, Oregon, Washington, Idaho, Montana, Alaska, Hawaii, Guam, Northern Mariana Islands); (2) the alien is detained in the jurisdiction of the Ninth Circuit; or (3) the interview itself occurs in the jurisdiction of the Ninth Circuit.

Should you have any questions or concerns, please direct through your chain of command.  It is also recommended you consult the guidance attached to the e-mail from Asylum Division Chief John Lafferty on July 15, 2019 entitled *Interim Final Rule – Asylum Eligibility and Procedural Modifications.*

Sincerely,
Ashley

Ashley Caudill-Mirillo
Deputy Chief
Asylum Division
Refugee, Asylum, and International Operations