| | |
|---|---|
| **From:** | Caudill-Mirillo, Ashley B |
| **To:** | RAIO - Asylum HQ Leadership; RAIO - Asylum Field Office Managers; RAIO - Asylum Field Office Staff; RAIO - Executive Leadership; RefugeeAffairsTDY |
| **Subject:** | Amended Guidance on the Interim Final Rule and the 9th Circuit Injunction |
| **Date:** | Tuesday, August 20, 2019 6:30:16 AM |
| **Attachments:** | 9 East Bay Covenant (Aug 16 2019).pdf |
| **Importance:** | High |

## FOR INTERNAL USE ONLY

Asylum Division Staff,

As you know, the Ninth Circuit issued the attached decision in *East Bay v. Barr*, No. 19-16487 (9th Cir. Aug. 16, 2019) (*East Bay II*) partially granting and partially denying the Government's motion to stay the district court's preliminary injunction of the DOJ/DHS joint interim final rule, "Asylum Eligibility and Procedural Modifications," 84 Fed. Reg. 33,829 (July 16, 2019), i.e., the third country transit asylum bar IFR.  The Ninth Circuit denied the motion for a stay pending appeal insofar as the injunction applies within the Ninth Circuit, but granted the motion for a stay pending appeal insofar as the injunction applies outside the Ninth Circuit. The initial guidance disseminated on August 17, 2019, is withdrawn and replaced by this guidance.  Additional updates will be provided as necessary.

The third country transit asylum bar IFR remains preliminarily enjoined in the Ninth Circuit and therefore USCIS personnel still cannot rely on the third country transit asylum bar IFR when conducting credible fear screening interviews for cases arising in the Ninth Circuit, or when adjudicating asylum applications within the Ninth Circuit.  USCIS personnel should continue to follow the processes in place prior to implementation of the IFR for credible fear screenings and asylum adjudications in the Ninth Circuit.  However, because the court granted a stay of the preliminary injunction outside of the Ninth Circuit, the third country transit asylum rule is effective as to:

     (1)   All credible fear screenings that are conducted or remain pending after August 16, 2019, for cases arising outside the Ninth Circuit, and

     (2)   All asylum applications filed on or after July 16, 2019, that remain pending after August 16, 2019, outside of the Ninth Circuit. **As a reminder, for asylum applications that are pending after August 16, 2019 outside of the Ninth Circuit, the IFR would apply, but the bar at 8 CFR 208.13(c)(4) only applies to an alien <u>who enters, attempts to enter, or arrives in the United States across the southern land border</u> <u>on or after July 16, 2019</u>, after transiting through at least one country outside the alien's country of last citizenship, nationality, or last habitual residence en route to the United States, unless an exception applies.

For purposes of determining whether the injunction applies, the IFR should not apply to any CF determination or asylum adjudication in which: (1) the alien was apprehended in the jurisdiction of the Ninth Circuit (California, Arizona, Nevada, Oregon, Washington, Idaho, Montana, Alaska, Hawaii, Guam, Northern Mariana Islands) or (2) the alien is in the jurisdiction of the Ninth Circuit when the credible fear screening is conducted or the claim is adjudicated.

Should you have any questions or concerns, please direct through your chain of command.  It is also recommended you consult the guidance attached to the e-mail from Asylum Division

Chief John Lafferty on July 15, 2019 entitled *Interim Final Rule – Asylum Eligibility and Procedural Modifications.*
Thanks,
Ashley

Ashley Caudill-Mirillo
Deputy Chief
Asylum Division
Refugee, Asylum, and International Operations