# EX. C

# REDACTED VERSION OF DOCUMENT(S) SOUGHT TO BE SEALED

(Immigration and Customs Enforcement ("ICE")), *Broadcast Message: UPDATED GUIDANCE - Asylum Eligibility and Procedural Modifications IFR*)

**From:** [redacted]
**To:** OPLA HQ Personnel; OPLA Field Personnel
**Subject:** Broadcast Message: UPDATED GUIDANCE - Asylum Eligibility and Procedural Modifications IFR
**Date:** Tuesday, August 27, 2019 5:21:18 PM

---

*****PRIVILEGED***ATTORNEY WORK PRODUCT***FOR OFFICIAL USE ONLY***NOT FOR DISSEMINATION OUTSIDE OPLA*****

***Disseminated on behalf of* [redacted]…**

This is an update to clarify prior guidance concerning the applicability of *Asylum Eligibility and Procedural Modifications*, 84 Fed. Reg. 33829 (July 16, 2019) (to be codified at 8 C.F.R. §§ 208.13(c)(4), 1208.13(c)(4)) (the "IFR"). The bar to asylum created by the IFR only applies to an alien who enters, attempts to enter, or arrives in the United States across the southern land border **on or after July 16, 2019**, after transiting through at least one country outside the alien's country of last citizenship, nationality, or last habitual residence en route to the United States, unless an exception applies. Accordingly, **the date of the alien's entry or attempted entry controls** application of the IFR, not the filing date of the alien's asylum application.

As explained in the prior guidance below, on July 24, 2019, a U.S. district court preliminary enjoined the IFR on a nationwide basis, but that preliminary injunction (PI) was later limited by the U.S. Court of Appeals for the Ninth Circuit to apply only within the Ninth Circuit itself. *See East Bay Sanctuary Covenant, et al. v. Barr*, --- F.3d ---, 2019 WL 3850928 (9th Cir. Aug. 16, 2019). In order to ensure compliance with the PI, as modified, and mitigate further litigation risk, OPLA will consider the PI to apply in situations where the alien: (i) was initially apprehended by DHS within the jurisdiction of the Ninth Circuit; (ii) is detained within the Ninth Circuit at the time of adjudication of the asylum application; or (iii) was initially located outside the Ninth Circuit but whose asylum application is subsequently adjudicated within the Ninth Circuit. OPLA will not consider the injunction to apply to aliens with less attenuated connections to the Ninth Circuit, such as where an alien merely visited or traveled through the Ninth Circuit or was temporarily detained in the Ninth Circuit but transferred elsewhere prior to adjudication of his or her asylum application.

With respect to asylum applications that were adjudicated by an immigration judge *outside* the Ninth Circuit between July 24, 2019 and August 16, 2019 to which the *IFR would have applied* had it not been preliminarily enjoined by the district court during that specific time period:

- <u>For Administratively Final Grants of Asylum</u>: [redacted]

- <u>For Non-Final Grants of Asylum</u>: [redacted]





**This message includes internal guidance provided for internal OPLA use only and is not intended for public disclosure. Please ensure that it is treated consistent with applicable guidance.**

Office of the Principal Legal Advisor
U.S. Immigration and Customs Enforcement
U.S. Department of Homeland Security

Office of the Principal Legal Advisor
U.S. Immigration and Customs Enforcement
U.S. Department of Homeland Security

*****PRIVILEGED***ATTORNEY WORK PRODUCT***FOR OFFICIAL USE ONLY***NOT FOR DISSEMINATION OUTSIDE OPLA*****

---

**From:**
**Sent:** Friday, August 16, 2019 5:13 PM
**To:**
**Subject:** Broadcast Message: Asylum Eligibility and Procedural Modifications IFR
**Importance:** High

*****PRIVILEGED***ATTORNEY WORK PRODUCT***FOR OFFICIAL USE ONLY***NOT FOR DISSEMINATION OUTSIDE OPLA*****

***Disseminated on behalf of*** ***…***

This message updates the guidance provided below. On July 29, 2019, the Government appealed the nationwide preliminary injunction (PI) issued by the U.S. District Court for the Northern District of California enjoining implementation of the interim final rule (IFR) which, with limited exceptions, renders ineligible for asylum aliens who enter or attempt to enter the United States across the southern land border after failing to apply for protection in a country through which they transited en route to the United States, *East Bay Sanctuary Covenant, et al. v. Barr*, 385 F.Supp.3d 922 (N.D. Cal. Jul. 24, 2019). The Government also sought a stay of the PI pending appeal.

On August 16, 2019, a panel of the U.S. Court of Appeals for the Ninth Circuit published a decision in which it granted in part and denied in part the Government's stay request. The Ninth Circuit granted the stay insofar as the injunction applies outside the jurisdiction of the Ninth Circuit. *East Bay Sanctuary Covenant, et al. v. Barr*, ---F.3d---, 2019 WL 3850928 (9th Cir. Aug. 16, 2019).

Accordingly, the rule is now effective as to all asylum applications filed on or after July 16, 2019, that remain pending as of August 16, 2019, outside of the Ninth Circuit. For such cases, Office of the Principal Legal Advisor attorneys should follow the guidance provided in our July 17, 2019 message below.

**This message includes internal guidance provided for internal OPLA use only and is not intended for public disclosure. Please ensure that it is treated consistent with applicable guidance.**

Office of the Principal Legal Advisor
U.S. Immigration and Customs Enforcement
U.S. Department of Homeland Security

Office of the Principal Legal Advisor
U.S. Immigration and Customs Enforcement
U.S. Department of Homeland Security

*****PRIVILEGED***ATTORNEY WORK PRODUCT***FOR OFFICIAL USE ONLY***NOT FOR DISSEMINATION OUTSIDE OPLA*****

---

**From:**
**Sent:** Wednesday, July 24, 2019 7:41 PM
**To:**
**Subject:** RE: Broadcast Message: Asylum Eligibility and Procedural Modifications IFR
**Importance:** High

All,

Per the attached order just issued by the U.S. District Court for the Northern District of California, the Interim Final Rule (IFR) discussed below was just temporarily enjoined. Accordingly, until further notice, OPLA personnel must **not** rely upon the IFR in the course of litigating individual immigration cases.

Thank you,

**This message includes internal guidance provided for internal OPLA use only and is not intended for public disclosure. Please ensure that it is treated consistent with applicable guidance.**

---



U.S. Immigration and Customs Enforcement

Please note that this message may contain sensitive and/or legally privileged information (attorney work product, attorney-client communication, deliberative process, personally identifiable information, law enforcement sensitive, etc.) and should be handled accordingly.

---









**This message includes internal guidance provided for internal OPLA use only and is not intended for public disclosure. Please ensure that it is treated consistent with applicable guidance.**

U.S. Immigration and Customs Enforcement
U.S. Department of Homeland Security

U.S. Immigration and Customs Enforcement
U.S. Department of Homeland Security

*****PRIVILEGED***ATTORNEY WORK PRODUCT***FOR OFFICIAL USE ONLY***NOT FOR DISSEMINATION OUTSIDE OPLA*****