JOSEPH H. HUNT
*Assistant Attorney General*
SCOTT G. STEWART
*Deputy Assistant Attorney General*
WILLIAM C. PEACHEY
*Director*
EREZ REUVENI
*Assistant Director*
Office of Immigration Litigation
U.S. Department of Justice, Civil Division
P.O. Box 868, Ben Franklin Station
Washington, DC 20044
Tel: (202) 307-4293
Email: Erez.R.Reuveni@usdoj.gov
PATRICK GLEN
*Senior Litigation Counsel*

# UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF CALIFORNIA

|  |  |
|---|---|
| East Bay Sanctuary Covenant, *et al.*,<br><br>        Plaintiffs,<br><br>v.<br>William Barr, *et al.*,<br><br>        Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

EMERGENCY MOTION TO STAY
PRELIMINARY-INJUNCTION ORDER
PENDING APPEAL

Civil Action No. 4:19-cv-04073-JST

**INTRODUCTION**

Defendants hereby move the Court to stay the nationwide preliminary injunction that it restored on September 9, 2019, pending a decision from the Ninth Circuit on Defendants' pending appeal. The injunction that this Court re-instituted bars enforcement of the Department of Justice's and Department of Homeland Security's rule, Asylum Eligibility and Procedural Modifications, 84 Fed. Reg. 33,829 (July 16, 2019) ("Rule"), anywhere in the United States. Defendants are simultaneously seeking identical relief from the Ninth Circuit and the Supreme Court, and accordingly ask that this Court rule on this motion as soon as possible. Defendants further ask that the Court enter an order staying its preliminary injunction during the interim period while the Court considers this motion. Defendants have notified Plaintiffs, who oppose the relief requested in this motion.

**ARGUMENT**

As explained below and in Defendants' previously-submitted motion to stay, *see* Dkt. 47, the balance of harms weighs strongly in favor of a stay and, respectfully, Defendants are likely to prevail on the merits in their appeal that a nationwide injunction is unwarranted. First, the balance of harms firmly favors a stay, as the nationwide injunction undermines the Executive Branch's constitutional and statutory authority to prioritize those seeking asylum and address the crisis at the southern border. *See* Dkt. 47 at 2-4.

Next, the government is likely to succeed on the merits of its appeal that a nationwide injunction was inappropriate in this case. As an initial matter, this Court lacked jurisdiction to restore the nationwide injunction while the initial injunction this Court imposed is being appealed to the Ninth Circuit. *See* Dkt. 65 at 5-10. Though this Court relied on a single sentence from the Ninth Circuit's stay opinion stating that "the district court retains jurisdiction to further develop the record in support of a preliminary injunction extending beyond the Ninth Circuit," Stay Op. 11, Dkt. 73 at 4, no part of that limited grant of authority extended to allowing this Court to impose a new injunction upon the conclusion of any record development. And although this Court stated that it was merely preserving the "status quo ... at the time the appeal was filed," Dkt. 73 at 5, the proper construction of the term "status quo" as it pertains to Federal Rule of Civil Procedure 62(d)

is that, at most, this Court can take actions to preserve the status quo in the present, *i.e.*, the injunction as modified by the Ninth Circuit to only have effect within the Ninth Circuit. Because this Court exceeded that authority, it lacked jurisdiction to restore the nationwide injunction.

Moreover, a nationwide injunction is not warranted in this case, and would create the very deleterious consequences that the Ninth Circuit emphasized in granting the Government's motion to stay this Court's injunction outside the Ninth Circuit. *See* Stay Op. 8 ("The Supreme Court has repeatedly emphasized that nationwide injunctions have detrimental consequences to the development of law and deprive appellate courts of a wider range of perspectives."). "[O]ther litigants wishing to challenge the Rule" "already have" commenced litigation in other forums, and the nationwide injunction imposed by this Court prevents such challenges from being meaningfully considered elsewhere, which undermines the development of legal viewpoints that can ultimately aid the Supreme Court, should it decide to "address the Rule." Stay Op. 10.

In granting Plaintiffs' motion to restore the nationwide injunction, this Court placed substantial emphasis on the fact that the Plaintiff organizations will not "know with certainty *ex ante* where a given asylum seeker ... will ultimately enter the United States, or where they will end up once they are in the United States." Dkt. 73 at 11. As the government has repeatedly explained, however, these concerns are eliminated by the government's implementation of the injunction, which treats individuals initially apprehended within the jurisdiction of the Ninth Circuit, individuals detained at the time of adjudication of their asylum application within the Ninth Circuit, and individuals initially located outside the Ninth Circuit but whose asylum application is subsequently adjudicated within the Ninth Circuit as all being subject to the Circuit-wide scope of the injunction. Dkt. 65 at 2. That implementation mitigates the "major administrability issues" that this Court alluded to in restoring the nationwide scope of the injunction. Dkt. 73 at 14.

In addition, because none of the Plaintiff organizations have identified a single, bona fide client that is subject to the Rule, despite their clear ability to do so, it is impossible to conclude that any of the Plaintiff organizations' operations outside the Ninth Circuit will be meaningfully affected by the Rule so as to warrant a nationwide injunction. The burden is on Plaintiffs to substantiate the "harm to the Organizations," Dkt. 73 at 12, and they have failed to offer sufficient

concrete evidence that this case presents an exceptional circumstance where a nationwide injunction is necessary to remedy Plaintiffs' alleged harms.

Finally, this Court relied on the need for "uniform immigration policy" and the "text of the Administrative Procedure Act" to support its decision.  Dkt. 73 at 13.  As to the former, the Ninth Circuit found this justification insufficient in this case, *see* Stay Op. 8, and as to the latter, the Ninth Circuit has found that even in Administrative Procedure Act cases, nationwide injunctive relief is not automatic.  *See* Dkt. 65 at 19-20.

## CONCLUSION

For the reasons stated above and in Defendants' previously submitted motion to stay, *see* Dkt. 47, the Court should grant a stay pending appeal.

Respectfully submitted,

JOSEPH H. HUNT
Assistant Attorney General

SCOTT G. STEWART
Deputy Assistant Attorney General

WILLIAM C. PEACHEY
Director

By: /s/ *Erez Reuveni*
EREZ REUVENI
Assistant Director
Office of Immigration Litigation
U.S. Department of Justice, Civil Division
P.O. Box 868, Ben Franklin Station
Washington, DC 20044
Tel: (202) 307-4293
Email: Erez.R.Reuveni@usdoj.gov

PATRICK GLEN
Senior Litigation Counsel

Dated: September 10, 2019          *Attorneys for Defendants*

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

## **CERTIFICATE OF SERVICE**

I hereby certify that on September 10, 2019, I electronically filed the foregoing document with the Clerk of the Court for the United States Court of for the Northern District of California by using the CM/ECF system. Counsel in the case are registered CM/ECF users and service will be accomplished by the CM/ECF system.

By: */s/ Erez Reuveni*
EREZ REUVENI
Assistant Director
United States Department of Justice
Civil Division