JOSEPH H. HUNT
*Assistant Attorney General*
SCOTT G. STEWART
*Deputy Assistant Attorney General*
WILLIAM C. PEACHEY
*Director*
EREZ REUVENI
*Assistant Director*
Office of Immigration Litigation
U.S. Department of Justice, Civil Division
P.O. Box 868, Ben Franklin Station
Washington, D.C. 20044
Tel: (202) 307-4293
Email: Erez.R.Reuveni@usdoj.gov
PATRICK GLEN
*Senior Litigation Counsel*

# UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF CALIFORNIA

East Bay Sanctuary Covenant, *et al.*,

 Plaintiffs,

v.

William P. Barr, Attorney General of the United States, *et al.*,

 Defendants.

Civil Action No. 4:19-cv-4073-JST

**DEFENDANTS' MOTION TO STAY PROCEEDINGS**

Defendants hereby move to stay district court proceedings in this case pending resolution of Defendants' appeal. Plaintiffs neither consent to, nor oppose this motion.[1]

On July 29, 2019, Defendants filed a notice of appeal from this Court's preliminary injunction order. ECF 46. On September 10, 2019, Defendants filed a notice of appeal from this Court's order restoring the nationwide scope of the preliminary injunction. Currently, a case

---

[1] In an email dated October 24, 2019, counsel for Plaintiffs represented that they "take no position" on the motion for a stay.

management statement is due by October 31, 2019, a case management conference is set for November 7, 2019, and Defendants' answer or other responsive pleading is due November 12, 2019. Defendants also respectfully request a stay of deadlines pending a ruling on this motion.

Staying the case would promote the orderly course of justice. As explained below, because the Supreme Court has issued an order staying the effect of this Court's injunction "in full pending disposition of the Government's appeal in the United States Court of Appeals for the Ninth Circuit and disposition of the Government's petition for a writ of certiorari, if such writ is sought," *Barr v. East Bay Sanctuary Covenant*, No. 19A320, 2019 WL 4292781 (S. Ct. Sept. 11, 2019), further proceedings in the Ninth Circuit (and potentially the Supreme Court) are likely to provide substantial guidance to this Court and the parties in resolving this case. Proceeding in the absence of that guidance would be inefficient and waste the resources of the Court and the parties. Plaintiffs will not be harmed by a stay while the Ninth Circuit resolves an appeal in this case, as the Supreme Court has stayed the preliminary injunction in this matter pending further review before this Court and (potentially) the Supreme Court.

"The District Court has broad discretion to stay proceedings as an incident to its power to control its own docket." *Clinton v. Jones*, 520 U.S. 681, 706 (1997). The Ninth Circuit has described factors that should be considered when evaluating a motion to stay proceedings:

> Where it is proposed that a pending proceeding be stayed, the competing interests which will be affected by the granting or refusal to grant a stay must be weighed. Among these competing interests are the possible damage which may result from the granting of a stay, the hardship or inequity which a party may suffer in being required to go forward, and the orderly course of justice measured in terms of the simplifying or complicating of issues, proof, and questions of law which could be expected to result from a stay.

*CMAX, Inc. v. Hall*, 300 F.2d 265, 268 (9th Cir. 1962). All three factors warrant a stay of district court proceedings in this case pending resolution of the appeal.

*First*, a stay would serve "the orderly course of justice" by "simplifying" or resolving central and potentially dispositive issues in this litigation. *Id.* The Ninth Circuit's decision could materially affect how this case proceeds in this Court. This Court held that the Plaintiffs were

likely to succeed on their claims that the Rule is contrary to statute as a matter of law, that the Rule is arbitrary and capricious, and that the foreign-affairs exception to notice and comment did not apply.  *See* Order Granting Preliminary Injunction, ECF 42; Order Restoring Preliminary Injunction, ECF 73.  All of those issues are before the Ninth Circuit, and any legal questions that the Ninth Circuit decides at the preliminary-injunction stage will bind this Court.  The Ninth Circuit could thus definitively resolve critical legal issues in this case.

