UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| EAST BAY SANCTUARY COVENANT, et al., <br><br> Plaintiffs, <br><br> v. <br><br> WILLIAM BARR, et al., <br><br> Defendants. | Case No. 19-cv-04073-JST <br><br> **ORDER GRANTING MOTION TO STAY** <br><br> Re: ECF No. 87 |

Before the Court is Defendants' unopposed motion to stay district court proceedings. ECF No. 87. Defendants request that the Court stay further proceedings pending the resolution of their interlocutory appeal of the Court's preliminary injunction order, ECF No. 42, and its order restoring the nationwide scope of the preliminary injunction, ECF No. 73. *See E. Bay Sanctuary Covenant v. Trump*, Nos. 19-16487, 19-16773 (9th Cir.). The Court will grant the motion.[1]

## I. BACKGROUND

The substance of this action is set forth in detail in, among other places, the Court's July 24, 2019 order granting Plaintiffs' motion for a preliminary injunction. *See E. Bay Sanctuary Covenant v. Trump*, 385 F. Supp. 3d 922 (N.D. Cal. 2019). In short, the case concerns the validity of a rule that has the effect of categorically denying asylum to most aliens entering the United States at the southern border who did not first apply for asylum in Mexico or another third country. *See* Asylum Eligibility and Procedural Modifications, 84 Fed. Reg. 33,829 (July 16, 2019) (codified at 8 C.F.R. pts. 208, 1003, 1208) ("the Rule"). Defendants have appealed the

---

[1] The Court finds this motion suitable for disposition without oral argument and **VACATES** the December 4, 2019 hearing. *See* Local Rule 7-1(b).

Court's preliminary injunction to the Ninth Circuit. ECF No. 46. They have also appealed the Court's subsequent order restoring the nationwide scope of that injunction after the Ninth Circuit stayed it outside of the Ninth Circuit. ECF No. 75. On August 26, 2019, Defendants applied to the United States Supreme Court for an emergency stay of the preliminary injunction pending resolution of their appeal. *Barr v. E. Bay Sanctuary Covenant*, No. 19A230 (Aug. 26, 2019). On September 11, 2019, that Court granted a stay of the original injunction as well as of the order restoring its nationwide scope "in full pending disposition of the Government's appeal in the United States Court of Appeals for the Ninth Circuit and disposition of the Government's petition for a writ of certiorari, if such writ is sought." *Id.* (Sept. 11, 2019).

On October 25, 2019, Defendants filed this motion to stay the district court proceedings pending the resolution of their interlocutory appeal to the Ninth Circuit. ECF No. 87. Defendants represent that Plaintiffs take no position on the motion. *Id.* at 1 n.1. The deadline to oppose the motion has passed, and Plaintiffs have not filed an opposition. Defendants did not file a reply.

## II. LEGAL STANDARD

A district court's discretion to stay proceedings "is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." *Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936). Whether to stay proceedings is entrusted to the discretion of the district court. *See id.* 254-55 ("How this can best be done calls for the exercise of judgment, which must weigh competing interests and maintain an even balance.").

In deciding whether to stay proceedings, a district court must weigh various competing interests, including "the possible damage which may result from the granting of a stay, the hardship or inequity which a party may suffer [if the case is allowed] to go forward, and the orderly course of justice measured in terms of the simplifying or complicating of issues, proof, and questions of law which could be expected to result from a stay." *Lockyer v. Mirant Corp.*, 398 F.3d 1098, 1110 (9th Cir. 2005) (quoting *CMAX, Inc. v. Hall*, 300 F.2d 265, 268 (9th Cir. 1962)). The burden is on the movant to show that a stay is appropriate. *See Clinton v. Jones*, 520 U.S. 681, 708 (1997).

## III. DISCUSSION

Balancing the relevant factors, the Court concludes that a stay is warranted.

