Adam Siegler  (SBN 116233)
**GREENBERG TRAURIG LLP**
1840 Century Park East
Suite 1900
Los Angeles, CA 90067
Telephone: (310) 586-7700
Facsimile: (310) 586-7800
Email:sieglera@gtlaw.com

Jonathan K. Ogata (SBN 325914)
**GREENBERG TRAURIG, LLP**
1201 K Street, Suite 1100
Sacramento, CA
Telephone: (916) 442-1111
Email:ogataj@gtlaw.com

Steven G. Barringer*
**GREENBERG TRAURIG, LLP**
2101 L Street, NW, Suite 1000
Washington, DC 20037
Telephone: (202) 331-3108
Facsimile: (202) 261-0114
Email: barringers@gtlaw.com

Caroline J. Heller*
**GREENBERG TRAURIG LLP**
200 Park Ave
New York, NY 10166
Telephone: (212) 801-9200
Facsimile: (212) 801-6400
Email: hellerc@gtlaw.com

Gregory P. Copeland*
Sarah T. Gillman*
**RAPID DEFENSE NETWORK**
11 Broadway, Suite 615
New York, NY 10004-1490
Telephone: (212) 843-0910
Facsimile: (212) 257-7033
Email: gregory@defensenetwork.org
Email: sarah@defensenetwork.org

* *Pro Hac Vice Forthcoming*

Attorneys for Proposed Plaintiff-Intervenors

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| EAST BAY SANCTUARY COVENANT, et al.,<br><br>Plaintiffs,<br><br>vs.<br><br>WILLIAM BARR, et al.,<br><br>Defendants. | Case No. 4:19-cv-04073-JST<br><br>[Judge:  Hon. Jon S. Tigar]<br><br>**PROPOSED INTERVENORS' MOTION FOR LEAVE TO INTERVENE AND MOTION FOR TEMPORARY RESTRAINING ORDER AND PRELIMINARY INJUNCTION**<br><br>Date Action Filed: July 16, 2019 |

**TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:**

**PLEASE TAKE NOTICE** Proposed Plaintiff-Intervenors J.S.M.; D.M.S., a minor; S.L.V.; M.F.L., a minor; M.M.B.; N.M.M., a minor; M.M.V.; A.A.M.; a minor; I.F.L.; R.F.L., a minor; M.G.V.; A.R.G., a minor; R.P.F.; J.F.P., a minor; M.C.M.; S.M.C., a minor; M.A.A.; A.R.A., a minor; C.A.A., a minor; A.L.V.; I.G.L., a minor; A.G.L., a minor; M.R.A.; L.C.R., a minor; C.C.G.; E.C.G., a minor; K.N.E.; E.A.N., a minor; D.P.R.; S.B.P., a minor; R.L.A.; N.C.L., a minor; Y.V.O. E.P.V., a minor; S.L.R; A.V.L., a minor; I.H.L.; S.R.H., a minor; S.J.A.; W.A.A., a minor; E.V.M.; A.V.M., a minor; M.P.O.; G.G.L., a minor; O.T.G.; T.T.G.; a minor; B.H.I.; D.M.H., a minor; N.V.; Z.F., a minor; J.H.R.; A.M.H., a minor; I.C.T.; V.T.P., a minor; C.N.; B.L.; B.L.N., a minor; P.M.; M.N.; H.M.N., a minor; N.P.; R.D.P., a minor; Y.U.; F.G.U, a minor; Y.O.T.; V.L.O., a minor; D.L.O., a minor; L.H.H..; Y.F.H., a minor; A.B.C.; E.C.B, a minor; K.P.P.; M.P.P., a minor; I.P.P., a minor; M.H.; J.M.H., a minor; B.C.A.; G.S.C., a minor; L.M.P.; Y.M.M., a minor; L.P.M, a minor; A.S.G., a minor; E.G.; J.G.M., a minor; B.G.C.; S.M.G., a minor; T.S.J.; L.P.S, a minor; G.S.J., a minor; I.C.A.; S.P.C., a minor; M.T.T.; Y.L.T., a minor; R.C.H.; E.P.C., a minor; L.M.B.; Z.R.M., a minor; E.R.M., a minor; C.H.G.; M.G.H., a minor; T.R.M.; J.R.R., a minor; M.P.A.; G.S.P., a minor; M.T.B.; A.V.B., a minor; W.A.B., a minor; I.F.; Z.M.F., a minor; E.G.F., a minor; J.M.F., a minor; M.P.T.; A.A.P., a minor; H.A.P., a minor; M.C.P.; J.C.P.; a minor; M.R.C., a minor; M.L.M.; J.R.L., a minor; M.Z.L; F.P.Z., a minor; F.F.A.; D.A.B.; A.A.B., a minor; R.S.J.; S.A., a minor; L.G.G.; W.C.G., a minor, ("Proposed Intervenors") by and through their counsel, Rapid Defense Network and Greenberg Traurig, LLP, will, and hereby do make the following motion at Ronald V. Dellums Federal Building & United States Courthouse.

Proposed Intervenors move for an order granting Proposed Intervenors leave to intervene in this action and move for a temporary restraining order and preliminary

1

PROPOSED INTERVENORS' NOTICE OF MOTION AND MOTION FOR LEAVE TO
INTERVENE AND FOR A TEMPORARY RESTRAINING ORDER

*ACTIVE 52841570v13*

injunction, enjoining the Defendants from removing Proposed Intervenors from the United States pending further order of this Court.

