## DECLARATION OF BRIDGET CAMBRIA, ESQ.

I, Bridget Cambria, declare that the following information is true and correct to the best of my knowledge and belief:

1. My name is Bridget Cambria, Esq. and I am an attorney with, and the Executive Director of, Aldea – The People's Justice Center ("Aldea"), a non-profit located in Reading, Pennsylvania in the County of Berks. Our organization, Aldea, offers universal representation to families detained at the Berks County Residential Center in Leesport, Pennsylvania. In the last five years, we have represented more than one thousand parents and children who have been detained in family detention in the Berks County Residential Center ("BCRC").

2. Our organization currently represents two families at the Berks Country Residential Center for immigration purposes who are Plaintiffs in the instant intervention request. They include parents and children ages two years old and three years old. The removal of these parents and children are imminent. They are currently without a stay of removal and can be removed at any time.

3. They are subject to orders of removal which were obtained pursuant to fear interviews conducted under the third country-transit asylum eligibility bar, 8 C.F.R. § 1208.13(c)(4) (the "Rule). Each parent and child were denied the right to request asylum in the United States pursuant to 8 § U.S.C. 1158 as a direct result of the application of the Rule regulation. Therefore, they have never received credible fear interviews under the standards at 8 C.F.R. § 208.30 which require "significant possibility … the alien can establish eligibility for asylum," requiring only some chance of demonstrating at least a ten percent chance of persecution or harm.

4. Pursuant to the Rule regulation, my clients were required to establish "reasonable fear" which is a far higher burden than credible fear and is usually applied only to those persons deemed an aggravated felon or a person who is subject to a prior order of removal. However, reasonable fear interviews have a number of protections that my clients were not afforded under the statute and regulations such as the right to obtain counsel prior to the interview and a proper orientation explaining proper legal standards.

5. The credible fear process in expedited removal involves review by an immigration judge. In my clients' cases, their review by the immigration judge was also pursuant to the heightened "reasonable fear" standard mandated by the Rule regulation. Their final orders of removal are based on the application of an unlawfully heightened standard that has now been vacated, but the government refuses to process them under the correct legal standard.

6. Neither Immigrations and Customs Enforcement ("ICE") nor the staff at BCRC

6. provide any notice to the families' attorneys as to when ICE intends to remove a family will. We have requested notice prior to removal both from ICE and BCRC and both refuse to provide this information. We learn that ICE has removed a family only when we attempt to communicate with the family concerning their case and are told that they are no longer at the facility.

7. Once the removal process begins, ICE takes the families from BCRC and transfers them to a staging ground for removal by plane. They are then comingled with other detained persons subject to removal. Without a stay of removal, the deportation of these parents and children can happen at any moment.

8. The removal of these families, if effectuated, will occur as a direct result of the third country-transit asylum eligibility bar. Immigration authorities were made aware that this bar was unlawful pursuant to *Capital Area Immigrants' Rights (CAIR) Coalition et. al. v. Trump*, No. 19-2117 (TJK), 1:19-cv-02117-TJK, Doc. 72 (D.C. Dist. Ct. Jun. 30, 2020); *I.A. v. Barr*, No. 19-2530 (TJK), 1:19-cv-02117-TJK, Doc. 72 (D.C. Dist. Ct. Jun. 30, 2020).

9. Despite the change in law, on information and belief, immigration authorities still intend to effectuate our client families' removal based on an order received pursuant to the unlawfully heightened standard in the now vacated Rule. That removal can happen at any moment. Based on my experience and my clients' countries of origin, I expect the government to begin action to remove them immediately if not within days.

10. If removal is effectuated for these families, they fear physical harms, sexual harms, psychological harms and torture based on their status as women, as children, based on their familial associations and their political opinions. They fear being killed, physical beatings and torture, sexual assaults and rape, kidnappings and other harms. Because they were subject to the Rule, and barred from requesting asylum, they have been completely denied the right to seek asylum or to be protected from refoulement.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct pursuant to 28 U.S.C. ¶ 1746.

Date: October 16, 2020

_____
Bridget Cambria, Esq.