UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| EAST BAY SANCTUARY COVENANT, et al.,<br><br>Plaintiffs,<br><br>v.<br><br>WILLIAM BARR, et al.,<br><br>Defendants. | Case No. 19-cv-04073-JST<br><br>**ORDER GRANTING TEMPORARY RESTRAINING ORDER; ORDER TO SHOW CAUSE RE PRELIMINARY INJUNCTION**<br><br>Re: ECF No. 95 |

Before the Court is Proposed Intervenors' motion for leave to intervene and motion for a temporary restraining order and preliminary injunction. ECF No. 95. The Court will grant the motion for a temporary restraining order.

# I. BACKGROUND

### A. This Case

The substance of this action is set forth in detail in, among other places, the Court's July 24, 2019 order granting Plaintiffs' motion for a preliminary injunction. *See E. Bay Sanctuary Covenant v. Barr*, 385 F. Supp. 3d 922 (N.D. Cal. 2019). In short, the case concerns the validity of a rule that has the effect of categorically denying asylum to most aliens entering the United States at the southern border who did not first apply for asylum in Mexico or another third country. *See* Asylum Eligibility and Procedural Modifications, 84 Fed. Reg. 33,829 (July 16, 2019) (codified at 8 C.F.R. pts. 208, 1003, 1208) ("the Rule"). Defendants have appealed the Court's preliminary injunction to the Ninth Circuit. ECF No. 46. They have also appealed the Court's subsequent order restoring the nationwide scope of that injunction after the Ninth Circuit stayed it outside of the Ninth Circuit. ECF No. 75. On August 26, 2019, Defendants applied to the United States Supreme Court for an emergency stay of the preliminary injunction pending

resolution of their appeal. *Barr v. E. Bay Sanctuary Covenant*, No. 19A230 (Aug. 26, 2019). On September 11, 2019, that Court granted a stay of the original injunction as well as of the order restoring its nationwide scope "in full pending disposition of the Government's appeal in the United States Court of Appeals for the Ninth Circuit and disposition of the Government's petition for a writ of certiorari, if such writ is sought." *Id.* (Sept. 11, 2019). On November 19, 2019, this Court granted Defendants' unopposed motion to stay the district court proceedings pending the resolution of their interlocutory appeal of the Court's preliminary injunction order and its order restoring the nationwide scope of the preliminary injunction. ECF No. 93. On July 6, 2020, the Ninth Circuit affirmed both preliminary injunction orders. *E. Bay Sanctuary Covenant v. Barr*, 964 F.3d 832 (9th Cir. 2020). On October 5, 2020, Appellants filed a petition for rehearing en banc. *E. Bay Sanctuary Covenant*, Nos. 19-16487, 19-16773, ECF No. 117 (9th Cir. Oct. 5, 2020). Proposed Intervenors filed the instant motion on October 16, 2020. ECF No. 95.

### B. Related Litigation

The Rule has also been challenged in an action filed in the District Court for the District of Columbia. On June 30, 2020, that court granted summary judgment for the plaintiffs and vacated the Rule, finding that it was invalid under the Administrative Procedures Act ("APA"). *See Cap. Area Immigrants' Rights Coal. v. Trump*, Civil Action Nos. 19-2117 (TJK), 19-2530 (TJK), 2020 WL 3542481 (D.D.C. June 30, 2020) (*"CAIR"*). The government has appealed to the D.C. Circuit. ECF No. 95 at 9.

### C. Proposed Intervenors

Proposed Intervenors are asylum seekers who were issued orders of expedited removal after entering the United States. *Id.* at 7. Because Proposed Intervenors were subject to the Rule's third country bar, they were automatically determined to lack a credible fear of persecution. 8 C.F.R. § 208.30(e)(5)(iii). Proposed Intervenors therefore faced expedited removal unless they could satisfy the higher standard for withholding of removal under INA § 241(b)(3) or the CAT. Proposed Intervenors assert that because the "unlawfully promulgated Rule" "prevented [them] from avoiding persecution by establishing a significant possibility of asylum eligibility under the 'credible fear' standard," they "have the right to seek asylum through a lawful process." *Id.* at 19,

2

6-7, 5.

Proposed Intervenors are also parties in either one or both of two civil actions currently pending in the District Court for the District of Columbia. In *M.M.V. v. Barr*, plaintiffs challenged "the written regulations, directives, [and] procedures" that were adopted to implement the Rule. 446 F. Supp. 3d 193 (D.D.C. 2020). On April 27, 2020, *M.M.V.* granted defendants' partial motion to dismiss, noting that "this particular lawsuit is not the lawsuit challenging [the Rule]. And this more limited lawsuit presents numerous complex jurisdictional issues . . . which places substantial limitations on the availability of judicial review." *Id.* Plaintiffs filed an appeal that has been briefed and argued. ECF 95 at 8.

