Adam Siegler (SBN 116233)
**GREENBERG TRAURIG LLP**
1840 Century Park East
Suite 1900
Los Angeles, CA 90067
Telephone: (310) 586-7700
Facsimile: (310) 586-7800
Email: sieglera@gtlaw.com

Jonathan K. Ogata (SBN 325914)
**GREENBERG TRAURIG, LLP**
1201 K Street, Suite 1100
Sacramento, CA
Telephone: (916) 442-1111
Email: ogataj@gtlaw.com

Steven G. Barringer*
**GREENBERG TRAURIG, LLP**
2101 L Street, NW, Suite 1000
Washington, DC 20037
Telephone: (202) 331-3108
Facsimile: (202) 261-0114
Email: barringers@gtlaw.com

Caroline J. Heller*
**GREENBERG TRAURIG LLP**
200 Park Ave
New York, NY 10166
Telephone: (212) 801-9200
Facsimile: (212) 801-6400
Email: hellerc@gtlaw.com

Gregory P. Copeland*
Sarah T. Gillman*
**RAPID DEFENSE NETWORK**
11 Broadway, Suite 615
New York, NY 10004-1490
Telephone: (212) 843-0910
Facsimile: (212) 257-7033
Email: gregory@defensenetwork.org
Email: sarah@defensenetwork.org

* *Pro Hac Vice Forthcoming*

Attorneys for Proposed Plaintiff-Intervenors

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| EAST BAY SANCTUARY COVENANT, et al., <br><br> Plaintiffs, <br><br> vs. <br><br> WILLIAM BARR, et al., <br><br> Defendants. | Case No. 4:19-cv-04073-JST <br><br> [Judge: Hon. Jon S. Tigar] <br><br> **DECLARATION OF SHALYN FLUHARTY IN SUPPORT OF PROPOSED INTERVENORS' MOTION FOR ADMINISTRATIVE STAY** <br><br> Date Action Filed: July 16, 2019 |

## DECLARATION OF SHALYN FLUHARTY

I, Shalyn Fluharty, hereby declare under penalty of perjury as prescribed in 28 U.S.C. § 1746:

1. I direct the Proyecto Dilley, formerly known as the Dilley Pro Project and CARA Pro Bono Project, in Dilley, Texas. In this capacity, I oversee a team of attorneys and full-time paralegals, and a rotating group of volunteers, who provide legal services on behalf of asylum-seeking families who are detained at the South Texas Family Residential Center. I have been practicing law since 2010, and my practice has focused on representing detained unaccompanied immigrant children and detained immigrant families before the Executive Office of Immigration Review ("EOIR") and the Department of Homeland Security ("DHS").

2. Proyecto Dilley represents the proposed plaintiff-intervenors in this matter in their immigration proceedings. Each proposed plaintiff-intervenor has a final order of expedited removal that is based upon a negative credible fear finding issued subsequent to the application of 8 C.F.R. § 1208.13(c)(4), the third country-transit asylum eligibility bar (the "Rule). Proposed plaintiff-intervenors have not had their claims adjudicated in alignment with the legal standard or procedural protections that are required in credible fear proceedings, and instead, were subjected to the heightened "reasonable fear" standard.

3. Based upon my experience representing proposed plaintiff-intervenors, absent a Court ordered stay, ICE will likely commence removal of the proposed plaintiffs-intervenors from the United States despite the fact that their negative fear findings are based upon the application of the Rule on October 17, 2020. *Capital Area Immigrants' Rights (CAIR) Coalition et. al. v. Trump*, No. 19-2117 (TJK), 1:19-cv-02117-TJK, Doc. 72 (D.C. Dist. Ct. Jun. 30, 2020); *I.A. v. Barr*, No. 19-2530 (TJK), 1:19-cv-02117-TJK, Doc. 72 (D.C. Dist. Ct. Jun. 30, 2020). Proposed plaintiff-intervenors were recently clustered together in the same "neighborhood" within the facility. ICE regularly moves families within the facility when preparing them for removal. Additionally, today, October 16, 2020, ICE spoke with proposed plaintiff-intervenors to secure contact information for the person who will receive them when they are removed and advised proposed plaintiff-intervenors that this person should be immediately ready to receive them.

4. The proposed plaintiff-intervenors fear death, torture, rape and other extreme cruelty and harm upon return to their countries of origin. Although the removal of each proposed plaintiff-intervenor will permanently jeopardize their ability to seek asylum in the United States, plaintiff-intervenors primary fear is the irreversible physical harm they will face if deported.

5. The government has the ability and intention to execute the removal of the proposed plaintiff-intervenors with tremendous speed. I am aware that the government has removed families from Dilley in less than 24 hours after a court ordered stay was dissolved.

6. In fact, this happened to numerous plaintiffs in *M.M.V. v. Barr* who were removed during a two-day gap in federal court stays of removal. Even some *M.M.V.* plaintiffs who *were* covered by stays of removal were removed subsequent to the issuance of the stay of removal.

7. Based upon information and belief, ICE operates daily removal flights from South Texas to many Central America countries. When ICE seeks to remove a family and ICE does not have an ICE-contracted flight immediately available, it regularly books commercial flights out of the Houston or San Antonio airports, transporting families by vehicle to the airport in the middle of the night. This allows ICE to effectuate removal for families who will be removed to any country, within a day's notice.

8. With the exception of families who are removed to El Salvador, ICE provides no notice to counsel or families prior to their removal. Typically, families are informed late at night – after 8 p.m., and most commonly around 10 p.m. – that they will be removed the following morning. Removal flights typically depart around 6:00 a.m.

9. Families most commonly learn that they are being removed less than 12 hours prior to their removal when they are directed to immediately pack up their belongings and moved to a staging area, isolated from other detained individuals. During the staging period, families are unable to come to the legal visitation trailer and have limited access to the phone. In the overwhelming majority of cases, families who are staged for removal are unable to make contact with Proyecto Dilley prior to removal; rather, we learn that the family has been removed after they arrive in their country of origin for the first time.

10. Based upon information and belief, the removal of all proposed plaintiff-intervenors is imminent. Absent the issuance of a stay of removal, proposed plaintiff-intervenors will be removed without the opportunity to have their claims properly and fully considered under the correct legal standard.

Pursuant to 28 U.S.C. Section 1746, I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on October 16, 2020 in Ft. Myers, Florida.

