UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| East Bay Sanctuary Covenant, *et al.*, <br><br> Plaintiffs, <br><br> v. <br><br> Donald J. Trump, President of the United States, *et al.*, <br><br> Defendants. | Civil Action No. 4:19-cv-04073-JST |

## DECLARATION OF JAY VISCONTI

I, Jay Visconti, pursuant to 28 U.S.C. § 1746, and based upon my personal knowledge and information made known to me from official records and reasonably relied upon in the course of my employment, hereby declare as follows:

1. I am the Director (Associate Chief) for the CBP STAT Division within Operations Support, U.S. Customs and Border Protection (CBP), Department of Homeland Security, where I manage CBP STAT's creation and delivery of high-level analysis and reporting into CBP's immigration and seizure data.

2. I have formally served as the Director of the CBP STAT Division since August 2019. Previously, I served as a Senior Advisor to the Chief Operating Officer and Senior Official Performing the Functions and Duties of the Commissioner. In that role, I performed similar functions to those I am performing now with respect to providing reports and high-level analysis. Prior to serving in that position, I was the Assistant Chief over U.S. Border Patrol's (USBP) Statistics and Data Integrity (SDI) Branch, where I provided day-to-day statistics and analysis to USBP senior leadership and worked to ensure data quality within the USBP data.

1

Prior to serving as the Assistant Chief over the USBP SDI Branch, I was an Operations Officer and played a key role in the development of the Border Patrol's e3 electronic system of records. I have been a U.S. Border Patrol agent since January 2, 1996.

3. CBP STAT provides CBP senior leadership with aggregate statistics related to alien apprehensions, inadmissible aliens, drug seizures, use of force and assault data, in the form of both recurring and ad hoc reports. In my role as the Director of CBP STAT, I am able to run reports of, and retrieve data from, CBP's electronic systems of records, including Border Patrol's e3 system and OFO's SIGMA and Unified Secondary (USEC) systems. Many of these reports combine data from the e3 system and the SIGMA or USEC systems. In Fiscal Year 2020 (Oct 2019 – Sept 2020), CBP STAT performed over 4,090 recurring reports (representing a 121% increase compared to the same time last year) and almost 1,400 ad hoc reports (representing a 83% increase compared to the same time last year). I have general familiarity with SIGMA and USEC and their capabilities, and particular familiarity with e3 and its capabilities. I understand that on October 16, 2020, petitioners from another litigation, *D.A.M. v. Barr*, 20-1321 (D.D.C. July 9, 2020), sought to intervene in this case and sought a motion for temporary restraining order and motion for preliminary injunction. I am providing this declaration in support of Defendants' opposition to these motions.

4. CBP completes a Form I-213, Record of Deportable/Inadmissible Alien, for each alien who is encountered by a Border Patrol agent or CBP officer and is determined to be inadmissible or deportable. On October 23, 2020, CBP STAT was provided a list of all intervenors, including their full names and A#s and completed this data pull based on that information, which returned the attached results. However, in effort to ensure that the individual's identity was protected I have assigned each a pseudonym, rather than including the

full name and A# for a public document. The data shows (1) the date and time of the alien's apprehension, (2) the date of time of the alien's entry, and (3) the longitude and latitude of the alien's arrest, as recorded in the alien's Form I-213. A true and accurate copy of that data is attached as Exhibit 1.

5. Based on my review of the data in our systems of record all intervenors were apprehended within 6 hours of illegal entry, ranging from 2 minutes to 6 hours after crossing. Moreover, given my long history as a Border Patrol Agent and with CBP, my experience is that individuals who are apprehended so quickly after entering are apprehended in close proximity of the border. My general review of the arrest longitude and latitude data in Exhibit 1 is in keeping with that experience.

I declare, under penalty of perjury, that the foregoing is true and correct to the best of my knowledge, information, and belief.

Executed this 23rd day of October, 2020.

_____
Jay Visconti
Director (Associate Chief)
CBP STAT Division
Operations Support
U.S. Customs and Border Protection