# EXHIBIT "6"

U.S. Department of Justice

Civil Division

SGS:ERR

*Washington, DC 20530*

BY ECF

July 17, 2020

Hon. Mark Langer, Clerk
District of Columbia Circuit Court of Appeals
E. Barrett Prettyman U.S. Courthouse and
William B. Bryant Annex
333 Constitution Ave. NW
Washington, DC 20001

    Re: *M.M.V.*, Nos. 20-5106 and 20-5129 (scheduled for argument September, 11, 2020), Response to Rule 28(j) Letter

Dear Mr. Langer:

    We write in response to Plaintiffs' recent Rule 28(j) letter regarding *Capital Area Immigrants' Rights Coalition (CAIR) v. Trump*, Nos. 19-cv-2117, 19-cv-2530, 2020 WL 3542481 (D.D.C. June 30, 2020) and *East Bay Sanctuary Covenant v. Barr*, ---F.3d---, 2020 WL 3637585 (9th Cir. July 6, 2020).

    In *CAIR*, a district court in this Circuit set aside an interim final rule that rendered ineligible for asylum, with limited exceptions, aliens who transit through at least one other country before reaching the United States, without first applying for asylum in a country through which they transited, *see* 84 Fed. Reg. at 33,843, for failure to follow notice-and-comment procedures. 2020 WL 3542481, *19-23. In *East Bay*, the Ninth Circuit upheld an injunction of the same rule, ruling that it was likely the rule was not authorized by statute and was arbitrary and capricious. 2020 WL 3637585, *10-16.

    Neither case supports Plaintiffs. First, Plaintiffs do not challenge the Rule in this case, or any implementation of the Rule, Gov't Br. 9-12 & n.3, and have

repeatedly disclaimed any such challenge in this case. *Id*. Instead, they challenge alleged "credible fear policies" implementing 8 U.S.C. § 1225(b)(1) independent of the Rule. *Id.* 1, 9-12. The district court found that the policies Plaintiffs purport to challenge are in all but one instance either "unwritten," and thus outside the scope of permitted review under 8 U.S.C. § 1252(e)(3)(A)(ii), or were not challenged within "60 days" of their implementation, and so time-barred under 8 U.S.C. § 1252(e)(3)(B). *Id.* 12-18. The Rule's legality or existence is irrelevant to those holdings. Second, even if Plaintiffs could undo their explicit and repeated waiver of any challenge to the Rule or its implementation, Plaintiffs in this case are not parties to *CAIR*, and received final orders of removal not subject to further direct review when the Rule was valid, and so those orders are not impacted by *CAIR*. *Id.* 9, n.3. Third, the *East Bay* injunction is presently stayed by order of the Supreme Court pending disposition of any "petition for a writ of certiorari." *Id.* 9-10 & n.4.

                Sincerely,

                /s/ Erez Reuveni
                EREZ REUVENI
                Assistant Director
                Department of Justice
                Civil Division
                Office of Immigration Litigation
                P.O. Box 878, Ben Franklin Station
                Washington D.C.  20044

cc: Caroline Heller, et al. (by ECF)

## CERTIFICATE OF COMPLIANCE

I certify that the foregoing letter complies with the word limit of Fed. R. App. P. 28(j), in that the body of the letter is 348 words in length.

## CERTIFICATE OF SERVICE

I certify that on July 17, 2020, I filed the foregoing with the District of Columbia Circuit Court of Appeals by using the Court's CM/ECF system. I further certify that all party participants are members of the CM/ECF system and that the system will accomplish service of process.

/s/ Erez Reuveni
EREZ REUVENI
Assistant Director
Department of Justice
Civil Division
Office of Immigration Litigation
P.O. Box 878, Ben Franklin Station
Washington D.C.  20044