JEFFREY BOSSERT CLARK
*Assistant Attorney General*
WILLIAM C. PEACHEY
*Director*
EREZ REUVENI
*Assistant Director*
Office of Immigration Litigation
U.S. Department of Justice, Civil Division
P.O. Box 868, Ben Franklin Station
Washington, DC 20044
Tel: (202) 307-4293
Email: Erez.R.Reuveni@usdoj.gov

UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| East Bay Sanctuary Covenant, *et al.*, <br><br> Plaintiffs, <br><br> v. <br><br> Donald J. Trump, President of the United States, *et al.*, <br><br> Defendants. | Civil Action No. 4:19-cv-04073-JST |

**RESPONSE TO INTERVENORS' NOTICE OF SUPPLEMENTAL AUTHORITY**

We write in response to intervenor's suggestion that *Kiakombua v. Wolf*, No. 19-CV-1872 (KBJ), 2020 WL 6392824 (D.D.C. Oct. 31, 2020), supports their position.

In *Kiakombua*, the court, in a suit challenging expedited removal policies under 8 U.S.C. § 1252(e)(3), concluded on final judgment that the agency's "credible fear lesson plan" was contrary to law, vacated the lesson plan, and ordered that the named plaintiffs receive new credible fear interviews. 2020 WL 6392824, at *40; Dkt. 83, No. 19-CV-1872 (KBJ) (D.D.C.). That decision in fact supports the government's position in this case that the vacatur of the Transit Rule did not retroactively vacate intervenors' final orders of expedited removal and that the Court lacks

jurisdiction over any of intervenors' claims because they all seek to nullify the ongoing effects of their final orders of removal. Dkt. 110 at 16-24.

First, *Kiakombua* explicitly rejects the argument that intervenors advance here, that "[v]acatur," of the Transit Rule "without limitation or qualification, is retroactive and restores every party affected by the Rule to the status quo ante." Dkt. 95 at 4. In *Kiakombua*, the plaintiffs—five aliens with final orders of expedited removal—sought vacatur not only of their own orders, but also all "credible fear proceedings" conducted while the challenged policy—a training document called the "credible fear lesson plan"—was operative as "inconsistent with and/or not in accordance with law." Dkt. 6 at 26, No. 19-CV-1872 (KBJ) (D.D.C.); *see also* Dkt. 36-4 at 1, No. 19-CV-1872 (KBJ) (D.D.C.) (requesting, as relief, an order that "declares that the negative credible fear determinations made from the date the Lesson Plan was first implemented to the present were contrary to law"). The government contended such relief would exceed the Court's authority under 8 U.S.C. § 1252(e)(1)(B), which bars class-action style-relief on behalf of non-parties in cases arising under section 1252(e). Dkt. 49 at 34-35, No. 19-CV-1872 (KBJ) (D.D.C.) ("invalidating all negative credible fear determinations—without even determining whether the Lesson Plan ever applied to these absent individuals—is tantamount to class relief, which Congress prohibited").

The district court rejected Plaintiffs' request, concluding that the appropriate relief was limited to (1) "vacatur" of the credible fear lesson plan prospectively "for everyone," meaning that the lesson plan "cannot be lawfully enforced against others," 2020 WL 6392824, at *35-36, and (2) "new credible fear interviews" for the named plaintiffs whose removal orders were based on the lesson plan. *Id.*, *40; Dkt. 83, No. 19-CV-1872 (KBJ) (D.D.C.). And that is consistent with the many other cases arising in the expedited removal context under section 1252(e)(3) which similarly hold that vacatur of already final orders of removal is not an available remedy in cases arising under section 1252(e)(3). *See* Dkt. 110 at 20-21 (citing *D.A.M. v. Barr*, --- F. Supp. 3d ---, 2020 WL 5525056, *8 (D.D.C. Sept. 15, 2020); *L.M.-M. v. Cuccinelli*, 442 F. Supp. 3d 1, 34 (D.D.C. 2020); *Grace v. Whitaker*, 344 F. Supp. 3d 96, 144 n.31 (D.D.C. 2018)).

Second, *Kiakombua* further supports the government's argument that sections

1252(a)(2)(A) and (e)(2) eliminate jurisdiction in federal courts over intervenors' claims challenging the validity of their removal orders. *Kiakombua*, like the other cases cited by the government, Dkt. 110 at 20-22, shows that Judge Kelly cannot be understood to have intended to vacate the many thousands of orders of removal premised on the Transit Rule that became final before the decision in *Capital Area Immigrants' Rights Coal. v. Trump* ("*CAIR*"), --- F. Supp. 3d ---, 2020 WL 3542481 (D.D.C. June 30, 2020). Thus, even if section 1252(a)(2)(A) contemplated review of whether an order issued in the past is presently lawful—which it does not, Dkt. 110 at 16-20, 22-23—intervenors' orders continue to exist, and so their claims are not subject to judicial review in light of 8 U.S.C. § 1252(a)(2)(A) and (e)(2). *See id.*

Respectfully submitted,

JEFFREY BOSSERT CLARK
Acting Assistant Attorney General

WILLIAM C. PEACHEY
Director

By: /s/ *Erez Reuveni*
EREZ REUVENI
Assistant Director
Office of Immigration Litigation
U.S. Department of Justice, Civil Division
P.O. Box 868, Ben Franklin Station
Washington, DC 20044
Tel: (202) 307-4293
Email: Erez.R.Reuveni@usdoj.gov

Dated: November 5, 2020                *Attorneys for Defendant*

**CERTIFICATE OF SERVICE**

I hereby certify that on November 5, 2020, I electronically filed the foregoing document with the Clerk of the Court for the United States Court of for the Northern District of California by using the CM/ECF system. Counsel in the case are registered CM/ECF users and service will be accomplished by the CM/ECF system.

By: */s/ Erez Reuveni*
EREZ REUVENI
Assistant Director
United States Department of Justice
Civil Division