UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| EAST BAY SANCTUARY COVENANT, et al.,<br><br>Plaintiffs,<br><br>v.<br><br>WILLIAM BARR, et al.,<br><br>Defendants. | Case No. 19-cv-04073-JST<br><br>**ORDER DENYING LEAVE TO INTERVENE AND DENYING PRELIMINARY INJUNCTION**<br><br>Re: ECF No. 95 |

One hundred twenty-eight mothers, fathers, and children who fled persecution in their home countries to seek asylum in the United States ("Proposed Intervenors") now come before the Court. They were denied the right to apply for asylum because immigration authorities applied a rule that categorically denies asylum to aliens arriving at the border with Mexico unless they have first applied for, and have been denied, asylum in Mexico or another country through which they have traveled (the "Rule"). The Rule has since been vacated as unlawful, and it is no longer in effect. *Capital Area Immigrants' Rights Coalition v. Trump* ("*CAIR*"), No. 19-cv-2117 (TJK), 2020 WL 3542481, at *1 (D.D.C. Jun. 30, 2020). Nonetheless, immigration authorities have refused to rescind the Proposed Intervenors' orders of removal, even though those orders were based on application of the unlawful Rule.

Proposed Intervenors, who seek to intervene in this case and stay their removal from the United States, present a powerful case on the equities. "The Immigration and Naturalization Act ('INA') 'deals with one of the oldest and most important themes in our Nation's history: welcoming homeless refugees to our shores,' and it 'give[s] statutory meaning to our national commitment to human rights and humanitarian concerns.' 125 Cong. Rec. 23231-32 (Sept. 6,

1979).'" *E. Bay Sanctuary Covenant v. Trump*, 349 F. Supp. 3d 838, 843 (N.D. Cal. 2018), *aff'd*, 950 F.3d 1242 (9th Cir. 2020), and *aff'd*, 950 F.3d 1242 (9th Cir. 2020). The Court concludes, however, that it lacks jurisdiction over Proposed Intervenors' claims. Judicial review of removal orders is "strictly limited" by statute, *Ahmed v. Sessions*, 695 F. App'x 290, 291 (9th Cir. 2017), and Proposed Intervenors' claims do not fall within those limits. Therefore, although "the facts amassed by the [Proposed Intervenors] are deeply troubling," *M.M.V. v. Barr*, 456 F. Supp. 3d 193, 217 (D.D.C. 2020), this Court cannot review Proposed Intervenors' claims. The Court accordingly denies their motions to intervene and for preliminary injunction.

## I. BACKGROUND

The background of this case is set forth in an earlier order granting Plaintiffs' motion for a preliminary injunction enjoining the continued implementation and enforcement of the challenged "Asylum Eligibility and Procedural Modifications" Rule. *E. Bay Sanctuary Covenant v. Barr*, 385 F. Supp. 3d 922 (N.D. Cal. 2019). The Court summarizes only the relevant details here.

### A. The Challenged Rule and Procedural History of This Case

On July 16, 2019, the Department of Justice ("DOJ") and the Department of Homeland Security ("DHS") published a joint interim final rule, entitled "Asylum Eligibility and Procedural Modifications" (the "Rule"). 84 Fed. Reg. 33,829 (July 16, 2019) (codified at 8 C.F.R. pts. 208, 1003, 1208). The effect of the Rule is to categorically deny asylum to most persons entering the United States at the southern border if they have not first applied for asylum in Mexico or another third country through which they have passed. *Id.* In promulgating the Rule, the agencies invoked their authority to establish conditions consistent with 8 U.S.C. § 1158. 84 Fed. Reg. at 33,834.

The Rule makes changes to the standards and procedures that are used in "expedited removal" proceedings. *See* 8 U.S.C. § 1225(b)(1). "An applicant [for admission to the United States] is subject to expedited removal if . . . the applicant (1) is inadmissible because he or she lacks a valid entry document; (2) has not 'been physically present in the United States continuously for the 2-year period immediately prior to the date of the determination of inadmissibility'; and (3) is among those whom the Secretary of Homeland Security has designated for expedited removal." *Dep't of Homeland Sec. v. Thuraissigiam*, 140 S. Ct. 1959, 1964-65

2

(2020) (quoting 8 U.S.C. §§ 1225(b)(1)(A)(i), (iii)(I)-(II)). Applicants determined to fall within these categories shall be "removed from the United States without further hearing or review unless the alien indicates either an intention to apply for asylum under [8 U.S.C. § 1158] or a fear of persecution." 8 U.S.C. § 1225(b)(1)(A)(i).

