Lee Gelernt*
Omar C. Jadwat*
Anand Balakrishnan*
Ming Cheung**
ACLU FOUNDATION
IMMIGRANTS' RIGHTS PROJECT
125 Broad Street, 18th Floor
New York, NY 10004
T: (212) 549-2660
F: (212) 549-2654
*lgelernt@aclu.org*
*ojadwat@aclu.org*
*abalakrishnan@aclu.org*
*mcheung@aclu.org*

Katrina Eiland (SBN 275701)
Cody Wofsy (SBN 294179)
Spencer Amdur (SBN 320069)
Morgan Russell (SBN 296137)
ACLU FOUNDATION
IMMIGRANTS' RIGHTS PROJECT
39 Drumm Street
San Francisco, CA 94111
T: (415) 343-0770
F: (415) 395-0950
*keiland@aclu.org*
*cwofsy@aclu.org*
*samdur@aclu.org*
*mrussell@aclu.org*

*Attorneys for Plaintiffs*
*(Additional counsel listed on following page)*

# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF CALIFORNIA

East Bay Sanctuary Covenant, *et al.,*

    *Plaintiffs*,

    v.

Jeffrey A. Rosen, *et al.,*

    *Defendants*.

Case No.: 3:19-cv-04073-JST

**MEMORANDUM IN SUPPORT OF PLAINTIFFS' MOTION FOR LEAVE TO FILE AMENDED AND SUPPLEMENTAL COMPLAINT AND TO LIFT STAY OF PROCEEDINGS**

Melissa Crow*
SOUTHERN POVERTY LAW CENTER
1101 17th Street, NW Suite 705
Washington, D.C. 20036
T: (202) 355-4471
F: (404) 221-5857
melissa.crow@splcenter.org

Baher Azmy**
Angelo Guisado**
Ghita Schwarz**
CENTER FOR CONSTITUTIONAL
RIGHTS
666 Broadway, 7th Floor
New York, NY 10012
T: (212) 614-6464
F: (212) 614-6499
bazmy@ccrjustice.org
aguisado@ccrjustice.org
gschwarz@ccrjustice.org

Vasudha Talla (SBN 316219)
Angélica Salceda (SBN 296152)
AMERICAN CIVIL LIBERTIES UNION
FOUNDATION OF NORTHERN
CALIFORNIA, INC.
39 Drumm Street
San Francisco, CA 94111
T: (415) 621-2493
F: (415) 255-8437
vtalla@aclunc.org
asalceda@aclunc.org

Attorneys for Plaintiffs

*Admitted pro hac vice
**Pro hac vice application forthcoming

**INTRODUCTION**

Plaintiffs move this Court for leave to file an amended and supplemental complaint under Federal Rules of Civil Procedure 15(a)(2) and (d), and to lift the existing stay of proceedings.[1]  This action currently challenges the Trump administration's interim final rule that categorically denies asylum to anyone who "enters, attempts to enter, or arrives" via the U.S.-Mexico border without having applied for and been denied asylum in a country through which they transited, with limited exceptions ("Interim Rule").  Plaintiffs seek to update their complaint to encompass the final version of the rule, which the Trump administration issued on December 17, 2020 ("Final Rule"), and which goes into effect on January 19, 2021.  This Court previously preliminarily enjoined the Interim Rule, and the Ninth Circuit affirmed the injunction.  And another district court in the District of Columbia vacated the Interim Rule.  The Final Rule suffers from the same defects as the Interim Rule and, accordingly, Plaintiffs propose to supplement their allegations to make clear that the Final Rule likewise violates the asylum laws under 8 U.S.C. § 1158, is arbitrary and capricious, and fails to comply with notice-and-comment requirements.  In addition, Plaintiffs seek to amend to add additional claims that challenge the Final Rule as unlawful because former Department of Homeland Security ("DHS") Acting Secretary Chad Wolf was not validly serving in that role when he issued it.

