BRIAN M. BOYNTON
*Assistant Attorney General*
WILLIAM C. PEACHEY
*Director*
EREZ REUVENI
*Assistant Director*
Office of Immigration Litigation
U.S. Department of Justice, Civil Division
P.O. Box 868, Ben Franklin Station
Washington, DC 20044
Tel: (202) 307-4293
Email: Erez.R.Reuveni@usdoj.gov

UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| East Bay Sanctuary Covenant, *et al.*,<br><br>Plaintiffs,<br><br>v.<br><br>Robert M. Wilkinson, *et al.*,<br><br>Defendants. | Civil Action No. 4:19-cv-04073-JST |

**RESPONSE TO MOTION FOR PRELIMINARY INJUNCTION**

On December 17, 2020, the prior administration issued a final rule adopting almost verbatim the interim final rule this Court previously enjoined on July 24, 2019. *See* Asylum Eligibility and Procedural Modifications, 85 Fed. Reg. 82,260 (Dec. 17, 2020) ("final rule"). The final rule superseded the interim final rule on January 19, 2020. *Id.* Like the interim final rule, the final rule relies on the Attorney General and the Secretary of Homeland Security's authority under 8 U.S.C. § 1158(b)(2)(C) to "by regulation establish additional limitations and conditions, consistent with this section, under which an alien shall be ineligible for asylum." In enjoining the interim final rule this Court held, among other things, that the interim final rule "fundamentally conflicts" with the asylum statute, and is not "consistent" with section 1158. *East Bay Sanctuary Covenant v. Barr*, 385 F. Supp. 3d 922, 945 (N.D. Cal.), *order reinstated*, 391 F. Supp. 3d 974 (N.D. Cal. 2019), aff'd, 964 F.3d 832 (9th Cir. 2020), *and aff'd*, 964 F.3d 832 (9th Cir. 2020). Although the Supreme Court stayed this Court's injunction on September 11, 2019, *see Barr v. East Bay Sanctuary Covenant*, 140 S. Ct. 3 (2019), the Ninth Circuit on July 6, 2020 upheld the Court's injunction. *See East Bay Sanctuary Covenant v. Barr*, 964 F.3d 832, 846 (9th Cir. 2020). Among other things, the Ninth Circuit concluded that the interim final rule is not "'consistent with' § 1158, as required by § 1158(b)(2)(C)." *Id.* The government sought rehearing en banc of the decision, but that petition remains pending. *See* Dkt. 117, *East Bay Sanctuary Covenant v. Barr*, Nos. 19-16487, 19-16773 (9th Cir.). Unless and until the en banc court grants the petition, the Ninth Circuit's published decision affirming this Court's injunction—including its statutory authority ruling—is controlling law of the circuit. *See East Bay Sanctuary Covenant v. Trump*, 950 F.3d 1242, 1261-65 (9th Cir. 2020).

Plaintiffs have sought to amend their complaint and to lift the stay of proceedings,[1] and move for a new preliminary injunction enjoining the final rule. Dkts. 130, 131-1. Among other things, as with the interim final rule, they contend that the final rule exceeds the Departments' statutory authority under section 1158. Dkt. 131-1 at 6-7. Although the government's petition for rehearing en banc at the Ninth Circuit remains pending, the government acknowledges that the Ninth Circuit's decision is law of the circuit and therefore controlling in this case. The government

---

[1] The government consents to the motions to lift the stay and to amend the complaint.

DEFENDANTS' RESPONSE TO MOTION FOR
PRELIMINARY INJUNCTION
*East Bay Sanctuary Covenant v. Wilkinson*, Case No. 4:19-cv-04073-JST

1

similarly recognizes that this Court and the Ninth Circuit have both held that the other preliminary-injunction factors support Plaintiffs' prior motion.

Should the Court find that an injunction is warranted, the government respectfully submits that the Court need only rely on the statutory-authority holding in the Ninth Circuit's precedential decision in *East Bay*. *See* 964 F.3d at 846. As this Court has previously concluded, it need not address any of Plaintiffs' other arguments where the statutory-authority holding in *East Bay* is "dispositive." *See Cardone v. Cty. of Alameda*, No. 19-CV-00221-JST, 2019 WL 7816822, at *2 (N.D. Cal. July 30, 2019) (Tigar, J.) (when an "argument is dispositive" the Court need not "reach Defendants' alternative argument").

Respectfully submitted,

BRIAN M. BOYNTON
Acting Assistant Attorney General

WILLIAM C. PEACHEY
Director

By: */s/ Erez Reuveni*
EREZ REUVENI
Assistant Director
Office of Immigration Litigation
U.S. Department of Justice, Civil Division
P.O. Box 868, Ben Franklin Station
Washington, DC 20044
Tel: (202) 307-4293
Email: Erez.R.Reuveni@usdoj.gov

Dated: February 1, 2021              *Attorneys for Defendants*

# **CERTIFICATE OF SERVICE**

I hereby certify that on February 1, 2021, I electronically filed the foregoing document with the Clerk of the Court for the United States Court of for the Northern District of California by using the CM/ECF system. Counsel in the case are registered CM/ECF users and service will be accomplished by the CM/ECF system.

By: */s/ Erez Reuveni*
EREZ REUVENI
Assistant Director
United States Department of Justice
Civil Division

DEFENDANTS' RESPONSE TO MOTION FOR
PRELIMINARY INJUNCTION
*East Bay Sanctuary Covenant v. Wilkinson*, Case No. 4:19-cv-04073-JST

3