UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| EAST BAY SANCTUARY COVENANT, et al.,<br><br>   Plaintiffs,<br><br>   v.<br><br>WILLIAM BARR, et al.,<br><br>   Defendants. | Case No. 19-cv-04073-JST<br><br>**ORDER GRANTING PRELIMINARY INJUNCTION**<br><br>Re: ECF No. 131 |

On December 17, 2020, just weeks before a change in presidential administrations – and with an effective date of January 19, 2021, just one day before that change – the Department of Homeland Security ("DHS") issued the final third country transit ban rule, entitled "Asylum Eligibility and Procedural Modifications" (the "Final Rule"). 85 Fed. Reg. 82,260 (Dec. 17, 2020) (codified at 8 C.F.R. pts. 208, 1208). The Final Rule is functionally equivalent to the interim rule that this Court preliminarily enjoined (and another court vacated). 84 Fed. Reg. 33,829 ("Interim Rule"). It categorically denies asylum to most persons entering the United States at the southern border who did not first apply for asylum in Mexico or another third country.

Under controlling Ninth Circuit law, the Final Rule is invalid because it is inconsistent with existing asylum laws. As with the Interim Rule, the Final Rule deprives vulnerable asylum applicants of essential procedural safeguards designed to avoid arbitrary denials of asylum. Also, rather than ensure their safety, the rule increases the risk asylum applicants will be subjected to violence. *See E. Bay Sanctuary Covenant v. Barr*, 385 F. Supp. 3d 922, 953-56 (N.D. Cal. 2019) ("*E. Bay I*"). For these reasons, and the additional reasons set forth below, the Court now enjoins the Final Rule from taking effect.

## I. BACKGROUND

On July 16, 2019, the Department of Justice ("DOJ") and the Department of Homeland Security published a joint interim final rule, entitled "Asylum Eligibility and Procedural Modifications." 84 Fed. Reg. 33,829. The effect of the Interim Rule was to categorically deny asylum to most persons entering the United States at the southern border if they had not first applied for asylum in Mexico or another third country through which they passed. *Id.* In promulgating the Interim Rule, the agencies invoked their authority to establish conditions consistent with 8 U.S.C. § 1158. 84 Fed. Reg. at 33,834.

Plaintiffs East Bay Sanctuary Covenant, Al Otro Lado, Innovation Law Lab, and Central American Resource Center filed this lawsuit against relevant federal agencies and agency officials on July 16, 2019, the day the Rule went into effect. ECF No. 1. On July 24, 2019, the Court granted Plaintiffs' motion for a preliminary injunction, finding that Plaintiffs were likely to succeed on the merits of their claims that the rule was substantively invalid, that the Rule was arbitrary and capricious, and that there were serious questions as to Defendants' attempts to rely on the foreign affairs and good cause exceptions to notice and comment rulemaking requirements. ECF No. 42; *E. Bay I*, 385 F. Supp. 3d at 922. Defendants appealed the Court's order to the Ninth Circuit on July 29, 2019, ECF No. 46, and again on September 10, 2019, ECF No. 75, after the Court restored the nationwide scope of the injunction, ECF No. 73. On August 26, 2019, Defendants applied to the United States Supreme Court for an emergency stay of the preliminary injunction pending resolution of their appeal. *Barr v. E. Bay Sanctuary Covenant*, No. 19A230 (Aug. 26, 2019). The Supreme Court granted Defendants' request and stayed the order granting the preliminary injunction and order restoring the injunction's nationwide scope. *Id.* (Sept. 11, 2019). The Supreme Court's stay remains in effect "pending disposition of the Government's appeal in the United States Court of Appeals for the Ninth Circuit and disposition of the Government's petition for a writ of certiorari, if such a writ is sought." *Id.*

The Interim Rule was also challenged in an action filed in the District Court for the District of Columbia. On June 30, 2020, that court granted summary judgment for the plaintiffs and vacated the Interim Rule, finding that it was invalid under the Administrative Procedures Act

("APA") for failing to adhere to notice and comment procedures. *See Cap. Area Immigrants' Rights Coal. v. Trump*, Civil Action Nos. 19-2117 (TJK), 19-2530 (TJK), 2020 WL 3542481 (D.D.C. June 30, 2020). The government appealed this decision to the D.C. Circuit, ECF No. 131 at 9, but the vacatur remains in effect.

