1   SARAH HARRINGTON
    *Deputy Assistant Attorney General*
2   WILLIAM C. PEACHEY
    *Director*
3   EREZ REUVENI
    *Assistant Director*
4   Office of Immigration Litigation
5   U.S. Department of Justice, Civil Division
    P.O. Box 868, Ben Franklin Station
6   Washington, DC 20044
    Tel: (202) 307-4293
7   Email: Erez.R.Reuveni@usdoj.gov
8
9                **UNITED STATES DISTRICT COURT**
10           **FOR THE NORTHERN DISTRICT OF CALIFORNIA**
11   _____
12   East Bay Sanctuary Covenant, *et al.*,        )
                                                   )
13              Plaintiffs,                         )
                                                   )
14                                                  )
     v.                                             )          Civil Action No. 4:19-cv-04073-JST
15                                                  )
16   Robert M. Wilkinson, *et al.*,                 )
                                                   )
17              Defendants.                         )
18   _____)
19           **JOINT MOTION TO STAY PROCEEDINGS**
20
21
22
23
24
25
26
27
28

The parties respectfully move this Court to hold this case in abeyance pending the Department of Homeland Security's and the Attorney General's ("Departments") review of the rule at issue in this case, Asylum Eligibility and Procedural Modifications (the "final rule"). 85 Fed. Reg. 82,260 (Dec. 17, 2020) (codified at 8 C.F.R. §§ 208, 1208). In support of this motion, the parties state as follows:

1.   This case involves an Administrative Procedure Act ("APA") challenge to an interim final rule and final rule, both of which render ineligible for asylum most persons entering the United States at the southern border who did not first apply for and receive a denial of protection from persecution or torture while in a third country through which they transited en route to the United States.

2.   The case was previously stayed pending resolution of the government's appeal from this Court's order issuing a preliminary injunction of the interim final rule, "Asylum Eligibility and Procedural Modifications, 84 Fed. Reg. 33,829 ("interim final rule"). Dkt. 93.

3.   However, on December 17, 2020, Defendants issued the final rule, which superseded the interim final rule when it became effective on January 19, 2021.

4.   On January 19, 2021, Plaintiffs filed a proposed amended complaint and a motion to lift the stay of proceedings to challenge the final rule. Dkt. 130. Plaintiffs subsequently filed a motion for a preliminary injunction of the final rule. Dkt. 131.

5.   The Court lifted the stay on January 28, 2021, following the parties' stipulation that the stay should be lifted to allow Plaintiffs to amend their complaint to challenge the final rule. Dkt. 128.

6.   This Court preliminarily enjoined the final rule on February 16, 2021. Dkt. 138.

7.   While Plaintiffs' motion for a preliminary injunction was pending, President Biden signed an Executive Order which directed "[t]he Attorney General and the Secretary of Homeland Security [to] promptly review and determine whether to rescind . . . the final rule titled 'Asylum Eligibility and Procedural Modifications,' 85 Fed. Reg. 82,260 (December 17, 2020), as well as any agency memoranda or guidance that were issued in reliance on th[at] rule[]." *See* Executive Order 14010, Executive Order on Creating a Comprehensive Regional Framework to Address the

Causes of Migration, to Manage Migration Throughout North and Central America, and to Provide Safe and Orderly Processing of Asylum Seekers at the United States Border (the "Executive Order"), § 4.a.ii.C, 86 Fed. Reg. 8257, 8269-70 (Feb. 5, 2021).

8.  In light of the ongoing review of the final rule by the new administration, the parties respectfully request that the Court hold the case in abeyance pending the conclusion of the Departments' review of the final rule. *See Clinton v. Jones*, 520 U.S. 681, 706 (1997) ("The District Court has broad discretion to stay proceedings as an incident to its power to control its own docket."). Given the President's directive that "[t]he Attorney General and the Secretary of Homeland Security [] promptly review and determine whether to rescind the interim final rule," Executive Order, § 4.a.ii.C, the rule may eventually be modified or rescinded. If, following their review, the Departments elect to promulgate a new rule that is different from the final rule or to rescind it entirely, that could obviate the need for judicial review of the final rule. *See California v. Azar*, 911 F.3d 558, 569 (9th Cir. 2018). Accordingly, holding the case in abeyance will serve judicial economy and prevent potentially unnecessary expenditures of the resources of the Court and the parties.

9.  No party will be prejudiced by an abeyance under the current circumstances. As to the government, "[a]n initial agency interpretation is not instantly carved in stone. On the contrary, the agency must consider varying interpretations and the wisdom of its policy on a continuing basis," for example, in response to changed factual circumstances, or a change in administration." *Nat'l Cable & Telecommunications Ass'n v. Brand X Internet Servs.*, 545 U.S. 967, 981 (2005). An abeyance would permit the new administration time to reconsider the wisdom of the final rule, as directed by the President's February 2, 2021 Executive Order, without the need to meet simultaneous litigation deadlines.  *See, e.g., Save Jobs USA v. Dep't of Homeland Sec.*, 942 F.3d 504, 508 (D.C. Cir. 2019) (previously holding "the case in abeyance, initially to allow the incoming administration time to consider the case and later because the Department expected to begin the process of rescinding the rule"). In addition, Plaintiffs will not be harmed by a stay, so long as the Court's preliminary injunction remains in effect, preventing the rule from being applied nationwide.

Dated: February 25, 2021                    Respectfully submitted,

                                            SARAH HARRINGTON
                                            Deputy Assistant Attorney General

                                            WILLIAM C. PEACHEY
                                            Director

                                        By: /s/ *Erez Reuveni*
                                            EREZ REUVENI
                                            Assistant Director
                                            Office of Immigration Litigation
                                            U.S. Department of Justice, Civil Division
                                            P.O. Box 868, Ben Franklin Station
                                            Washington, DC 20044
                                            Tel: (202) 307-4293
                                            Email: erez.r.reuveni@usdoj.gov


                                            *Attorneys for Defendants*

                                            */s/Katrina Eiland*
                                            Katrina Eiland
                                            AMERICAN CIVIL LIBERTIES UNION
                                            FOUNDATION
                                            IMMIGRANTS' RIGHTS PROJECT
                                            39 Drumm Street
                                            San Francisco, CA 94111
                                            T: (415) 343-0782
                                            F: (415) 395-0950
                                            Email: keiland@aclu.org

                                            *Attorneys for Plaintiffs*

1

### CERTIFICATE OF SERVICE

2       I hereby certify that on February 25, 2021, I electronically filed the foregoing document

3 with the Clerk of the Court for the United States Court of for the Northern District of California

4 by using the CM/ECF system. Counsel in the case are registered CM/ECF users and service will

5 be accomplished by the CM/ECF system.

6

7                  By: */s/ Erez Reuveni*

                        EREZ REUVENI

8                        Assistant Director

                        United States Department of Justice

9                        Civil Division

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28