As this Court has recognized, a stay may be warranted when a case "presents an issue of pure statutory interpretation" and is "an administrative record case," *East Bay Sanctuary Covenant v. Trump (East Bay I)*, 4:18-cv-6810, ECF 113 (N.D. Cal. Mar. 5, 2019), that presents "serious legal questions on appeal." *Todd v. Tempur-Sealy Int'l, Inc.*, No. 13-CV-04984-JST, 2016 WL 6082413, at *1 (N.D. Cal. Oct. 18, 2016) (Tigar, J.) (internal quotation marks and citation omitted). That is the situation here, where the administrative record is before the Ninth Circuit, the appeal includes issues of statutory interpretation, and there are important and serious questions on appeal—as reflected in the different stay-pending-appeal rulings by this Court, the Ninth Circuit, and the Supreme Court.  *See East Bay Sanctuary Covenant v. Barr*, 934 F.3d 1026 (9th Cir. 2019); *Barr v. East Bay Sanctuary Covenant*, No. 19A320, 2019 WL 4292781 (S. Ct. Sept. 11, 2019); *see also Innovation Law Lab v. Nielsen*, No. 19-cv-807-RS, ECF 94 (N.D. Cal. July 15, 2019) (granting stay pending resolution of preliminary-injunction appeal for judicial efficiency reasons); *United States v. California*, No. 2:18-cv-490, ECF 214 (E.D. Cal. Oct. 19, 2018) (granting a stay of proceedings in district court pending the resolution of an appeal of a preliminary ruling when the appeal would likely resolve several legal questions before the court); *Washington v. Trump*, No. 17-cv-141, ECF 189 (W.D. Wash. May 17, 2017) (granting a stay when the Ninth Circuit was considering a preliminary injunction appeal in a case challenging the same action); *Texas v. United States*, No. 1:14-cv-254, ECF 271 (S.D. Tex. June 11, 2015) (granting a stay of district court proceedings pending a preliminary injunction appeal of Administrative Procedure Act claims).

A stay would also serve "the orderly course of justice" by preserving judicial resources. *CMAX, Inc.*, 300 F.2d at 268.  Any deadlines set before the Ninth Circuit renders its decision would

be premature and may need reconsideration in light of that decision.

*Second,* a stay will eliminate the "hardship and inequity" that the parties would otherwise suffer in "being required to go forward" without guidance from the Ninth Circuit. *CMAX, Inc.*, 300 F.2d at 268. Just as the Court would devote time and resources to proceeding, so too the parties would devote their own resources to litigating issues that may ultimately be mooted or clarified by the Ninth Circuit's decision.

*Third,* Plaintiffs will not suffer any harm from a stay of the case, as the Supreme Court's stay in full of the preliminary injunction indicates a strong likelihood that Plaintiffs have not met the requirements for a preliminary injunction, and in any event stays the effect of the injunction for the foreseeable future, until, at the very least, a decision by the Ninth Circuit in the event neither party seeks further review. Indeed, they have not opposed this motion. *See East Bay I*, ECF 113 ("The Court also takes into account that Plaintiffs do not oppose the stay."). Given their position, and the Supreme Court's order, Plaintiffs' legal situation will remain unchanged during a stay.

*Finally*, a stay is in the public interest because it preserves resources for all parties, including public resources.

For the foregoing reasons, this Court should stay this case pending resolution of the appeal, and stay the outstanding deadlines in this case pending a ruling on this motion.

//

//

DEFENDANTS' MOTION
TO STAY PROCEEDINGS
*East Bay Sanctuary v. Barr*,
Case No. 4:19-cv-04073-JST

|   |   |
|---|---|
| | Respectfully submitted, |
| | JOSEPH H. HUNT<br>Assistant Attorney General |
| | SCOTT G. STEWART<br>Deputy Assistant Attorney General |
| | WILLIAM C. PEACHEY<br>Director |
| | By: /s/ *Erez Reuveni*<br>EREZ REUVENI<br>Assistant Director<br>Office of Immigration Litigation<br>U.S. Department of Justice, Civil Division<br>P.O. Box 868, Ben Franklin Station<br>Washington, D.C. 20044<br>Tel: (202) 307-4293<br>Email: Erez.R.Reuveni@usdoj.gov |
| | PATRICK GLEN<br>Senior Litigation Counsel |
| Dated: October 25, 2019 | *Attorneys for Defendants* |

DEFENDANTS' MOTION
TO STAY PROCEEDINGS
*East Bay Sanctuary v. Barr*,
Case No. 4:19-cv-04073-JST

## **CERTIFICATE OF SERVICE**

I hereby certify that on October 25, 2019, I electronically filed the foregoing document with the Clerk of the Court for the United States Court of for the Northern District of California by using the CM/ECF system. Counsel in the case are registered CM/ECF users and service will be accomplished by the CM/ECF system.

By: */s/ Erez Reuveni*
EREZ REUVENI
Assistant Director
United States Department of Justice
Civil Division