First, because the Supreme Court has already stayed enforcement of the preliminary injunction nationwide, *Barr v. E. Bay Sanctuary Covenant*, No. 19A230 (Sept. 11, 2019), Plaintiffs are unlikely to suffer additional harm if the District Court stays these proceedings. While a delay in the ability to "seek[] injunctive relief against ongoing and future harm" militates against a stay, *Lockyer*, 398 F.3d at 1112, the availability of that relief will not be a relevant factor during the requested stay. The Court also takes into account that Plaintiffs do not oppose the stay. This factor thus weighs in favor of granting the stay.

The second factor, however, does not. Defendants have not identified a relevant "hardship or inequity" they will suffer if required to go forward. *CMAX*, 300 F.2d at 268. Defendants argue that they will suffer hardship in proceeding without further guidance from the Ninth Circuit. ECF No. 87 at 4. "[B]ut being required to defend a suit, without more, does not constitute a clear case of hardship or inequity within the meaning of *Landis*." *Lockyer*, 398 F.3d at 1112; *cf. Washington v. Trump*, No. C17-0141JLR, 2017 WL 2172020, at *4 (W.D. Wash. May 17, 2017) (finding hardship where plaintiffs intended to seek "up to 30 depositions of government officials, including White House staff and Cabinet-level officers").

Notwithstanding the Defendants' failure to identify any hardship or inequity, the Court will nonetheless grant a stay, concluding that it will best serve "the orderly course of justice." *CMAX*, 300 F.2d at 268. The Court is mindful that the Ninth Circuit has "repeatedly admonished district courts not to delay trial preparation to await an interim ruling on a preliminary injunction." *California v. Azar*, 911 F.3d 558, 583 (9th Cir. 2018). In so doing, the Ninth Circuit has explained that "[b]ecause of our limited scope of review and the paucity of the factual record on a preliminary injunction application, our disposition 'may provide little guidance as to the appropriate disposition on the merits' and will often 'result in unnecessary delay to the parties and inefficient use of judicial resources.'" *Glob. Horizons, Inc. v. U.S. Dep't of Labor*, 510 F.3d 1054, 1058-59 (9th Cir. 2007) (quoting *Sports Form, Inc. v. United Press Int'l, Inc.*, 686 F.2d 750, 753 (9th Cir. 1982)).

However, although the Court takes these concerns seriously, it concludes that they carry less force in this particular case. First, two of the key issues here – whether the Rule violates the Immigration and Nationality Act and the Illegal Immigration Reform and Immigrant Responsibility Act of 1996 – are issues of statutory interpretation. *See E. Bay Sanctuary Covenant*, 385 F. Supp. 3d at 939-47. The parties' dispute over standing is likewise predominantly legal at this point. *Id.* at 937. Absent contrary guidance, the Court is unlikely to depart from its own conclusions on these issues.

Second, this is an administrative record case, *see id.* at 947-57; 5 U.S.C. § 706, and the administrative record was before the Court when it issued its preliminary injunction. ECF No. 29. At the Ninth Circuit's invitation, *see* ECF No. 58 at 8-8, Plaintiffs supplemented this record in support of restoring the nationwide scope of the injunction, *see* ECF No. 57. Accordingly, the supplemented record is now before the Ninth Circuit on appeal. The parties have not expressed any intent to further supplement the record going forward. In other words, it is unlikely that "the fully developed factual record [will] be materially different from" the record presented at the preliminary injunction stage. *Sports Form*, 686 F.2d at 753. Given the legal nature of the issues presented and the relatively fixed state of the record, the Court anticipates that unlike "appeals from most preliminary injunctions," the Ninth Circuit's resolution of the pending appeal will provide significant, and possibly conclusive, "guidance as to the appropriate disposition on the merits." *Id.*

## CONCLUSION

For the foregoing reasons, the Court GRANTS Defendants' unopposed motion to stay these proceedings.

**IT IS SO ORDERED.**

Dated: November 19, 2019



JON S. TIGAR
United States District Judge