WHEREFORE, Proposed Intervenors respectfully pray that the Court:

    (a) Grant Proposed Intervenors' Temporary Restraining Order;

    (b) Enjoin Defendants from taking any action to remove from Proposed Intervenors from the United States pending further order of this Court; and

    (c) Grant Proposed Intervenors' Motion to Intervene.

**BASIS FOR MOTION:** This Motion is based upon this Notice and the following Memorandum of Points and Authorities.

Respectfully submitted,

Dated: October 16, 2020

**GREENBERG TRAURIG LLP**
Adam Siegler
Jonathan K. Ogata
Caroline J. Heller (*Pro Hac Forthcoming*)
Steven G. Berringer (*Pro Hac Forthcoming*)

**RAPID DEFENSE NETWORK**
Gregory P. Copeland (*Pro Hac Forthcoming*)
Sarah T. Gillman *(Pro Hac Forthcoming)*

By_____ */s/ Adam Siegler*_____
    Adam Siegler
    Jonathan K. Ogata
    *Attorneys for Proposed Intervenors*

1

2

## MEMORANDUM OF POINTS AND AUTHORITIES

## I.   INTRODUCTION/SUMMARY OF ARGUMENT

Pursuant to Federal Rule of Civil Procedure 24, Proposed Intervenors seek an order permitting them to intervene in this action to permit them to avail themselves of any relief that may be granted in connection with any vacatur of an interim final rule entitled "Asylum Eligibility and Procedural Modifications," 84 Fed. Reg. 33,829 (July 16, 2019) (the "Rule").

Pursuant to Federal Rule of Civil Procedure 65, Proposed Intervenors also move by order to show cause for a temporary restraining order and preliminary injunction prohibiting Defendants from removing Proposed Intervenors from the United States pending further order of the Court.

Proposed Intervenors are mothers, fathers, and children who fled persecution in their home countries to seek asylum in the United States.  Upon arrival in the United States, they were subjected to the Rule, interviewed under the Rule's "reasonable fear" standards, were found not to have reasonable fear, and issued final orders of removal. Petitioners are detained either in the South Texas Family Residential Center in Dilley, Texas ("Dilley") or Berks Family Residential Center in Leesport, Pennsylvania ("Berks"), or have been released into the United States and are subject to ongoing orders of supervision, monitoring, and electronic custody.

On June 30, 2020, in *Capital Area Immigrants' Rights Coalition v. Trump*, Civil Action Nos. 19-2117, 19-2530 (TJK), 2020 WL 3542481 (D.D.C. June 30, 2020) ("*CAIR*"), the District Court for the District of Columbia entered an Order vacating the Rule because it violates the Administrative Procedures Act ("APA").  The Government appealed from the order, but there is no stay.  The well-settled law is that a regulation not promulgated pursuant to the APA has no 'force or effect of law' and therefore is void *ab initio*", *United States v. Goodner Bros. Aircraft, Inc.*, 966 F.2d 380, 384 (8th Cir.

3

1992) (citing *Chrysler Corp. v. Brown*, 441 U.S. 281, 313 (1979)).  Vacatur, without limitation or qualification, is retroactive and restores every party affected by the Rule to the *status quo ante*.  *See Envtl. Def. v. Leavitt*, 329 F. Supp. 2d 55, 64 (D.D.C. 2004) (citing *Indep. U.S. Tanker Owners Comm. v. Dole*, 809 F.2d 847, 854 (D.C. Cir. 1987)).  Thus, the consequence of *CAIR*'s vacatur of the Rule is that the Proposed Intervenors are restored to the *status quo ante* prior to the Rule, i.e., they are noncitizens in expedited removal proceedings pursuant to 8 U.S.C. § 1225(b) and they are entitled to participate in that process.  Put another way, because of the *CAIR* decision, the Proposed Intervenors have the right to seek asylum through a lawful process created by Congress, which the Rule unlawfully took from them, and is now restored.

However, in a separate litigation, Defendants William Barr, Attorney General of the United States of America and Chad Wolf, Acting Secretary, Department of Homeland Security, have taken the position that Proposed Intervenors are not entitled to the relief rendered by *CAIR*'s vacatur of the Rule, alleging that vacatur is not retroactive for those who were not parties to that action.  Essentially, the Government's position is that unless a noncitizen is a party to an action that vacates the Rule, that noncitizen is unable to avail herself of the relief granted by vacatur, i.e., restoration to the *status quo ante* with access to the asylum process under 8 U.S.C. § 1225(b).

Proposed Intervenors seek to intervene in this action because their interests are not capable of being adequately represented by the existing Plaintiffs.  Should this Court vacate the Rule, as it has indicated it will do in finding that the Rule is arbitrary and capricious, *E. Bay Sanctuary Covenant v. Barr*, 385 F. Supp. 3d 922, 956 (N.D. Cal. 2019), order reinstated, 391 F. Supp. 3d 974 (N.D. Cal. 2019), affd, 19-16487, 2020 WL 3637585 (9th Cir. July 6, 2020), and *aff'd*, 19-16487, 2020 WL 3637585 (9th Cir. July 6, 2020), unless Proposed Intervenors are parties to this action, the Government will

take the position that vacatur does not provide Proposed Intervenors relief as they have because Proposed Intervenors are not parties in *CAIR*.