The second action, *D.A.M. v. Barr*, was initiated the "day after the D.C. Circuit denied an emergency stay and cleared the way for ICE to deport the *M.M.V.* plaintiffs." *D.A.M. v. Barr*, Case No. 20-cv-1321 (CRC), 2020 WL 5525056, at *3 (D.D.C. Sept. 15, 2020). There, the unsuccessful asylum seekers sought a writ for habeas corpus and a temporary restraining order to prevent their removal, alleging that "the government would violate the Constitution and the APA by removing petitioners during the COVID-19 pandemic and exposing them to the attendant health risks." *Id.* After *CAIR* was decided and the Rule was vacated, the *D.A.M.* petitioners filed a second motion for a temporary restraining order to block their deportation "in light of the vacatur of [the Rule]." *Id.* at *4. On September 15, 2020 that motion was denied. *Id.* at 15. The court held that it lacked jurisdiction over petitioners' claims due to 8 U.S.C. § 1252(a)(2)(A), and that petitioners were therefore unlikely to succeed on the merits. Id. at 4-12.

## II.   JURISDICTION

A federal district court may issue an injunction to preserve the status quo even when subject matter jurisdiction is disputed or unclear. *United States v. United Mine Workers of Am.*, 330 U.S. 258, 293 (1947). Given the circumstances here, the Court concludes it may issue the emergency provisional relief requested, pending further examination of its jurisdiction.

## III.   LEGAL STANDARD

The same legal standard applies to a motion for a temporary restraining order and a motion for a preliminary injunction. *See Stuhlbarg Int'l Sales Co. v. John D. Brush & Co.*, 240 F.3d 832,

3

839 n.7 (9th Cir. 2001). A plaintiff seeking either remedy "must establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest." *Am. Trucking Ass'ns, Inc. v. City of Los Angeles*, 559 F.3d 1046, 1052 (9th Cir. 2009) (quoting *Winter v. Nat. Res. Def. Council*, 555 U.S. 7, 20 (2008)). Injunctive relief is "an extraordinary remedy that may only be awarded upon a clear showing that the plaintiff is entitled to such relief." *Winter*, 555 U.S. at 22.

To grant preliminary injunctive relief, a court must find that "a certain threshold showing [has been] made on each factor." *Leiva-Perez v. Holder*, 640 F.3d 962, 966 (9th Cir. 2011) (per curiam). Assuming that this threshold has been met, "'serious questions going to the merits' and a balance of hardships that tips sharply towards the plaintiff can support issuance of a preliminary injunction, so long as the plaintiff also shows that there is a likelihood of irreparable injury and that the injunction is in the public interest." *Alliance for the Wild Rockies v. Cottrell*, 632 F.3d 1127, 1135 (9th Cir. 2011).

In addition, a movant seeking the issuance of an ex parte TRO must satisfy Federal Rule of Civil Procedure 65(b), which requires a showing "that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition" and certification of "efforts made to give notice and the reasons why it should not be required." Fed. R. Civ. P. 65(b)(1).

**IV.    DISCUSSION**

The Court finds that Proposed Intervenors have made a sufficient showing on each factor to warrant a temporary restraining order.

The Court first addresses Proposed Intervenors' likelihood of prevailing on the merits. The Court finds that Proposed Intervenors have satisfied the threshold showing by establishing that there are serious questions going to the merits of whether intervention should be granted under Rule 24(a) and whether vacatur of the Rule renders their removal orders unlawful.

Federal Rule of Civil Procedure 24(a)(2) provides for intervention as a matter of right where the potential intervenor "claims an interest relating to the property or transaction that is the

4

subject of the action, and is so situated that disposing of the action may as a practical matter impair or impede the movant's ability to protect its interest, unless existing parties adequately represent that interest." The Ninth Circuit has summarized the requirements for intervention as of right under Rule 24(a)(2) as follows:

> (1) [T]he [applicant's] motion must be timely; (2) the applicant must have a 'significantly protectable' interest relating to the property or transaction which is the subject of the action; (3) the applicant must be so situated that the disposition of the action may as a practical matter impair or impede its ability to protect that interest; and (4) the applicant's interest must be inadequately represented by the parties to the action.