If an applicant expresses an intent to seek asylum, that person is referred to an asylum officer for a credible fear interview to determine whether the applicant "has a credible fear of persecution." *Id.* § 1225(b)(1)(B)(v). To have a credible fear, "there [must be] a significant possibility, taking into account the credibility of the statements made by the alien in support of the alien's claim and such other facts as are known to the officer, that the alien could establish eligibility for asylum." *Id.* Applicants who demonstrate a credible fear as a basis for asylum, withholding of removal, or protection under the Convention Against Torture ("CAT"), are generally placed in full removal proceedings for further adjudication of their claims. *Id.* § 1225(b)(1)(B)(ii); 8 C.F.R. § 208.30(e)(2)-(3), (f). By contrast, if the officer concludes that no credible fear exists, applicants are "removed from the United States without further hearing or review," except for an expedited review by an Immigration Judge ("IJ"), which is ordinarily concluded within 24 hours and must be concluded within 7 days. 8 U.S.C. § 1225(b)(1)(B)(iii)(I), (III); *see also* 8 C.F.R. § 1208.30(g).

The Rule significantly changes this process in certain respects. Under the Rule, "any alien who enters, attempts to enter, or arrives in the United States across the southern land border on or after July 16, 2019, after transiting through at least one country outside the alien's country of citizenship, nationality, or last lawful habitual residence en route to the United States, shall be found ineligible for asylum." 8 C.F.R. § 208.13(c)(4). The Rule provides three exceptions. First, the Rule does not apply if the alien "applied for protection from persecution or torture in at least one country . . . through which the alien transited en route to the United States, and the alien received a final judgment denying the alien protection in such country." *Id.* § 208.13(c)(4)(i). Second, the Rule exempts "victim[s] of a severe form of trafficking in persons," as defined in 8 C.F.R. § 214.11. *Id.* § 208.13(c)(4)(ii). Finally, the Rule does not apply if "[t]he only countries through which the alien transited en route to the United States were, at the time of the transit, not

3

parties to [the 1951 Convention, the 1967 Protocol, or CAT]." *Id.* § 208.13(c)(4)(iii). In sum, except for qualifying trafficking victims, the Rule requires any alien transiting through a third country that is a party to one of the above agreements to apply for protection and receive a final denial prior to entering through the southern border and seeking asylum relief in the United States.

The Rule also sets forth special procedures for how the mandatory bar applies in expedited removal proceedings. In general, "if an alien is able to establish a credible fear of persecution but appears to be subject to one or more of the mandatory [statutory] bars to applying for, or being granted, asylum . . . [DHS] shall nonetheless place the alien in proceedings under [8 U.S.C. § 1229a] for full consideration of the alien's claim." 8 C.F.R. § 208.30(e)(5)(i). An alien subject to the Rule's third country bar, however, is automatically determined to lack a credible fear of persecution. *Id.* § 208.30(e)(5)(iii). The asylum officer must then consider whether the alien demonstrates a reasonable fear of persecution or torture (as necessary to support a claim for withholding of removal or CAT protection). *Id.* The alien may seek review from an IJ, on the expedited timeline described above, of the determination that the Rule's mandatory bar applies and that the alien lacks a reasonable fear of persecution or torture. *Id.* § 1208.30(g)(1)(ii).

Plaintiffs East Bay Sanctuary Covenant, Al Otro Lado, Innovation Law Lab, and Central American Resource Center filed this lawsuit against relevant federal agencies and agency officials on July 16, 2019, the day the Rule went into effect. ECF No. 1. On July 24, 2019, the Court granted Plaintiffs' motion for a preliminary injunction, finding that Plaintiffs were likely to succeed on the merits of their claims that the rule was substantively invalid, that the Rule was arbitrary and capricious, and that there were serious questions as to Defendants' attempts to rely on the foreign affairs and good cause exceptions to notice and comment rulemaking requirements. ECF No. 42. Defendants appealed the Court's order to the Ninth Circuit on July 29, 2019, ECF No. 46, and again on September 10, 2019, ECF No. 75, after the Court restored the nationwide scope of the injunction, ECF No. 73. On August 26, 2019, Defendants applied to the United States Supreme Court for an emergency stay of the preliminary injunction pending resolution of their appeal. *Barr v. E. Bay Sanctuary Covenant*, No. 19A230 (Aug. 26, 2019). The Supreme Court granted Defendants' request and stayed the order granting the preliminary injunction and

order restoring the injunction's nationwide scope. *Id.* (Sept. 11, 2019). The Supreme Court's stay remains in effect "pending disposition of the Government's appeal in the United States Court of Appeals for the Ninth Circuit and disposition of the Government's petition for a writ of certiorari, if such a writ is sought." *Id.*