Plaintiffs easily satisfy Rule 15's lenient standard.  Plaintiffs merely seek to conform their original complaint to account for the subsequent issuance of the Final Rule and to add additional claims challenging it.  There is no bad faith, undue delay, or prejudice to Defendants that could warrant denying leave.  Indeed, Defendants chose to issue the final version of the policy mid-litigation.

Under Rule 15, amended or supplemental claims need only be non-futile.  Here, Plaintiffs challenge the Final Rule on the same grounds on which the materially-identical Interim Rule was

---

[1] Pursuant to Local Civil Rule 15, a copy of Plaintiffs' proposed First Amended and Supplemental Complaint is attached to this motion as Exhibit A.  A redline version that identifies the additions and alterations is attached as Exhibit B.

1

enjoined.  The additional claims proposed here are also likely to succeed.  Multiple courts have recently ruled that Chad Wolf was unlawfully serving as DHS Acting Secretary, including a court in this District.  *See Pangea Legal Services v. U.S. Dep't of Homeland Security*, No. 20-CV-09253-JD, 2021 WL 75756, at *5-7 (N.D. Cal. Jan. 8, 2021); *Batalla Vidal v. Wolf*, No. 16-CV-4756 (NGG) (VMS), 2020 WL 6695076, at *9 (E.D.N.Y. Nov. 14, 2020); *Nw. Immigrant Rights Project v. United States Citizenship & Immigration Servs.*, No. CV 19-3283 (RDM), 2020 WL 5995206, at *24 (D.D.C. Oct. 8, 2020); *Immigrant Legal Res. Ctr. v. Wolf*, No. 20-CV-05883-JSW, 2020 WL 5798269, at *7 (N.D. Cal. Sept. 29, 2020); *Casa de Maryland, Inc. v. Chad F. Wolf*, Case No. 8:20-cv-02118-PX, 2020 WL 5500165, at *23 (D. Md. Sept. 11, 2020).

Lifting the stay of proceedings is also appropriate due to the changed circumstances since it was granted and Plaintiffs' urgent need for relief against the Final Rule.[2]

## **RELEVANT BACKGROUND**

The Interim Rule was issued on July 16, 2019, and took effect immediately. Asylum Eligibility and Procedural Modifications, 84 Fed. Reg. 33,829 (July 16, 2019).  The agency did not go through notice-and-comment procedures but, instead, allowed for a 30-day comment period following the issuance of the Rule.  *Id.* at 33,830.  The Interim Rule, like the Final Rule, barred from asylum anyone who "enters, attempts to enter, or arrives" at the southern border without having applied for and been denied asylum in a country through which they transited, with limited exceptions.  *Id.* at 33,843.  As a practical matter, the policy bars nearly all non-Mexican asylum seekers at the U.S.-Mexico border.

This Court found that the Interim Rule likely violated the asylum statute, was arbitrary and capricious, and unlawfully bypassed notice-and-comment procedures, and preliminarily enjoined it. *E. Bay Sanctuary Covenant v. Barr*, 385 F. Supp. 3d 922, 930-31 (N.D. Cal. 2019).  A Ninth Circuit

---

[2] Plaintiffs intend to move for preliminary relief within the next few days.

MEMO ISO OF MOT. FOR LEAVE TO FILE AM. AND SUPPL. COMPLAINT, 3:19-cv-04073

panel affirmed that ruling on the merits in July 2020.[3]  *E. Bay Sanctuary Covenant v. Barr*, 964 F.3d 832, 858 (9th Cir. 2020).  On October 5, 2020, Defendants filed a petition for rehearing en banc with the Ninth Circuit, which remains pending.[4]  *E. Bay Sanctuary Covenant v. Barr*, 9th Cir. No. 19-16487, ECF No. 117 (Oct. 5, 2020).  On June 30, 2020, Judge Timothy Kelly of the D.C. District Court vacated the Interim Rule for failing to comply with notice-and-comment procedures.  *Capital Area Immigrants' Rights Coal. v. Trump*, 471 F. Supp. 3d 25, 57 (D.D.C. 2020).  Although the government appealed the order, it did not seek a stay of the ruling.  The Interim Rule has not been in effect since Judge Kelly's order.