On July 6, 2020, the Ninth Circuit affirmed both preliminary injunction orders in this case, holding that the Interim Rule was "not in accordance with law" and that the injunctions properly "cover[ed] the four states along our border with Mexico." *E. Bay Sanctuary Covenant v. Barr*, 964 F.3d 832, 857 (9th Cir. 2020) ("*E. Bay II*"). On October 5, 2020, Defendants filed a petition for rehearing en banc, *E. Bay Sanctuary Covenant*, Nos. 19-16487, 19-16773, ECF No. 117 (9th Cir. Oct. 5, 2020), which remains pending.

On December 17, 2020, Acting DHS Secretary Chad Wolf "reviewed and approved" the Final Rule and authorized former Acting General Counsel Chad Mizelle to "electronically sign" it for the purpose of publishing it in the Federal Register. 85 Fed. Reg. 82,289. The Final Rule went into effect on January 19, 2021, and – as the Government concedes – it is "almost verbatim the interim final rule this Court previously enjoined." ECF No. 136 at 2. The Final Rule is different from the Interim Rule in two ways. 85 Fed. Reg. 82,261-62, 82,289-90. First, the Final Rule does not exempt individuals who applied for and were denied protection from torture in a third country. It now only exempts those who applied for and were denied asylum in a third country. Second, individuals are exempt from the Final Rule if the countries they traveled to were signatories to the Convention Against Torture but not to the 1951 Convention on the Status of Refugees ("1951 Convention") or the 1967 Protocol Relating to the Status of Refugees ("1967 Protocol").[1]

Plaintiffs have filed an amended complaint challenging the Final Rule, ECF No. 134, and now seek a preliminary injunction on the grounds that the Final Rule is contrary to law and arbitrary and capricious for the same reasons that the "materially-identical Interim Rule" was, and for the "independent reason" that Chad Wolf was unlawfully serving as Acting DHS Secretary

---

[1] The second change has no practical effect because Mexico is a signatory to both refugee treaties. *See E. Bay II*, 964 F.3d at 855 ("The [Interim] Rule targets only asylum applicants entering at our southern border with Mexico.").

when the Rule was issued.  ECF No. 131 at 8.  The Government filed a response to the motion, in which it "acknowledges that the Ninth Circuit's decision [affirming the preliminary injunction order in this case] is law of the circuit and therefore controlling."  ECF No. 136 at 2.  And Plaintiffs filed a reply to note their agreement that "it would be sufficient for the Court to grant preliminary relief 'on the statutory-authority holding in the Ninth Circuit's precedential decision.'"  ECF No. 137 at 2.

## II.  LEGAL STANDARD

To be entitled to a preliminary injunction, the moving party must show: (1) a likelihood of success on the merits; (2) a likelihood of irreparable harm to the moving party in the absence of preliminary relief; (3) that the balance of equities tips in favor of the moving party; and (4) that an injunction is in the public interest.  *Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 20 (2008).  "When the government is a party, these last two factors merge."  *E. Bay II*, 964 F.3d at 845 (quotation marks and citation omitted).  To grant preliminary injunctive relief, a court must find that "a certain threshold showing [has been] made on each factor."  *Leiva-Perez v. Holder*, 640 F.3d 962, 966 (9th Cir. 2011) (per curiam).  "[S]erious questions going to the merits and a balance of hardships that tips sharply towards the plaintiff can support issuance of a preliminary injunction, so long as the plaintiff also shows that there is a likelihood of irreparable injury and that the injunction is in the public interest."  *All. for the Wild Rockies v. Cottrell*, 632 F.3d 1127, 1135 (9th Cir. 2011) (quotation marks omitted).