Proposed Intervenors seek an order staying their removal because even if this Court vacates the Rule and orders that relief is retroactive to non-parties, without a stay of removal, Proposed Intervenors will no longer be in the United States and will not be permitted to access asylum, which requires noncitizens be present in the United States to apply. *See* 8 U.S.C. § 1225(b)(1). Proposed Intervenors remain in the United States because of stays of removal issued by the District Court for the District of Columbia and the Court of Appeals for the District of Columbia Circuit in connection with two separate litigations. On October 16, 2020, the District of Columbia Circuit dissolved the most recent stay. *D.A.M. v. Barr*, Case No. 20-5821 (D.C. Cir.), Doc. No. 1866602]. Proposed Intervenors are now at risk of imminent removal from the United States.

Proposed plaintiff-intervenors were recently clustered together in the same "neighborhood" within the facility. ICE regularly moves families within the facility when preparing them for removal. ***Additionally, today, October 16, 2020,*** ICE spoke with proposed plaintiff-intervenors to secure contact information for the person who will receive them when they are removed and advised proposed plaintiff-intervenors that this person should be immediately ready to receive them. Heller Exh. 4, (Declaration of Shalyn Fluharty, Esq. dated October 16, 2020 (Fluharty Declaration) ¶ 3). If this Court grants Proposed Intervenors' motion to intervene, but they are removed from the United States, they will be unable to benefit from any relief to which they may be entitled to as parties in this action. The Government has no obligation to return them and it is unlikely they will ever be able to make their harrowing journeys back to the United States.

Thus, *the Proposed Intervenors remain subject to final orders of removal based upon an unlawfully heightened standard unless they intervene as parties in this case and*

*this Court grants a stay of removal.*  Proposed Intervenors seek an order immediately granting them leave to intervene to protect their interests and staying their removal pending further order of the Court.

## II.    PROPOSED INTERVENORS

Descriptions of the Proposed Intervenors are set forth in Heller Exhibit 1, ¶¶ 37-40, 42, 44, 46, 47, 49-, 51, 53, 54, 56, 59, 64, 66-73,76-80, 82, 83, 85-87, 89-91, 95, 96, 98, 100, 102, 105-107, 109, 110, 113, 116, 118, 119, and 121.  Since Heller Exhibit 1 was filed, the Proposed Intervenors families in paragraphs 39, 62, 107 and 109 have been released from Dilley and are subject to ongoing orders of supervision, monitoring, and electronic custody.

## III.    FACTUAL BACKGROUND

The Proposed Intervenors are parents and children who have fled persecution in their home countries to seek asylum in the United States.  *See M.M.V. v. Barr*, No. CV 19-2773 (ABJ), 2020 WL 1984309, at *1 (D.D.C. Apr. 27, 2020); Heller Exh. 2 (*D.A.M. v. Barr*, No. 20-CV-1321 (CRC), 2020 WL 5525056 (D.D.C. Sept. 15, 2020)); Heller Exh. 3 (Declaration of Bridget Cambria, Esq. dated October 16, 2020 (Cambria Decl.) ¶¶ 2, 3, 5, 9); Heller Exh. 4, (Declaration of Shalyn Fluharty, Esq. dated October 16, 2020 (Fluharty Declaration) ¶¶ 2, 3).  They are detained at either Dilley or Berks or they have been released from one of those detention centers and are subject to ongoing orders of supervision, monitoring, and electronic custody.  *See* Section II, *supra.*  All the Proposed Intervenors have final orders of removal issued pursuant to the Rule except for Proposed Intervenors E.V.M. and N.V., who are the mothers of children who were subjected to the Rule, A.V.M. and Z.F., and move on behalf of their children.  *Id.*; Heller Exhibit 1 ¶¶ 83, 102, 159.  Proposed Intervenors E.V.M. and N.V. should be included in the scope of any stay because they have a liberty interest in family unity with their children.  The Proposed Intervenors were and are categorically prevented

PROPOSED INTERVENORS' NOTICE OF MOTION AND MOTION FOR LEAVE TO INTERVENE AND FOR A TEMPORARY RESTRAINING ORDER

*ACTIVE 52841570v13*

from avoiding persecution by establishing a significant possibility of asylum eligibility under the "credible fear" standard, with few exceptions.  Cambria Decl. ¶¶ 2, 3, 5, 9; Fluharty Decl. ¶ 2.

Proposed Intervenors are parties in either one or both of two civil lawsuits.  In *M.M.V. et al. v. Barr, et al.*, Proposed Intervenors challenged clandestine directives and policies implemented by the Government and those operating under their supervision or control intended to eviscerate the "credible fear" process after the Rule.  *See M.M.V., et al. v. Barr et al.*, No. 19-cv-02773 (D.D.C.)  The District Court ordered an administrative stay of removal of the parties in that case and for families who later moved to join that case.  *Id.* ECF No. 16; Minute Order (October 17, 2019); ECF No. 50; Minute Orders (March 25, April 4, 6, 15, 23, 2020).  On April 27, 2020, the Court granted the government's partial motion to dismiss and denied the motions for joinder. *Id.* ECF Nos. 96, 97.  Proposed Intervenors appealed from that decision.  *See M.M.V., et al. v. Barr, at al.*, Nos. 20-5106 and 20-5129 (D.C. Cir.).  The appeal was fully briefed and oral argument was held on September 11, 2020 before Chief Judge Srinivasan, Circuit Judge Katsas, and Senior Circuit Judge Ginsburg.  That appeal is pending decision.

On May 18, 2020, Proposed Intervenors filed a Petition for Writ of Habeas Corpus and Complaint for Declaratory and Injunctive Relief alleging, among other things, that the manner in which Respondents intended to deport them during the COVID-19 pandemic violated their procedural and substantive due process rights.  *See D.A.M. v. Barr*, 20-CV-1321 (CRC) (D.D.C.), ECF No. 3.  Proposed Intervenors filed an emergency motion for a temporary restraining order requesting a stay of removal of the detained families and an emergency judge granted their request for an administrative stay, later extended by the Court.  *Id.*, ECF Nos. 7, 8, 22.