*Freedom from Religion Found., Inc. v. Geithner*, 644 F.3d 836, 841 (9th Cir. 2011) (quoting *California ex rel. Lockyer v. United States*, 450 F.3d 436, 440 (9th Cir. 2006)). Proposed intervenors must satisfy all four criteria; "[f]ailure to satisfy any one of the requirements is fatal to the application." *Perry v. Proposition 8 Official Proponents*, 587 F.3d 947, 950 (9th Cir. 2009).

"[T]he length of time that has passed since a suit was filed is not, in and of itself, determinative of timeliness." *California Dep't of Toxic Substances Control v. Com. Realty Projects, Inc.*, 309 F.3d 1113, 1120 (9th Cir. 2002). "Three factors should be evaluated to determine whether a motion to intervene is timely: (1) the stage of the proceeding at which an applicant seeks to intervene; (2) the prejudice to other parties; and (3) the reason for and length of the delay." *Id.* at 1119 (internal quotation marks and citations omitted). The Court finds that Proposed Intervenors' motion is timely. Although this action has been pending since July 2019, it has been stayed for most of that time pending Defendants' appeal of the preliminary injunction orders. *See* ECF No. 93. In addition, Proposed Intervenors seek to intervene in response to recent developments that include the Government's position that Proposed Intervenors' removal orders remain in effect – without Proposed Intervenors ever "being afforded the correct credible fear process prescribed by statute" – even though the Rule that governed their removal proceedings was found to be invalid. *See* ECF No. 95 at 14-15. For these reasons, the Court will likely determine that the motion is timely.

Proposed Intervenors assert that they have an interest "relating to the subject of this litigation" because they have an interest in the legality of the Rule due to its effect on their

removal proceedings. *Id.* at 15. Proposed Intervenors argue that their interests will be practically impaired without intervention because they "will remain subject to removal under [the Rule's] void policy unless they are permitted [to] intervene in this action." *Id.* They also allege that unless Proposed Intervenors "are parties in this case, they will remain subject to removal under the Rule, even though the interim rule has been enjoined by this Court and vacated by another court." *Id.* at 16.

The Court understands Proposed Intervenors' argument that the Rule "deprived [them of] the ability to establish their credible fear under the proper standard and ultimately, their right to asylum." *Id.* at 17. But it is not clear that intervention in this action would provide them an opportunity for the relief they seek. Proposed Intervenors argue that "[v]acatur, without limitation or qualification, is retroactive and restores every party affected by the Rule to the *status quo ante*." *Id.* at 5. But *D.A.M.* dismissed the same argument, noting "vacatur simply restored the prior *regulatory* status quo; the invalid rule was eliminated and replaced by any preexisting rule it had superseded." 2020 WL 5525056, at *7.

That being said, the case that *D.A.M.* recognized as "com[ing] the closest to endorsing petitioners' understanding of vacatur is *W.C. v. Bowen*, 807 F.2d 1502 (9th Cir. 1987)." *Id.* at 8. In *W.C.*, the Ninth Circuit upheld an order vacating a class of Social Security claimants' adverse decisions on the basis that the decisions were made pursuant to a rule that violated the APA and was invalid. 807 F.2d at 1505-06. *D.A.M.* characterized *W.C.* as "stand[ing] for the uncontroversial proposition that, when a court with jurisdiction finds that the plaintiffs before it were harmed by an agency decision issued under an illegal rule, the court should vacate that wrongful decision as a remedy." 2020 WL 5525056, at *8. *W.C.* is more analogous to the case at hand than it was to the facts of *D.A.M.* because there, petitioners were only challenging their removal, whereas here Proposed Intervenors would be challenging their removal alongside the Rule that deprived them of the proper removal procedures. The Court is thus persuaded that *W.C.* at least lends support to Proposed Intervenors' interest in intervening in this case.

Finally, the Court finds that the Proposed Intervenors' interests would likely be inadequately represented absent intervention. "The most important factor to determine whether a

proposed intervenor is adequately represented by a present party to the action is how the intervenor's interest compares with the interests of existing parties." *Perry*, 587 F.3d at 950-51 (internal quotation marks and alteration omitted). As Proposed Intervenors explain, they "seek not only to invalidate the Rule, but . . . also . . . to preclude their removal based on the Rule absent a proper 'credible fear' process." ECF No. 95 at 16. Because Plaintiffs do not represent Proposed Intervenor's interest in addressing the legitimacy of their removal orders, their interests are not adequately represented absent intervention.