On July 6, 2020, the Ninth Circuit affirmed both preliminary injunction orders, holding that the Rule was "not in accordance with law" and that the injunctions properly "cover[ed] the four states along our border with Mexico." *E. Bay Sanctuary Covenant v. Barr*, 964 F.3d 832, 857 (9th Cir. 2020). On October 5, 2020, Defendants filed a petition for rehearing en banc, *E. Bay Sanctuary Covenant*, Nos. 19-16487, 19-16773, ECF No. 117 (9th Cir. Oct. 5, 2020), which remains pending.

### B.     Related Litigation

Proposed Intervenor's motion implicates certain other federal cases related to the challenged Rule. Because the parties rely on these cases' procedural histories to support their arguments before this Court, the Court summarizes them briefly here.[1]

In *CAIR v. Trump*, two consolidated cases brought by immigrants' rights organizations and individual asylum seekers challenged the Rule, contending that it was contrary to the INA, arbitrary and capricious, and issued without adherence to proper notice and comment procedures. 2020 WL 3542481, at *1. The court granted plaintiffs' motions for summary judgment, finding that exemptions to the Administrative Procedure Act's ("APA") notice-and comment procedures did not apply, and thus Defendant's issuance of the Rule without adherence to those requirements meant that "they issued the rule 'without observance of procedure required by law.'" *Id.* at *21 (quoting 5 U.S.C. § 706). Having found the Rule enacted unlawfully, the court held that vacatur was the appropriate remedy and vacated the Rule. *Id.* at *23.

In *M.M.V. v. Barr*, individual plaintiffs "d[id] not challenge the [Rule] directly," but rather challenged "written regulations, directives, or procedures . . . issued by the administration to

---

[1] Judge Cooper provides a further useful description of the cases before the District of Columbia courts in *D.A.M. v. Barr*, Case No. 20-cv-1321 (CRC), 2020 WL 5525056, at *2-4 (D.D.C. Sept. 15, 2020).

5

implement and enforce the new asylum restrictions." 456 F. Supp. 3d at 199. On April 27, 2020, that court granted Defendants' partial motion to dismiss, finding all but one of the challenged policies related to the Rule were unwritten policies which the court lacked jurisdiction to review. *Id.* at 209-20. The plaintiffs' motion to stay their removals pending appeal was denied. Order, *M.M.V. v. Barr*, No. 20-5106, 2020 WL 2515998 (D.C. Cir. May 15, 2020) (per curiam).

Finally, in *D.A.M. v. Barr*, petitioners filed a complaint and petition for habeas corpus alleging originally that the government's plan to remove them from the United States during the COVID-19 pandemic would violate the Constitution and the APA. Case No. 20-cv-1321 (CRC), 2020 WL 5525056, at *3 (D.D.C. Sept. 15, 2020). Following the decision in *CAIR*, petitioners amended their complaint to argue that their removal orders – issued subject to the vacated Rule – were no longer lawful, and sought entry of a TRO on that basis. *Id.* As in *M.M.V.*, the court held that because petitioners' claims fell within the scope of 8 U.S.C. § 1252(a)(2)(A) and were not subject to an exception under Section 1252(e), the court lacked jurisdiction. *Id.* at *5, *10. In light of that conclusion, the court found that petitioners were unlikely to succeed on the merits on their claim and denied entry of a TRO. *Id.* at *12, *14.