On December 17, 2020, The Trump administration issued the Final Rule, which goes into effect on January 19, 2021, just a day before President-elect Biden's inauguration.  Asylum Eligibility and Procedural Modifications, 85 Fed. Reg. 82,260 (Dec. 17, 2020).  The Final Rule was "reviewed and approved" by then Acting DHS Secretary Chad Wolf.  *Id.* at 82,289.  In the Final Rule, Defendants state that they complied with notice-and-comment requirements because they issued the Final Rule following the 30-day, post-Interim Rule comment period.  *Id.* at 82,261.

The Final Rule is materially identical to the Interim Rule, save for two small changes that do not impact Plaintiffs' existing claims.  First, the Final Rule no longer exempts from the ban individuals who applied for and were denied protection from *torture* in a third country; in other words, the exemption is stricter—it now exempts only individuals who applied for and were denied *asylum* in a third country.  85 Fed. Reg. at 82,262, 82,289-90.  Second, individuals subject to the Final Rule need not seek protection in a third country that is a signatory only to the Convention

---

[3] Prior to the Ninth Circuit's decision affirming this Court's grant of a preliminary injunction, the United States Supreme Court stayed the injunction against the Interim Rule pending appeal, without opining on the merits of Plaintiffs' challenge.  *See Barr v. E. Bay Sanctuary Covenant*, 140 S. Ct. 3 (2019).
[4] On January 12, 2021, Defendants filed a notice with the Ninth Circuit alerting the court to the issuance of the Final Rule and its position that the Final Rule supersedes the Interim Rule effective January 19, 2021.  *E. Bay Sanctuary Covenant v. Barr*, 9th Cir. No. 19-16487 (ECF No. 118) (Jan. 12, 2021).

3

Against Torture (but not a signatory to either of the two refugee treaties) in order to be exempted from the ban.  *Id.*  However, because the Final Rule is aimed at asylum applicants arriving at the southern border and Mexico is a signatory to both refugee treaties, the elimination of countries that are signatories only to the Convention Against Torture has no practical impact on the Final Rule's operation.  *See E. Bay*, 964 F.3d at 855 ("The Rule targets only asylum applicants entering at our southern border with Mexico.").

Like the Interim Rule, the Final Rule does not require any individualized assessment of the asylum system in the country or countries through which a noncitizen transited, or any assessment of the asylum seeker's protection claims or reasons for not seeking protection in the transit country. *See* 85 Fed. Reg. at 82,266, 82,286, 82,270.  It likewise fails to meaningfully grapple with the evidence regarding whether Mexico, Guatemala, or any other transit country is in fact a safe option for asylum seekers.  *See id.* at 82,276-77.  And it continues to rest on the unsupported assumption that an individual who does not apply for asylum in a third country is unlikely to have a meritorious asylum claim.  *E.g.*, *id.* at 82,260, 82,263, 82,275.  Finally, the Final Rule again fails to provide a sufficiently reasoned explanation why unaccompanied minors, with their unique protection needs, do not warrant exemption from the ban.  *See id.* at 82,274, 82,277-78.

President-elect Biden has publicly pledged to end the asylum transit ban policy.  *See* Biden-Harris Campaign Platform, *available at* joebiden.com/immigration (noting that President-elect Biden would "end" certain anti-asylum policies, including those "imposing additional restrictions on anyone traveling through Mexico or Guatemala").

## ARGUMENT

### I.    The Court Should Grant Plaintiffs Leave to File an Amended and Supplemental Complaint.

Under Rule 15(d) of the Federal Rules of Civil Procedure, a court "may, on just terms, permit a party to serve a supplemental pleading setting out any transaction, occurrence, or event that

happened after the date of the pleading to be supplemented."  By allowing the parties to "bring[] the case up to date," this rule "promote[s] as complete an adjudication of the dispute between the parties as is possible." Charles Alan Wright & Arthur Miller, 6A *Federal Practice and Procedure* § 1504 (3d ed. 2019).  Rule 15(d) is intended to give district courts broad discretion to allow supplements that "promote the economical and speedy disposition of the controversy." *Keith v. Volpe*, 858 F.2d 467, 473 (9th Cir. 1988).  The supplemental pleading may include new allegations pertaining to events occurring since the operative complaint, as well as new claims and even new parties.  *Id.* at 475.