## III.  DISCUSSION

The Parties agree that the Court can rely on *East Bay II* to hold that Plaintiffs are likely to succeed on the merits because the Ninth Circuit has held that the Interim Rule, which is materially identical to the Final Rule, is contrary to 8 U.S.C. § 1158.  ECF No. 136 at 2-3; ECF No. 137 at 2.  In brief, the Ninth Circuit held that the Interim Rule was "not in accordance with law" or "in excess of statutory limitations" because it was inconsistent with both the safe-third-country and the firm-resettlement provisions of § 1158.  5 U.S.C. § 706(2)(A), (C); *East Bay II*, 964 F.3d at 845-49.  *East Bay II* explained that "[a] critical component of both [the safe-third-country and firm-resettlement] bars is the requirement that the alien's 'safe option' be genuinely safe," and that

4

the Interim Rule did "virtually nothing to ensure that a third country is a 'safe option.'" *Id.* at 847 (citation and quotation marks omitted).

Although the Final Rule avers to "have addressed the Ninth Circuit's concerns by further explaining . . . how the transit bar is consistent" with § 1158, 85 Fed. Reg. 82,267 n.18, the Court finds that the Final Rule remains inconsistent with § 1158. Once again, "[t]he sole protection provided by the [Final] Rule is its requirement that the country through which the barred alien has traveled be a 'signatory' to the 1951 Convention and the 1967 Protocol." *East Bay II*, 964 F.3d at 847. As the Government acknowledges, the Ninth Circuit has already held that "[t]his requirement does not remotely resemble the assurances of safety built into the two safe-place bars of § 1158," *id.*, and in fact is inconsistent with those provisions, *id.* at 845-49.

In addition, the Court notes that the Final Rule does not acknowledge the "mountain of evidence" contradicting the agencies' conclusion that asylum in Mexico is a feasible alternative to asylum in the United States, *id.* at 850-51, and instead repeatedly relies on a memorandum from the U.S. Ambassador to Mexico to vaguely assert that reports of violence in Mexico "do not reflect conditions across the country as a whole" and that "discussions about conditions in Mexico oftentimes conflate the perils that refugees might face traversing across dangerous parts of Mexico en route to the United States with the ability to seek protection in a safe place in Mexico," 85 Fed. Reg. 82,271, 82,277, 82,286. The agencies offer no evidence to support these assertions. Finally, the Final Rule contends that

> if an alien believes that he or she would likely be subject to persecution on account of a protected ground or torture in the country that he or she transits en route to the United States, he or she may seek withholding of removal under section 241(b)(3) . . . or withholding of removal or deferral of removal under the [Convention Against Torture ("CAT")] regulations.

*Id.* at 82,276. As the Ninth Circuit has explained, "the standards for granting withholding or CAT relief are higher than those governing a grant of asylum," and withholding and CAT relief are "less advantageous than asylum relief." 964 F.3d at 843. Thus, these "forms of relief are not coextensive in important ways." *East Bay I*, 385 F. Supp. 3d at 959. The Court concludes that the Final Rule is "not in accordance with law" and is "in excess of statutory limitations" for the

5

reasoning articulated in *East Bay II*; the Final Rule is inconsistent with the safe-third-country and firm-resettlement bars of § 1158. Plaintiffs have therefore demonstrated a likelihood of success on the merits.

The Parties also agree that *East Bay II*'s analysis of the other preliminary-injunction factors applies equally to the Final Rule. ECF No. 136 at 2; ECF No. 137 at 2. The Ninth Circuit affirmed this Court's conclusion that Plaintiffs had "established a sufficient likelihood of irreparable harm through diversion of resources and the non-speculative loss of substantial funding from other sources" as a result of the functionally identical Interim Rule, and that the balance of equities and the public interest favored Plaintiffs. 964 F.3d at 854-55. The Ninth Circuit explained that the public has an interest in "not returning refugees to their persecutors or to a country where they would be endangered," and in "ensuring that 'statutes enacted by [their] representatives' are not imperiled by executive fiat." *Id.* (quotation marks and citation omitted). Nothing about the Final Rule affects these considerations or changes this Court's conclusion – as affirmed by the Ninth Circuit – that the other preliminary-injunction factors also support Plaintiff's motion. The Court therefore holds that Plaintiffs have satisfied their burden and are entitled to a preliminary injunction.