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

On June 30, 2020, the *CAIR* decision was issued. *CAIR*, 2020 WL 3542481 at *1. The government appealed from that order to the Court of Appeals for the District of Columbia Circuit Court on August 31, 2020 (D.C. Cir. Case Nos. 20-5271, 20-5273), but it has not sought a stay.

After learning that the government did not intend to comply with the *CAIR* order, Proposed Intervenors amended their *D.A.M.* petition, asserting new claims alleging that the government's attempts to remove the those who have final orders of removal unlawfully procured under the vacated Rule without providing them process under 8 U.S.C. § 1225(b)(1) violated their substantive and procedural due process rights. *D.A.M.*, 20-CV-1321, ECF No. 31. Proposed Intervenors argued that vacatur of the Rule restored them to the *status quo ante*, and they are entitled to the process under 8 U.S.C. § 1225(b)(1) they would have received but for the Rule. *Id.* Thus, Petitioners have "rights regarding admission that Congress has provided by statute", *DHS v. Thuraissigiam*, 140 S. Ct. 1959, 1983 (2020), in this case, section 1225(b)(1). Congress provided Petitioners the right to access the credible fear process as it existed prior to the now vacated Rule, and the Government's refusal to provide that to Proposed Intervenors violates the Due Process Clause. *Id.*

On July 23, 2020, the court denied their motion for a temporary restraining order based upon the claims in the original Petition and lifted the stay of deportation. *D.A.M. v. Barr*, No. 20-CV-1321, 2020 WL 4218003 (D.D.C. July 23, 2020) ("*D.A.M. I*"). The Court held that it likely had jurisdiction over some of the claims but that they were unlikely to succeed on the merits of their claims. *Id.* That same day, Proposed Intervenors filed a motion for a temporary restraining order based upon the allegations in the Amended Petition, asking the Court to stay their removal pending resolution of those claims. *D.A.M.*, 20-CV-1321 ECF No. 35. The Court granted an administrative stay pending disposition of the motion. *Id.*, Minute Order (July 23, 2020). On

PROPOSED INTERVENORS' NOTICE OF MOTION AND MOTION FOR LEAVE TO INTERVENE AND FOR A TEMPORARY RESTRAINING ORDER

*ACTIVE 52841570v13*

September 15, 2020, after briefing and oral argument, the Court denied the motion, finding that although Proposed Intervenors likely would suffer irreparable harm in the absence of the stay, and the balance of the equities and public interest did not favor either party, 8 U.S.C. § 1252(a)(2)(A) likely stripped it of jurisdiction over their claims, and thus they were not likely to succeed on the merits because the vacatur was not retroactive.  Heller Exh. 2 (*D.A.M. v. Barr*, 20-CV-1321 (CRC), 2020 WL 5525056 (D.D.C. Sept. 15, 2020) (hereinafter "*D.A.M. II*")).  Proposed Intervenors appealed from the Order and moved for an emergency stay pending appeal.  *D.A.M. v. Barr, at al.*, Nos. 20-5281 (D.C. Cir.).  After the parties briefed the motion, on September 30, 2020, the panel issued an order dissolving the administrative stay, denying the emergency motion, and ordering a briefing schedule pursuant to which the appeal will be fully briefed by the end of 2020.  *Id*. Doc. No. 1864103.  On October 1, 2020, Petitioners filed a motion for rehearing en banc and an emergency motion for a stay of removal pending disposition of the motion.  *Id*. Doc. Nos. 1864319, 1864407.  After the parties briefed the motion, on October 2, 2020, an en banc panel issued a per curiam order administratively staying removal pending further order of the court while the court considered appellants' motions.  *Id*., Doc. No. 1864701.  In an order dated October 16, 2020, the court denied the motion for reconsideration en banc and dismissed the stay as moot.  *Id.* Doc. No. 1866599.  The court dissolved the administrative stay in a separate order on October 16, 2020.  *Id.*, Doc. No. 1866602.

Two federal courts have recognized that Defendants unlawfully promulgated the Rule.  First, in *CAIR*,[1] a District Court for the District of Columbia vacated the Rule in a final, appealable order because it violated the APA.  There is no stay of this decision.

Second, this Court granted Plaintiffs' motion for a preliminary injunction, holding that the Rule is arbitrary and capricious, and the Ninth Circuit recently affirmed this

---

[1] *CAIR* was consolidated with *I.A. v. Barr*, Civ. No. 19-2530 (TJK).  2020 WL 3542481 at \*1.

PROPOSED INTERVENORS' NOTICE OF MOTION AND MOTION FOR LEAVE TO
INTERVENE AND FOR A TEMPORARY RESTRAINING ORDER

*ACTIVE 52841570v13*

Court's preliminary injunction against its enforcement through published opinion.  *E. Bay Sanctuary Covenant v. Barr*, 385 F. Supp. 3d 922, 952, 956 (N.D. Cal. 2019), order reinstated, 391 F. Supp. 3d 974 (N.D. Cal. 2019), aff'd, 19-16487, 2020 WL 3637585 (9th Cir. July 6, 2020), and aff'd, 19-16487, 2020 WL 3637585 (9th Cir. July 6, 2020). The Supreme Court has issued a stay of the injunction.  *Barr v. E. Bay Sanctuary Covenant*, 140 S. Ct. 3 (2019).