Although the preceding discussion is necessarily brief and incomplete, given the time constraints imposed on the Court by this motion, the Court finds that Proposed Intervenors have established that there are serious questions going to the merits of their motions to intervene and for stay of removal. This conclusion is bolstered by the fact that, in evaluating motions to intervene, "courts are guided primarily by practical and equitable considerations, and the requirements for intervention are broadly interpreted in favor of intervention." *United States v. Alisal Water Corp.*, 370 F.3d 915, 919 (9th Cir. 2004).

The Court also finds that Proposed Intervenors are likely to suffer immediate and irreparable harm unless the Court issues a temporary restraining order. Although deportation pursuant to a removal order is "not categorically irreparable," *Nken v. Holder*, 556 U.S. 418, 435 (2009), here Proposed Intervenors face "[e]ffectively permanent removal" from the United States, which "constitute[s] irreparable injury," *D.A.M.* 2020 WL 5525056, at *14. Proposed Intervenors also have reason to believe that the harm could be immediate because on October 16, 2020, ICE advised Proposed Intervenors that the people who will receive them when they are removed from the United States "should be immediately ready to receive them." ECF No. 95-1 at 102 (Fluharty Decl.) ¶ 3.

Finally, the Court turns to the last two *Winter* factors. "When the government is a party, these last two factors merge." *Drakes Bay Oyster Co. v. Jewell*, 747 F.3d 1073, 1092 (9th Cir. 2014). Here, the balance of the equities and the public interest sharply favor granting a temporary restraining order. On the one hand, as explained above, Proposed Intervenors face deportation to countries that they have fled, and the irreparable harm of effectively permanent removal. On the

other hand, if the Court reaches a contrary conclusion to the one it reaches today after briefing and hearing, the only harm is that Proposed Intervenors' removal will have been delayed for that brief period.[1]

Accordingly, the Court grants the motion for a temporary restraining order. Although the Government has not had an opportunity to oppose the motion, the Court finds, for the reasons stated above, that "specific facts in an affidavit or a verified complaint clearly show that immediate and irreparable injury, loss, or damage will result to the movant." Fed. R. Civ. P. 65(b)(1)(A). *See* ECF No. 95-1 at 100 (Cambria Decl.) ¶¶ 8, 9; Fluharty Decl. ¶¶ 3, 4.

Rule 65(c) of the Federal Rules of Civil Procedure provides that a district court may grant a preliminary injunction "only if the movant gives security in an amount that the court considers proper to pay the costs and damages sustained by any party found to have been wrongfully enjoined or restrained." Fed. R. Civ. P. 65(c). The district court retains discretion "as to the amount of security required, *if any*." *Johnson v. Couturier*, 572 F.3d 1067, 1086 (9th Cir. 2009) (internal quotation marks and citations omitted) (emphasis in original). In this case, the Court declines to order the posting of security.

## CONCLUSION

For the foregoing reasons, the Court GRANTS the Proposed Intervenors' motion for a temporary restraining order. The Court hereby ENJOINS Defendants, and their agents and employees, from removing Proposed Intervenors from the United States. This Temporary Restraining Order shall take effect immediately and shall remain in effect until October 31, 2020, or further order of this Court.

Defendants' opposition to Proposed Intervenors' motion for a preliminary injunction is due

---

[1] Late last night, after Proposed Intervenors filed their motion but before the issuance of this Order, the government sent an email to the undersigned's courtroom deputy stating its opposition to the motion. The government noted "that this is proposed intervenors' seventh request for a stay of removal in the past six months" and that the prior six requests had been denied by various courts. The Court acknowledges receipt of this ex parte communication but concludes that questions regarding this Court's jurisdiction and the legality of Proposed Intervenors' removal orders are better resolved after briefing and hearing.

October 23, 2020.  Proposed Intervenors' reply is due October 26, 2020.  A hearing on this motion will take place on Thursday, October 29, 2020, at 9:30 a.m.

ORDER TO SHOW CAUSE RE PRELIMINARY INJUNCTION

Defendants, and each of them, is hereby ORDERED TO SHOW CAUSE on October 29, 2020, at 9:30 a.m., or as soon thereafter as counsel may be heard, why they, and each of them, and their officers, agents, servants, employees, and attorneys, and any other person or entity subject to their control or acting directly or indirectly in concert or participation with Defendants, should not be enjoined from taking any action to remove Proposed Intervenors from the United States pending the final disposition of this action.  The hearing will proceed by videoconference.

This order is issued on October 17, 2020, at 10:30 a.m. PDT.  *See* Fed. R. Civ. P. 65(b)(2) ("Every temporary restraining order issued without notice must state the date and hour it was issued[.]").

**IT IS SO ORDERED.**

Dated:  October 17, 2020



_____
JON S. TIGAR
United States District Judge