The *D.A.M.* court ordered that plaintiffs' removals be administratively stayed for seven days in order for them to seek emergency relief from the circuit court. *D.A.M.*, No. 20-cv-1321 (CRC) (D.D.C. Sept. 15, 2020). On September 17, 2020, with their notice of appeal, appellants filed an emergency motion to stay the district court's underlying order, and the D.C. Circuit ordered that appellants removal from the country be administratively stayed pending further order from the court. *D.A.M. v. Barr*, No. 20-5281, Dkt. No. 1862170 (D.C. Cir. Sept. 17, 2020). On September 30, 2020, the emergency motion for a stay was denied and the administrative stay dissolved. *D.A.M. v. Barr*, No. 20-5281, 2020 WL 6140502, at *1 (D.C. Cir. Sept. 30, 2020). On October 1, 2020, appellants filed another emergency motion to stay pending their motion for en banc reconsideration, and on October 2, 2020, the court granted another administrative stay pending disposition of that motion. *Id.*, Dkt. No. 1864701. On October 16, 2020, the motion for en banc reconsideration was denied and the emergency motion for a stay was dismissed as moot. *D.A.M. v. Barr*, No. 20-5281, 2020 WL 6140504, at *1 (D.C. Cir. Oct. 16, 2020).

### C. Proposed Intervenors' Motion for Relief

As noted above, Proposed Intervenors are parents and children, most of whom are currently detained at Family Residential Centers in Pennsylvania and Texas, who have fled persecution in their home countries and sought asylum in the United States. ECF No. 95 at 7. They are all subject to final orders of removal issued pursuant to the Rule.[2] *Id.* Each of them is also a party to either one or both of *M.M.V.* and/or *D.A.M. Id.* at 8. As set forth above, their removal orders have previously been stayed by one or more courts, but those stays have now all been vacated or have expired.

On October 16, 2020, immediately following the lifting of the administrative stay by the D.C. Circuit in *D.A.M.*, Proposed Intervenors filed an emergency motion in this case seeking leave to intervene, the issuance of a temporary restraining order, and a preliminary injunction enjoining Defendants from taking any action to remove Proposed Intervenors from the United States. ECF No. 95. They also filed a motion for an administrative stay pending the adjudication of their motion to intervene. ECF No. 96.

On October 17, 2020, the Court issued an order granting a temporary restraining order enjoining Defendants or their agents from removing Proposed Intervenors from the United States. ECF No. 98 at 8. Acknowledging that Defendants had not had the opportunity to submit an opposition, the Court found that "specific facts in an affidavit or a verified complaint clearly show that immediate and irreparable injury, loss, or damage will result to the movant[s]." *Id.* (quoting Fed. R. Civ. P. 65(b)(1)(A). The Court further ordered Defendants to show cause why a preliminary injunction should not issue to enjoin them from taking action to remove Proposed Intervenors. *Id.* at 9. The Court recognized that its jurisdiction was uncertain, but noted that "[a] federal district court may issue an injunction to preserve the status quo even when subject matter jurisdiction is disputed or unclear." *Id.* at 3 (citing *United States v. United Mine Workers of Am.*, 330 U.S. 258, 293 (1947)). The Court therefore issued a TRO "pending further examination of its

---

[2] Two Proposed Intervenors are the mothers of children who are subject to final orders of removal issued under the Rule. ECF No. 95 at 7. These mothers move for intervention and injunctive relief on their children's behalf. *Id.*

7

1 jurisdiction." *Id.*

2 Defendants submitted an opposition, ECF No. 110, and Proposed Intervenors replied, ECF No. 112. The Court held a hearing on the motion on October 29, 2020.

## II. LEGAL STANDARD

Federal Rule of Civil Procedure 24(a)(2) provides for intervention as a matter of right where the potential intervenor "claims an interest relating to the property or transaction that is the subject of the action, and is so situated that disposing of the action may as a practical matter impair or impede the movant's ability to protect its interest, unless existing parties adequately represent that interest." The Ninth Circuit has summarized the requirements for intervention as of right under Rule 24(a)(2) as follows:

> (1) [T]he [applicant's] motion must be timely; (2) the applicant must have a 'significantly protectable' interest relating to the property or transaction which is the subject of the action; (3) the applicant must be so situated that the disposition of the action may as a practical matter impair or impede its ability to protect that interest; and (4) the applicant's interest must be inadequately represented by the parties to the action.

*Freedom from Religion Found., Inc. v. Geithner*, 644 F.3d 836, 841 (9th Cir. 2011) (quoting *California ex rel. Lockyer v. United States*, 450 F.3d 436, 440 (9th Cir. 2006)). Proposed intervenors must satisfy all four criteria, as "[f]ailure to satisfy any one of the requirements is fatal to the application." *Perry v. Proposition 8 Official Proponents*, 587 F.3d 947, 950 (9th Cir. 2009).