The legal standard for granting leave to file a supplemental complaint under Rule 15(d) is the same as the standard for a Rule 15(a) motion to amend.  *Lyon v. U.S. Immigration & Customs Enf't*, 308 F.R.D. 203, 214 (N.D. Cal. 2015).  Rule 15's policy of "favoring amendments to pleadings should be applied with extreme liberality."  *DCD Programs, Ltd. v. Leighton*, 833 F.2d 183, 186 (9th Cir. 1987) (internal quotation marks omitted).  Indeed, courts may decline leave "only if there is strong evidence of 'undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, [or] futility of amendment, etc.'"  *Sonoma Cnty. Ass'n of Retired Emps. v. Sonoma Cnty.*, 708 F.3d 1109, 1117 (9th Cir. 2013) (quoting *Foman v. Davis*, 371 U.S. 178, 182 (1962)); *see also United States v. Corinthian Colls.*, 655 F.3d 984, 995 (9th Cir. 2011).  "The party opposing amendment bears the burden of showing prejudice."  *DCD Programs, Ltd.*, 833 F.2d at 187.

Granting Plaintiffs leave to file an amended and supplemental complaint is appropriate under this standard.  Defendants cannot assert that they will be prejudiced by the proposed complaint, which merely conforms Plaintiffs' allegations to account for the subsequent issuance of the Final Rule and adds additional claims challenging the Final Rule.  Defendants chose to issue the Final Rule while litigation around the Interim Rule was still ongoing.  Plaintiffs should thus be permitted

5

to bring the case up to date to ensure the efficient and timely disposition of the parties' full

controversy over the transit ban policy.  Additionally, there is no evidence of undue delay, bad faith,

or dilatory motive underlying this motion, as Plaintiffs have filed this request shortly after the Final

Rule was issued and intend to seek preliminary relief against the policy to protect themselves from

harm.  Plaintiffs routinely supplement and amend their complaints under similar circumstances.  *See,*

*e.g.*, *Batalla Vidal v*. Wolf, 17-CV-5228, ECF No. 271 (E.D.N.Y. Aug. 28, 2020) (Plaintiffs' Second

Amended Supplemental Complaint challenging a subsequently-issued Deferred Action for

Childhood Arrivals policy memo); *Defs. of Wildlife v. Johanns*, No. 04-cv-4512, 2005 WL 2620564,

at *3 (N.D. Cal. Oct. 14, 2005) (noting that plaintiffs supplemented complaint originally challenging

interim final rule to cover subsequently-issued final rule); *N.A.A.C.P., Jefferson Cty. Branch v. U.S.*

*Sec'y of Labor*, 846 F. Supp. 91, 94 (D.D.C. 1994) (observing that plaintiffs were granted leave to

supplement and amend their complaint to challenge agency interpretation of new rulemaking

regarding the same policy already at issue in the litigation).  Finally, the amended claims challenging

the Final Rule are not futile.  Indeed, they challenge the Final Rule on the same grounds on which

the materially-identical Interim Rule was enjoined, and Plaintiffs are also likely to succeed in

showing that that Defendant Wolf was improperly serving as DHS Acting Secretary.  *See supra* at 2

(citing recent cases finding that Wolf was unlawfully serving as Acting Secretary).

## II. The Court Should Lift the Stay of Proceedings.

In deciding whether a stay of proceedings is appropriate, courts weigh "the possible damage

which may result from the granting of a stay, the hardship or inequity which a party may suffer in

being required to go forward, and the orderly course of justice measured in terms of the simplifying

or complicating of issues, proof, and questions of law which could be expected to result from a

stay." *Lockyer v. Mirant Corp.*, 398 F.3d 1098, 1110 (9th Cir. 2005) (quoting *CMAX, Inc. v. Hall*,

300 F.2d 265, 268 (9th Cir. 1962)).  "The power to grant a stay includes the inherent power and

discretion to lift that stay," *Thomas v. Home Depot USA Inc.*, 2007 WL 2140917, at *1 (N.D. Cal.