Although the Court need not reach Plaintiffs' additional arguments for why a preliminary injunction should issue, the Court briefly notes that a preliminary injunction is further supported by the likelihood that (1) and because the government's decision to promulgate the Final Rule was arbitrary and capricious and (2) Chad Wolf lacked the authority to issue the Final Rule.

The Ninth Circuit affirmed this Court's holding that the Interim Rule was arbitrary and capricious because: (1) evidence in record contradicted the agencies' conclusion that immigrants barred by the Interim Rule had "safe options in Mexico" and (2) the agencies did not justify their assumption that failing to apply for asylum in a third country makes an immigrant less likely to have meritorious asylum claim. *E. Bay II*, 964 F.3d at 849-50.[2] The Final Rule has not adequately

---

[2] The Ninth Circuit also affirmed this Court's finding that the Interim Rule was arbitrary and capricious because the agencies "entirely failed to consider an important aspect of the problem" by not addressing the special vulnerability of unaccompanied minors, and why they were not exempted from the rule. *Id.* at 853-54. The Final Rule explicitly considers the "particular

addressed these failings. As discussed above, the Final Rule does not acknowledge – let alone answer – the "mountain of evidence" contradicting the agencies' conclusion that asylum in Mexico is a feasible alternative to asylum in the United States. *Id.* at 850-51. The Ninth Circuit held that "given the strength of th[e] alternative explanation" – that immigrants are not applying for asylum in Mexico or Guatemala because these countries are dangerous for immigrants – "the agencies' assumption 'runs counter to the evidence before the agency.'" *Id.* at 853 (citation omitted). As explained above, the agencies again failed to consider this alternative explanation in issuing the Final Rule. Although the Final Rule states that "an alien's subjective belief that refuge in another country is unavailable or less desirable than settling in the United States does not support the persuasiveness of that alien's asylum claim," it does not consider that this evidence *does* support Plaintiffs' argument that an immigrant's decision not to apply for asylum in a third country does not undermine the strength of their asylum claim. 85 Fed. Reg. 82,286 n.48.

Finally, the Court notes that the Final Rule is likely unlawful because Chad Wolf did not have the authority to issue the Final Rule. Several district courts have commented on Wolf's lack of statutory authority to serve as Acting Secretary and the resulting invalidity of actions he took during that service. *See, e.g.*, *Pangea Legal Servs. v. DHS*, No. 20-cv-9253-JD, 2021 WL 75756, at *3-6 (N.D. Cal. Jan. 8, 2021); *Batalla Vidal v. Wolf*, No. 16-CV-4756 (NGG) (VMS), 2020 WL 6695076, at *1 (E.D.N.Y. Nov. 14, 2020); *Nw. Immigrant Rts. Project v. USCIS*, No. 19-3283 (RDM), 2020 WL 5995206, at *24 (D.D.C. Oct. 9, 2020); *Casa de Maryland, Inc. v. Wolf*, No. 8:20-cv-2118-PX, 2020 WL 5500165, at *20-23 (D. Md. Sept. 11, 2020). The Government offers no response to the growing chorus of authority holding that Wolf was unlawfully serving as Acting Secretary of DHS when the Final Rule was issued.

**IV.     CONCLUSION**

For the foregoing reasons, Plaintiffs' motion for preliminary injunction is granted.

---

vulnerability" of unaccompanied minors and concludes that "encouraging [them] to apply for asylum in Mexico through the promulgation of this rule will not jeopardize the wellbeing of [unaccompanied minors] in a way that would warrant exempting [them] from the rule's scope." 85 Fed. Reg. 82,274, 82,286 n.48. *See also id.* at 82,274-75; 82,277-78. The Court need not consider Plaintiffs' argument that the Final Rule is based on the same principal justifications that this Court and the Ninth Circuit rejected in considering the Interim Rule. ECF No. 131 at 18-20.

7

Defendants are hereby ORDERED AND ENJOINED, pending final judgment herein or further order of the Court, from taking any action continuing to implement the Final Rule and ORDERED to return to the pre-Final Rule practices for processing asylum applications.

**IT IS SO ORDERED.**

Dated: February 16, 2021



JON S. TIGAR
United States District Judge