Even though the Proposed Intervenors are subject to removal based on the Rule, the Government has taken the position that unless the Proposed Intervenors are parties to a litigation vacating the Rule, they cannot avail themselves of the relief from such vacatur (the relief being nothing more than the correct credible fear process prescribed by statute).

The Proposed Intervenors thus move to intervene in this action, and for temporary restraining order and preliminary injunction staying their removal, so that, as parties, should the Court vacate the Rule, they may avail themselves of the remedies under vacatur.

Should Proposed Intervenors be deported, they will be returned to countries where they "fear physical harms, sexual harms, psychological harms and torture based on their status as women, as children, on their familial associations, and their political opinions.  Cambria Decl. ¶ 9; Fluharty Decl. ¶ 4.  Proposed Intervenors fear being killed, physical beatings and torture, sexual assaults and rape, kidnappings and other harms, should they be returned to their home counties. *Id.*

On October 16, 2020, counsel for Proposed Intervenors contacted counsel for Defendants requesting their position on the motion to intervene and for a temporary restraining order.  Defendants oppose both motions.

PROPOSED INTERVENORS' NOTICE OF MOTION AND MOTION FOR LEAVE TO
INTERVENE AND FOR A TEMPORARY RESTRAINING ORDER
*ACTIVE 52841570v13*

On October 16, 2020, counsel for Proposed Intervenors contacted counsel for Plaintiffs requesting their position on this motion.  Plaintiffs do not oppose the motion to intervene.

## IV.       ARGUMENT
### A.       LEGAL STANDARDS
#### 1.       Intervention as of Right

Rule 24 of the Federal Rules of Civil Procedure provides that intervention may be allowed as of right or permissively; here, Proposed Intervenors request intervention on both grounds.  Fed. R. Civ. P. 24.  The Ninth Circuit has held that a district court must grant a motion to intervene as of right pursuant to Rule 24(a)(2), "if four criteria are met: timeliness, an interest relating to the subject of the litigation, practical impairment of an interest of the party seeking intervention if intervention is not granted, and inadequate representation by the parties to the action." *United States v. Washington*, 86 F.3d 1499, 1503 (9th Cir. 1996).  These factors are construed broadly in favor of intervention.  *See id.*; *see also Donnelly v. Glickman*, 159 F.3d 405, 409 (9th Cir. 1998); *League of United Latin Am. Citizens v. Wilson*, 131 F.3d 1297, 1302 (9th Cir. 1997); *Nw. Forest Res. Counsel v. Glickman*, 82 F.3d 825, 836 (9th Cir. 1996).

Timeliness is a threshold requirement for application to intervene as a matter of right.  *League of United Latin Am. Citizens*, 131 F.3d at 1302; *see also NAACP v. New York*, 413 U.S. 345, 369 (1973).  If a motion to intervene is not timely, the court need not consider the other factors in denying intervention.  *Washington*, 86 F.3d at 1503.  "Timeliness is to be determined from all the circumstances.  And it is to be determined by the court in the exercise of its sound discretion; unless that discretion is abused, the court's ruling will not be disturbed on review." *NAACP*, 413 U.S. at 366.  In determining whether a motion to intervene is timely, the Ninth Circuit considers three factors: (1) the stage of the proceedings at the time the applicant seeks to intervene; (2) the prejudice to the other parties if the motion is granted; and (3) the reason for and

PROPOSED INTERVENORS' NOTICE OF MOTION AND MOTION FOR LEAVE TO INTERVENE AND FOR A TEMPORARY RESTRAINING ORDER

*ACTIVE 52841570v13*

length of the delay. *League of United Latin Am. Citizens*, 131 F.3d at 1302; *United States v. Oregon*, 745 F.2d 550, 552 (9th Cir. 1984).

A party's interests are "practically impaired" absent a grant of intervention if they "would be substantially affected in a practical sense by the determination made in an action." Fed. R. Civ. P. 24 advisory comm. nn. (Am. 1966). This requirement "is primarily a practical guide to disposing of lawsuits by involving as many apparently concerned persons as is compatible with efficiency and due process." *County of Fresno v. Andrus*, 622 F.2d 436 (9th Cir. 1980) (quoting *Nuesse v. Camp*, 385 F.2d 694 (D.C. Cir. 1967)). Intervention as of right is appropriate in order to afford affected parties the "opportunity to argue the propriety of, or limit the scope of, the injunctive relief sought by plaintiffs." *Forest Conservation Council v. U.S. Forest Service*, 66 F.3d 1489, 1498 (9th Cir. 1995).

## 2.     Permissive Intervention

Even if the Court finds that the Proposed Intervenors are not entitled to intervene as of right, they should nonetheless be permitted to intervene pursuant to Federal Rule of Civil Procedure 24(b). The Court may allow "'permissive intervention where the applicant for intervention shows (1) independent grounds for jurisdiction; (2) the motion is timely; and (3) the applicant's claim or defense, and the main action, have a question of law or a question of fact in common.'" *United States v. City of Los Angeles*, 288 F.3d 391, 403 (9th Cir. 2002) (quoting *Northwest Forest Res. Council v. Glickman*, 82 F.3d 825, 839 (9th Cir. 1996)). In considering whether to grant permissive intervention, the Court "must consider whether the intervention will unduly delay or prejudice the adjudication of the original parties' rights." Fed. R. Civ. P. 24(b)(3).