In evaluating motions to intervene, "courts are guided primarily by practical and equitable considerations, and the requirements for intervention are broadly interpreted in favor of intervention." *United States v. Alisal Water Corp.*, 370 F.3d 915, 919 (9th Cir. 2004). "Courts are to take all well-pleaded, nonconclusory allegations in the motion to intervene, the proposed complaint or answer in intervention, and declarations supporting the motion as true absent sham, frivolity or other objections." *Sw. Ctr. for Biological Diversity v. Berg*, 268 F.3d 810, 820 (9th Cir. 2001). Nonetheless, "the applicant bears the burden of showing that each of the four elements is met." *Freedom from Religion Found.*, 644 F.3d at 841; *see also Smith v. L.A. Unified Sch. Dist.*, 830 F.3d 843, 853 (9th Cir. 2016).

"Permissive intervention," by contrast, "is committed to the broad discretion of the district

8

court." *Orange Cnty. v. Air Cal.*, 799 F.2d 535, 539 (9th Cir. 1986).  Federal Rule of Civil Procedure 24(b) "requires (1) an independent ground for jurisdiction; (2) a timely motion; and (3) a common question of law and fact between the movant's claim or defense and the main action." *Freedom from Religion Found.*, 644 F.3d at 843 (citations omitted).  "Where a putative intervenor has met these requirements, the court may also consider other factors in the exercise of its discretion." *Perry*, 587 F.3d at 955.  Additionally, "the court must consider whether the intervention will unduly delay or prejudice the adjudication of the original parties' rights." Fed. R. Civ. P. 24(b)(3).

The Court applies a familiar four-factor test on both a motion for a temporary restraining order and a motion for a preliminary injunction. *See Stuhlbarg Int'l Sales Co. v. John D. Brush & Co.*, 240 F.3d 832, 839 n.7 (9th Cir. 2001).  Preliminary relief is "an extraordinary remedy that may only be awarded upon a clear showing that the plaintiff is entitled to such relief." *Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 22 (2008).  To obtain preliminary injunctive relief, the moving party must show: (1) a likelihood of success on the merits; (2) a likelihood of irreparable harm to the moving party in the absence of preliminary relief; (3) that the balance of equities tips in favor of the moving party; and (4) that an injunction is in the public interest. *Id.* at 20. "[S]erious questions going to the merits and a balance of hardships that tips sharply towards the plaintiff can support issuance of a preliminary injunction, so long as the plaintiff also shows that there is a likelihood of irreparable injury and that the injunction is in the public interest." *All. for the Wild Rockies v. Cottrell*, 632 F.3d 1127, 1135 (9th Cir. 2011) (internal quotation marks omitted).

## III.     DISCUSSION

In issuing the TRO, the Court found that Proposed Intervenors established serious questions going to the merits of their request to intervene, particularly in light of the "practical and equitable considerations" and because "the requirements for intervention are broadly interpreted in favor of intervention."  ECF No. 98 at 7 (quoting *Alisal*, 370 F.3d at 919).  However, with the benefit of full briefing, the Court now finds that intervention is not appropriate because Proposed Intervenors lack an interest which is "protectable" by this Court.

"Whether an applicant for intervention as of right demonstrates sufficient interest in an action is a 'practical, threshold inquiry,' and '[n]o specific legal or equitable interest need be established.'" *Nw. Forest Res. Council v. Glickman*, 82 F.3d 825, 837 (9th Cir. 1996) (quoting *Greene v. United States,* 996 F.2d 973, 976 (9th Cir. 1993)).  What an applicant must demonstrate instead is a "significant protectable interest," by establishing that the asserted interest is "protectable under some law and that there is a relationship between the legally protected interest and the claims at issue." *Citizens for Balanced Use v. Montana Wilderness Ass'n*, 647 F.3d 893, 897 (9th Cir. 2011).  If a proposed intervenor cannot show that desired remedies remain available, such requests for relief "cannot implicate a significant protectable interest." *Donnelly v. Glickman*, 159 F.3d 405, 411 (9th Cir. 1998).