6

Jul. 25, 2007). including when "circumstances have changed such that the court's reasons for imposing the stay no longer exist or are inappropriate," *Akeena Solar Inc. V. Zep Solar Inc.*, 2011 WL 2669453, at *2 (N.D. Cal. Jul. 7, 2011).

This Court should exercise its discretion to lift the stay of proceedings based on the issuance of the Final Rule, which is a significant changed circumstance, and the harm to Plaintiffs if the stay is not lifted. *Lockyer*, 398 F.3d at 1112 (the ability to "seek[] injunctive relief against ongoing and future harm" militates against a stay). The Interim Rule was vacated in June 2020 by Judge Kelly in the District of Columbia and thus has not been in effect for more than six months. Now that the Final Rule is in effect, the Plaintiff organizations will once again experience a diversion of their resources, frustration of their missions, and loss of funding that this Court found constituted irreparable harm when it preliminarily enjoined the Interim Rule. *See E. Bay*, 385 F. Supp. 3d at 957-58; *see also* Ex. A ¶¶ 206-210. By contrast, Defendants would suffer no hardship or inequity if the litigation moves forward with respect to the Final Rule. *See Lockyer*, 398 F.3d at 1112 (explaining that "being required to defend suit, without more, does not constitute 'a clear case of hardship or inequity'" for stay purposes).

## CONCLUSION

For the foregoing reasons, Plaintiffs respectfully request that the Court grant Plaintiffs permission to file their proposed First Amended and Supplemental Complaint, attached as Exhibit A, and lift the existing stay of proceedings.

Dated: January 19, 2021                    Respectfully submitted,

Lee Gelernt*                               /s/Katrina L. Eiland
Omar C. Jadwat*                            Katrina Eiland (SBN 275701)
Anand Balakrishnan*                        Cody Wofsy (SBN 294179)
Ming Cheung**                              Spencer Amdur (SBN 320069)
ACLU FOUNDATION                            Morgan Russell (SBN 296137)
IMMIGRANTS' RIGHTS PROJECT                 ACLU FOUNDATION
125 Broad Street, 18th Floor               IMMIGRANTS' RIGHTS PROJECT
New York, NY 10004                         39 Drumm Street
T: (212) 549-2660

MEMO ISO OF MOT. FOR LEAVE TO FILE AM. AND SUPPL. COMPLAINT, 3:19-cv-04073

F: (212) 549-2654
*lgelernt@aclu.org*
*ojadwat@aclu.org*
*abalakrishnan@aclu.org*
*mcheung@aclu.org*

Melissa Crow*
SOUTHERN POVERTY LAW CENTER
1101 17th Street NW, Suite 705
Washington, DC 20036
T: (202) 355-4471
F: (404) 221-5857
*melissa.crow@splcenter.org*

San Francisco, CA 94111
T: (415) 343-0770
F: (415) 395-0950
*keiland@aclu.org*
*cwofsy@aclu.org*
*samdur@aclu.org*
*mrussell@aclu.org*

Baher Azmy**
Angelo Guisado**
Ghita Schwarz**
CENTER FOR CONSTITUTIONAL RIGHTS
666 Broadway, 7th Floor
New York, NY 10012
Telephone: (212) 614-6464
Facsimile: (212) 614-6499
*bazmy@ccrjustice.org*
*aguisado@ccrjustice.org*
*gschwarz@ccrjustice.org*

Vasudha Talla (SBN 316219)
Angélica Salceda (SBN 296152)
AMERICAN CIVIL LIBERTIES UNION
FOUNDATION OF NORTHERN
CALIFORNIA, INC.
39 Drumm Street
San Francisco, CA 94111
T: (415) 621-2493
F: (415) 255-8437
*vtalla@aclunc.org*
*asalceda@aclunc.org*

*Attorneys for Plaintiffs*

*Admitted pro hac vice
**Pro hac vice application forthcoming*