## 3.     Temporary Restraining Order

The same legal standard applies to a motion for a temporary restraining order and a motion for a preliminary injunction. *See Stuhlbarg Int'l Sales Co. v. John D. Brush & Co.*, 240 F.3d 832, 839 n. 7 (9th Cir. 2001). A plaintiff seeking either remedy "must

*ACTIVE 52841570v13*

establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest." *Am. Trucking Associations, Inc. v. City of Los Angeles,* 559 F.3d 1046, 1052 (9th Cir. 2009) (quoting *Winter v. NRDC, Inc.*, 555 U.S. 7, 20, 129 S. Ct. 365, 172 L. Ed. 2d 249 (2008)).  Injunctive relief is "an extraordinary remedy that may only be awarded upon a clear showing that the plaintiff is entitled to such relief." *Winter*, 555 U.S. at 22.

To grant preliminary injunctive relief, a court must find that "a certain threshold showing is made on each factor." *Leiva-Perez v. Holder*, 640 F.3d 962, 966 (9th Cir. 2011). Provided that this has occurred, in balancing the four factors, "'serious questions going to the merits' and a balance of hardships that tips sharply towards the plaintiff can support issuance of a preliminary injunction, so long as the plaintiff also shows that there is a likelihood of irreparable injury and that the injunction is in the public interest." *Alliance for the Wild Rockies v. Cottrell*, 632 F.3d 1127, 1135 (9th Cir. 2011).

## B.   INTERVENTION SHOULD BE GRANTED UNDER RULE 24(A).
### 1.   The Motion to Intervene is timely.

Timeliness with respect to motions to intervene "is a flexible concept," *United States v. Alisal Water Corp.*, 370 F.3d 915, 921 (9th Cir. 2004).  When evaluating the timeliness of a motion, the "[m]ere lapse of time alone is not determinative." *Id.* at 854 (citing *United States v. State of Oregon*, 745 F.2d 550, 552 (9th Cir. 1984)).  Where a change of circumstances occurs, and that change is the "major reason" for the motion to intervene, the stage of proceedings factor should be analyzed by reference to the change in circumstances, and not the commencement of the litigation.  *See id*.

Although this action was filed in July 2019, this request to intervene remains timely.  Respondents are refusing to provide Proposed Intervenors with the relief they are entitled to under *CAIR*.  The Government's attempt to enforce an unlawfully

PROPOSED INTERVENORS' NOTICE OF MOTION AND MOTION FOR LEAVE TO INTERVENE AND FOR A TEMPORARY RESTRAINING ORDER

*ACTIVE 52841570v13*

promulgated rule and in the process knowingly deprive the Proposed Intervenors of their rights constitute changed circumstances.

### 2. The Proposed Intervenors have an interest relating to the subject of the litigation.

The Proposed Intervenors are subject to removal orders under the Rule, and therefore they have an interest directly relating to the subject of the litigation.  The issue before the Court is the legality of the same interim final rule that has deprived the Proposed Intervenors with the ability to establish their credible fear under the proper, far lower standard that existed prior to the Rule and ultimately, their right to asylum in the United States.  The Proposed Intervenors seek to intervene to ensure that their legal positions and arguments are known and articulated to the Court, to ensure that the Court has all necessary factual information, and to ensure that they can obtain relief from any order that the Court enters regarding the legality of the Rule.

### 3. The interests of the Proposed Intervenors will be practically impaired if intervention is not granted.

Proposed Plaintiff-Intervenors' interests will be practically impaired absent a grant of intervention.  Despite the well-settled law, the Government has expressly disagreed that vacatur of the Rule applies to Proposed Intervenors.  Heller Exh. 2.  Even though this Court, and the U.S. District Court for the District of Columbia have both determined that the Rule is unlawful, the Proposed Intervenors will remain subject to removal under that void policy unless they are permitted in intervene in this action. The Government could end this dispute by simply giving the Proposed Intervenors the credible fear process to which they have always been entitled; the Government's refusal to do so is telling.

### 4. Current representation of the Proposed \Intervenors' interests is inadequate.

The position and interests of the Proposed Intervenors are not currently adequately represented before this Court absent intervention, because unless

intervention is granted the Government will refuse to give Proposed Intervenors proper process based on the ruling of this, or any other court, in any action to which they are not parties.  "The 'most important factor' in assessing the adequacy of representation is 'how the interest compares with the interests of existing parties.'" *Citizens for Balanced Use v. Mont. Wilderness Ass'n*, 647 F.3d 893, 898 (9th Cir. 2011).  While, like the Plaintiffs, the Proposed Intervenors also seek to invalidate the Rule, their interests are not precisely aligned with the Plaintiffs'.  The Proposed Intervenors seek not only to invalidate the Rule, but they also seek to preclude their removal based on the Rule absent a proper "credible fear" process.  Only the Proposed Intervenors can offer that argument.  To be clear, this has nothing to do with the sufficiency of counsel that currently represents the Plaintiffs.  Rather, the adequacy of representation has everything to do with the Government's position, explained *supra*, that unless the Proposed Intervenors are parties in this case, they will remain subject to removal under the Rule, even though that interim rule has been enjoined by this Court and vacated by another court.  Under the Government's position, the Plaintiffs cannot adequately represent the Proposed Plaintiff-Intervenors' interests, no matter the effectiveness and talent of existing counsel.  Because the Proposed Intervenors cannot obtain relief absent intervention, the current representation of their interests is necessarily inadequate.