Proposed Intervenors say that because they are "subject to removal orders as a result of the Rule, . . . therefore they have an interest directly relating to the subject of the litigation." ECF No. 112 at 12.  They argue that this interest is protectable if an order of this Court finds the rule invalid and vacates it, and "order[s] Defendants to set aside Intervenors' removal orders and provide them access to the asylum process to which they would have been entitled absent the Rule." *Id.* Proposed Intervenors point to Ninth Circuit and D.C. Circuit case law establishing that "when a rule violates the Administrative Procedures Act ('APA'), the court may vacate adverse agency decisions or decisions taken pursuant to the unlawful rule." *Id.* at 8, 12-14.

The difficulty with Proposed Intervenors' argument is that the Court lacks jurisdiction to adjudicate their claims.  In Title 8, Section 1252 of the INA, "Congress sharply circumscribed judicial review of the expedited removal process." *Thuraissigiam v. U.S. Dep't of Homeland Sec.*, 917 F.3d 1097, 1101 (9th Cir.), *rev'd on other grounds and remanded*, 140 S. Ct. 1959 (2020). Pursuant to Section 1252, "[N]o court shall have jurisdiction to review . . . any individual determination [or] . . . the application of § 1225(b)(1) to individual aliens" outside of the review permitted by the habeas review provision, Section 1252(e).  8 U.S.C. § 1252(a)(2)(A)(iii).[3]

---

[3] These provisions are often referred to as the "jurisdiction-stripping" provisions of the INA.  *See, e.g., E. Bay Sanctuary Covenant v. Trump*, 950 F.3d 1242, 1270 (9th Cir. 2020).

"Under § 1252(e)(2), a person in expedited removal proceedings may file a habeas petition in federal district court to contest three DHS determinations: whether the person is a noncitizen, whether he 'was ordered removed' via expedited removal, and whether he is a lawful permanent resident or has another status exempting him from expedited removal." *Thuraissigiam*, 917 F.3d at 1101 (citing 8 U.S.C. § 1252(e)(2)(A)-(C)). Review of whether a petitioner "was ordered removed" is "limited to whether such an order in fact was issued and whether it relates to the petitioner." 8 U.S.C. § 1252(e)(5). "There shall be no review of whether the alien is actually inadmissible or entitled to any relief from removal." *Id.* The law permits an action challenging the "validity of the system," *id.* § 1252(e)(3), but it must be commenced in the District for the District of Columbia, *id.* Here, Proposed Intervenors do not dispute that they are noncitizens, they were "ordered removed" via expedited removal, and they do not have lawful permanent resident status or another status exempting them from expedited removal. Thus, the Court lacks jurisdiction over their claims.

The sum total of Proposed Intervenors' argument regarding the Court's jurisdiction is that "Defendants' actions violate the APA, which is a classic federal question over which this Court has jurisdiction under 28 U.S.C. § 1331" and that "Section 1252(a)(2)(A) was created to insulate four specific, discretionary types of decisions from judicial review: as applied challenges to removal orders, *see* 8 U.SC. § 1252(a)(2)(A)(i)-(iii) and 'procedures and policies adopted by the Attorney General to implement the provisions of section 1225(b)(1),' *see* 8 U.S.C. § 1252(a)(2)(A)(iv)." ECF No. 112 at 19. They argue that by "intervening in this case, [they] are not making as applied challenges to their removal orders." *Id.* Rather, they argue, their motion is an attack on a process that deprived them of a credible fear determination based on a Rule that has now been vacated. *See id.* at 7 ("After the District Court for the District of Columbia held that the Rule was unlawful and vacated it without qualification, rendering it void *ab initio*, Defendants refused to provide the Intervenors access to the asylum process that they would have had the right to access absent the vacated Rule."); *see also id.* at 20 (contending that as Proposed Intervenors "seek to join this action *and challenge their removal* alongside the Rule, they are not making as applied challenges to their individual removal orders" (emphasis added)).