## C.  INTERVENTION SHOULD BE GRANTED UNDER RULE 24(B).

The standard for permissive intervention is easily satisfied here, as all that is required is "a common question of law or fact."  *Kootenai Tribe of Idaho v. Veneman*, 313 F.3d 1094, 1111 (9th Cir. 2002).  The Proposed Intervenors do not raise any novel or additional questions of law and fact.  Rather, they simply seek to appear as Plaintiff-Intervenors to protect their substantive rights and ensure that the Government cannot force their removal under the void and unlawful Rule prior to providing them with the credible fear process outlined in the statute.

PROPOSED INTERVENORS' NOTICE OF MOTION AND MOTION FOR LEAVE TO
INTERVENE AND FOR A TEMPORARY RESTRAINING ORDER
*ACTIVE 52841570v13*

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

### D.   PROPOSED INTERVENORS ARE ENTITLED TO A TEMPORARY RESTRAINING ORDER AND INJUNCTIVE RELIEF

Proposed Intervenors ask this Court to maintain the status quo so this Court may fully consider Proposed Intervenors' motion to intervene.  Courts in this Circuit have issued stays of removal in order to preserve the status quo when the risk of deportation, as here, is present.  *See Chaudhry v. Barr*, No. 19-CV-00682-TLN-DMC, 2019 WL 2009307, *5 (ED Cal. May 7, 2019) (granting Petitioner's a stay of removal "pending briefing and disposition of Petitioner's Motion for Preliminary Injunction, or until further order of this Court."); *Abdul Mehamed Sied v. Duke*, No. 17-CV-06785-LB, 2017 WL 6316821 (ND Cal. Dec. 11, 2017) (staying Petitioner's removal "pending the court's determination as to…jurisdiction."); *Jimenez v. Napolitano*, No. C-12-03558 RMW, 2012 WL 3144026, at *1 (N.D. Cal. Aug. 1, 2012) (granting motion for stay of removal pending disposition of petition for writ of habeas corpus).

Proposed Intervenors respectfully request that the Court issue a temporary restraining order, staying their removal, so as to allow this Court to fully consider the merits of their motion to intervene.  Just as in *Chaudhry*, *Sied*, and *Jimenez*, Proposed Intervenors request is made to ensure that the status quo is maintained prior to Proposed Intervenors being subjected to the irreparable harm presented by deportation.

### 1.   Proposed Intervenors Are Likely to Succeed on the Merits

As demonstrated above, Proposed Intervenors have satisfied the standards outlined in Rule 24 of the Federal Rules of Civil Procedure for intervention as of right and permissive intervention.  Proposed Intervenors have demonstrated they are entitled to intervention as of right.  Proposed Intervenors' motion is timely and they have an interest relating to the subject of the litigation as the issue before the Court is the legality of the same interim final rule that has deprived the Proposed Intervenors with the ability to establish their credible fear under the proper standard and ultimately, their right to asylum in the United States.  Further, Proposed Intervenors have established

PROPOSED INTERVENORS' NOTICE OF MOTION AND MOTION FOR LEAVE TO INTERVENE AND FOR A TEMPORARY RESTRAINING ORDER

*ACTIVE 52841570v13*

their interests are impaired absent intervention as the Government has expressly disagreed that vacatur of the Rule applies to Proposed Intervenors.  Additionally, Proposed Intervenors established they are inadequately represented by the current parties to the action because unless the Proposed Intervenors are parties in this case, they will remain subject to removal under the Rule, even though that interim rule has been enjoined by this Court and vacated by another court.

Proposed Intervenors have also established they are entitled to permissive intervention because there is a common question of law or fact and Proposed Intervenors do not raise any novel or additional questions of law and fact.

For these reasons, and those outlined in sections B and C *supra*, Proposed Intervenors are likely to succeed on the merits of their motion to intervene.

### 2. Proposed Intervenors Will Suffer Irreparable Injury Absent Injunctive Relief

Proposed Intervenors are informed and believe they face imminent deportation to countries where they fear persecution and torture.  Cambria Decl. ¶¶ 8, 9; Fluharty Decl. ¶¶ 3,4; *D.A.M. v. Barr*, 20-CV-1321 (CRC), ECF No. 6.  This deportation could occur prior to this Court's ruling on their motion to intervene and as soon as 24 hours from the time the District of Columbia Circuit's stay was dissolved this morning.  *Id.* Such deportation would not only expose Proposed Intervenors to the harms from which they have fled but also result in irreparable injury.  Cambria Decl. ¶¶ 8, 9; Fluharty Decl. ¶ 4; *D.A.M. v. Barr*, 20-CV-1321 (CRC), 2020 WL 5525056, at *14 (D.D.C. Sept. 15, 2020) (finding Proposed Intervenors will suffer irreparable injury).  For this reason, just as this Court and its sister district did in *Chaudhry*, Sied, and *Jimenez*, this Court too should enter a stay of removal, preventing Proposed Intervenors from suffering the irreparable harm of deportation prior to this Court's adjudication of Proposed Intervenors pending motion.

Absent this Court's intervention, Proposed Intervenors will be removed to their home countries where they fear persecution and torture.  Specifically, these families will be removed back to countries where they fear physical harm, sexual harms, psychological harms and torture based on their status as women, as children, and based on their familial associations and their political opinions.  Cambria Decl. ¶ 9; Fluharty Decl. ¶ 4.  Further, Proposed Intervenors fear being killed, physical beatings and torture, sexual assaults and rape, kidnappings, and other harms.  *Id.*  Should deportation occur, it would be the result of an illegal and void rule, improperly promulgated and enforced by Defendants, depriving Proposed Intervenors of the process due to them by law.  *Id.* ¶¶ 7, 8.