11

*Thuraissigiam* forecloses this argument. There, the plaintiff argued that DHS's credible fear screening had deprived him "'of a meaningful right to apply for asylum' and other forms of relief, in violation of 8 U.S.C. § 1225(b)(1), its implementing regulations, and the United States Convention Against Torture." *Thuraissigiam*, 917 F.3d at 1102. He also argued that the asylum officer and IJ violated those statutes "by applying an incorrect legal standard" to Thuraissigiam's credible fear application. *Id.* The Ninth Circuit held that the district court lacked jurisdiction to review "the statutory, regulatory, and constitutional claims raised in his habeas petition." *Id.* at 1103. Rather, the court held, "Section 1252(e)(2), including Subsection (B), limits a district court to reviewing three basic factual determinations related to an expedited removal order" and "[b]ecause Thuraissigiam's petition [did] not challenge any of those determinations, § 1252(e)(2) [did] not authorize jurisdiction over the petition." *Id.* The same result obtains here. Because the substance of the relief Proposed Intervenors request is identical to that which would be sought through judicial review of a removal order – that the Court will "vacate[] the Rule" and "order Defendants to set aside Intervenors' removal orders and provide them access to the asylum process to which they would have been entitled absent the Rule," ECF No. 112 at 12 – the Court lacks jurisdiction to provide such review.

Proposed Intervenors point to Ninth Circuit administrative law cases holding that a court may vacate a rule as void if it is found to have violated the APA. ECF No. 112 at 12; *see also W.C. v. Bowen*, 807 F.2d 1502, 1505 (9th Cir. 1987). Proposed Intervenors then point to four other cases where courts have "held similarly in the immigration context." ECF No. 112 at 13. Unfortunately, these cases do not address the Section 1252 jurisdictional restrictions which proscribe review by this Court. *S.A. v. Trump* involved a challenge to DHS's termination of the CAM Parole Program and decision to rescind prior conditional approvals of parole. No. 18-cv-03539-LB, 2019 WL 990680, at *2 (N.D. Cal. Mar. 1, 2019). That legal change applied to potential migrants, and none of the plaintiffs in that case were subject to orders of removal. *Id.* The remaining three cases cited by Proposed Intervenors are also distinguishable as they were brought before the District Court for the District of Columbia, the only venue in which Congress has allowed claims involving challenges to the "validity of the system." 8 U.S.C. § 1252(e)(3)(A).

12

In each of these cases, the court found that the requirements of Section 1252(e)(3)(A) were met. *See L.M.-M. v. Cuccinelli*, 442 F. Supp. 3d 1, 18-19 (D.D.C. 2020); *see also Grace v. Whitaker*, 344 F. Supp. 3d 96, 108 (D.D.C. 2018), *aff'd in part, rev'd in part and remanded sub nom. Grace v. Barr*, 965 F.3d 883 (D.C. Cir. 2020) ("[T]he second proceeding available for judicial review is a systemic challenge to the legality of a 'written policy directive, written policy guideline, or written procedure issued by or under the authority of the Attorney General to implement' the expedited removal process. Jurisdiction to review such a systemic challenge is vested solely in the United States District Court for the District of Columbia." (citations omitted)); *Make the Road New York v. McAleenan*, 405 F. Supp. 3d 1, 28 (D.D.C. 2019) (expressing "little doubt" that Plaintiffs' claims qualified for review before the D.C. District Court under Section 1252). None of these cases changes the Court's conclusion that it lacks jurisdiction.

The Court takes no pleasure in this holding. "[T]he facts amassed by the plaintiffs are deeply troubling, and . . . Congress has been too parsimonious with judicial review in an area where individual lives and liberty are at stake." *M.M.V.*, 456 F. Supp. at 217. The Court respects the limitations on its jurisdiction set by Congress, but feels compelled to observe that Defendants may now remove Proposed Intervenors from the United States after denying them the right to apply for asylum based on an illegal rule. To put it mildly, that result is both "unsatisfying" and "unduly harsh." *Garcia de Rincon v. Dep't of Homeland Sec.*, 539 F.3d 1133, 1142 (9th Cir. 2008).[4]

## CONCLUSION

For the foregoing reasons, the Court finds that Proposed Intervenors cannot establish a protectable interest and therefore denies their motion for preliminary injunction and motion to intervene. The Court's prior temporary restraining order will remain in effect through and

/ / /

/ / /

/ / /

---

[4] In light of this conclusion, the Court need not reach the parties' remaining arguments.

including November 14, 2020 to permit Proposed Intervenors to seek emergency relief in the Ninth Circuit.[5]

**IT IS SO ORDERED.**

Dated: November 10, 2020



JON S. TIGAR
United States District Judge

---

[5] The Court encourages the parties to negotiate an expedited briefing schedule to eliminate the unnecessary urgency that characterized Proposed Intervenors' original motion.