Further, Proposed Intervenors removal would likely cause irreparable harm because if it is ultimately determined that Proposed Intervenors are entitled to access the asylum system, they will not be able to access such asylum relief in their home countries.  *See D.A.M.*, 2020 WL 5525056, at *14 (Proposed Intervenors demonstrated "a strong likelihood that if the Court denies the TRO and allows the government to carry out their removals, they will be unable to return, regardless of whether they are legally owed an opportunity to continue seeking asylum from inside the U.S.  Effectively, permanent removal from the U.S. to countries from which Petitioners fled from to seek safety in the United States would constitute irreparable injury."); *A.B.-B. v. Morgan*, 20-CV-846 (RJL), 2020 WL 51075 48, at *8 (D.D.C. Aug. 31, 2020) ("In the absence of preliminary injunctive relief, plaintiffs would be subject to immediate removal from the United States to countries where they face significant risk of physical harm….  To say the least, this harm could not be remedied after the court has an opportunity to rule on the merits of plaintiffs' complaint.).

Crucially, Proposed Intervenors are informed and believe their removal is imminent.  Indeed, their removal will likely occur immediately, if not within days of

this filing.  Cambria Decl. ¶ 8; Fluharty Decl. ¶¶ 5-10.  For this reason, the Proposed Intervenors face immediate irreparable harm absent an order from this Court.

### 3. The Balance of the Interests Tips Sharply in Proposed Intervenors Favor and the Injunction is in the Public Interest

The Court here must balance the interests of asylum-seeking families, attempting to benefit from this Court's determination that the Rule was unlawfully promulgated, with the Government's interest in implementing that same unlawful Rule.  As outlined above Proposed Intervenors face very real very imminent irreparable harm absent an injunction from this Court staying their deportation.  If Proposed Intervenors are removed, they will be deprived of their rights as asylum seekers and sent back to the countries from which they have fled persecution.  Indeed, "[b]y definition, aliens seeking asylum contend that they are subject to persecution when they return to their own countries, where they risk further harm, potentially including imprisonment or even death." *Desta v. Ashcroft*, 365 F.3d 741, 748 (9th Cir. 2004).

The Government, to the contrary, has no legitimate interest at issue here.  The Government is attempting to enforce the illegal and unlawfully promulgated Rule against Proposed Plaintiff Intervenors.  The enforcement of this unlawful Rule demonstrates the absence of any legitimate government interest for, as this Court has recognized, "the [G]overnment has no justifiable interest in unlawful law enforcement." *Ramos v. Nielsen*, No. 18-CV-01554-EMC, 2018 WL 3109604, at *2 (N.D. Cal. June 25, 2018) (Chen, J.).

Because Proposed Intervenors face severe and imminent harm and the Government has no legitimate interest at issue, the balance tips sharply in favor of Proposed Intervenors.

Further, this injunction is in the public interest.  It is well established there is "a public interest in preventing aliens from being wrongfully removed, particularly to countries where they are likely to face substantial harm."  *Nken v. Holder*, 556 U.S.

19

418, 436 (2009).  Proposed Intervenors are subject to orders of removal which were obtained pursuant to fear interviews conducted under the Rule, the same Rule this Court has found unlawful.  Cambria Decl. ¶ 3; Fluharty Decl. ¶¶ 2, 3.  As such, the removal of Proposed Plaintiff Intervenors, if effectuated, will occur as a direct result of the unlawful Rule.  Cambria Decl. ¶ 7; Fluharty Decl. ¶¶ 2, 3.  Additionally, as noted above, if removed Proposed Intervenors will be sent to countries "where they are likely to face substantial harm." *Nken*, 556 U.S. at 436; Cambria Decl. ¶ 9; Fluharty Decl. ¶ 4. Because Proposed Intervenors removal would be executed pursuant to the unlawful Rule and they would be removed to countries where they likely face substantial harm, the removal itself would be unlawful and in direct contravention of the public interest. As such, granting Proposed Plaintiff Intervenors' motion for a TRO is in the public interest.

## V.    CONCLUSION

For all the foregoing reasons, Proposed Intervenors respectfully request that this Court: (1) grant their motion for a temporary restraining order, (2) enjoin Defendants from taking any action to remove Proposed Plaintiff-Intervenors, (3) issue and order to show cause why a preliminary injunction should not issue, and (4) grant Proposed Intervenors leave to intervene so as to protect their interests in the challenge to the Rule; and that the Court grant such other and further relief as it may deem just and proper.

PROPOSED INTERVENORS' NOTICE OF MOTION AND MOTION FOR LEAVE TO INTERVENE AND FOR A TEMPORARY RESTRAINING ORDER

*ACTIVE 52841570v13*

Dated:  October 16, 2020

Respectfully submitted,

**GREENBERG TRAURIG LLP**
Adam Siegler
Jonathan K. Ogata
Caroline Heller (*Pro Hac Forthcoming*)
Steven G. Berringer (*Pro Hac Forthcoming*)

**RAPID DEFENSE NETWORK**
Gregory P. Copeland (*Pro Hac Forthcoming*)
Sarah T. Gillman *(Pro Hac Forthcoming)*

By_____/s/ Adam Siegler_____
Adam Siegler
Jonathan K. Ogata
Attorneys for Plaintiff-Intervenors

21

PROPOSED INTERVENORS' NOTICE OF MOTION AND MOTION FOR LEAVE TO
INTERVENE AND FOR A TEMPORARY RESTRAINING ORDER

ACTIVE 52841570v13